No. **4:20-cv-878**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**In re
MATTHEW JOHN DATE,**
*Debtor*;

**RSL FUNDING, LLC,**
*Appellant*,

vs.

**MATTHEW JOHN DATE,**
*Appellee.*

Appeal from the United States Bankruptcy Court
for the Southern District of Texas
Adversary Proceeding No. 15-03185

# APPELLANT'S BRIEF

PENDERGRAFT & SIMON, LLP
Leonard H. Simon
lsimon@pendergraftsimon.com
William P. Haddock
whaddock@pendergraftsimon.com
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

*Attorneys for Appellant*

# STATEMENT REGARDING ORAL ARGUMENT

The Appellant respectfully requests an oral argument. This case meets the standards for an oral argument as set forth in Fed. R. Bankr. P. 8019(b) because:

a.   This appeal is not frivolous,

b.   The unusual procedural history of this case, and

c.   As described in this Brief, the decisional process may be significantly aided by oral argument.

# TABLE OF CONTENTS

Statement Regarding Oral Argument ................................................................... i

Index of Authorities ............................................................................................ v

Statement of Jurisdiction ................................................................................... 2

Issues Presented ................................................................................................. 4

Statement of the Case ......................................................................................... 5

    A.  RSL Files an adversary proceeding against Date
        without obtaining leave of Court ............................................................ 5

    B.  The 1996 Injunction covers specific juridical entities
        but neither names RSL nor applies to limited liability
        companies ............................................................................................... 6

    C.  Date surprises Feldman, his counsel, and the
        Bankruptcy Court at trial by contending that RSL
        violated the 1996 Injunction ................................................................. 9

    D.  The Bankruptcy Court dismisses the adversary
        proceeding with prejudice and thereby commits
        reversible error ................................................................................... 10

    E.  This Court modifies its decision on appeal by directing
        the Bankruptcy Court to rule on RSL's motion for leave
        to continue the adversary proceeding ................................................ 11

Summary of the Argument ............................................................................... 14

Argument .......................................................................................................... 15

I.    The Bankruptcy Court abused its discretion in denying the
    Appellant's Motion for Leave by dismissing RSL's
    adversary action with prejudice, and thereby imposing a *de
    facto* "death penalty" in derogation of the mandate rule and
    Judge Hanan's holding that dismissal with prejudice was
    an unduly harsh sanction ..................................................................... 15

A. The mandate rule foreclosed the Bankruptcy Court from dismissing RSL's adversary action with prejudice, whether such dismissal was *de jure* or *de facto* ................................................................................ 15

B. This Court's Mandate on its face precludes dismissing Adversary Proceeding no. 15-03185 with prejudice ....................... 17

C. The contempt power compelled dismissing the adversary proceeding without prejudice ........................................... 17

D. Dismissing RSL's adversary proceeding without prejudice operates as a *de facto* dismissal with prejudice because bankruptcy law time-bars refiling suit ............................... 20

E. The Bankruptcy Court violated the mandate rule by dismissing RSL's adversary proceeding with prejudice ............... 22

II. The Bankruptcy Court abused its discretion by applying an incorrect standard for the consideration of Appellant's Motion for Leave by not evaluating Appellant's Complaint under well-established standards under Fed. R. Civ. P. 12(b), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012 ..................................................... 26

A. RSL's Complaint proved a *prima facie* case ....................................... 26

B. Any violation of the 1996 Injunction was inadvertent .................... 32

III. The Bankruptcy Court abused its discretion by holding that RSL Funding waived its argument that the 1996 Injunction did not apply to limited liability companies ............................................ 33

A. The Bankruptcy Court had to interpret the 1996 Injunction by its plain meaning in order to consider the Motion for Leave ................................................................. 34

B. The applicability of the 1996 Injunction to LLCs was actually addressed to the Bankruptcy Court before the perfection of the first appeal ................................................................. 39

**Conclusion** ............................................................................... **40**

**Certificate of Service** ............................................................ **42**

**Certificate of Compliance with Rule 8015(a)(7)(B) or 8016(d)** ................... **42**

# INDEX OF AUTHORITIES

## Cases

*Aircraft Serv. Int'l, Inc. v. International Bhd. of Teamsters,*
779 F.3d 1069 (9th Cir. 2015) ............................................................ 34

*Alabama Nursing Home Ass'n v. Harris,*
617 F.2d 385 (5th Cir. 1980) ............................................................. 37

*American Airlines, Inc. v. Allied Pilots Ass'n,*
228 F.3d 574 (5th Cir. 2000) ............................................................. 21

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................... 31

*Ball v. LeBlanc,*
881 F.3d 346 (5th Cir. 2018), *cert. dism'd*, 139 S.Ct. 499
(2018) ................................................................................... 17, 19, 23

*Bank of La. v. Bercier (In re Bercier),*
934 F.2d 689 (5th Cir. 1991) ............................................................. 22

*Baum v. Blue Moon Ventures, LLC,*
513 F.3d 181 (5th Cir. 2008) ............................................................. 34

*Beck v. Mfrs. Hanover Trust Co.,*
820 F.2d 46 (2d Cir. 1987) ................................................................ 28

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................... 27, 28

*Berry v. CIGNA/RSI-CIGNA,*
975 F.2d 1188 (5th Cir. 1992) ...................................................... 21, 22

*Briggs v. Penn. R.R.,*
334 U.S. 304 (1948) ........................................................................... 16

*Bullard v. Burlington N.S.F. Ry.,*
368 F. App'x 574 (5th Cir. 2010) ........................................................ 2

*Burden v. Yates,*
644 F.2d 503 (5th Cir. 1981) ............................................................. 23

*Calhoun v. Hargrove,*
    312 F.3d 730 (5th Cir. 2002) ........................................................ 27

*Chambers v. B&O R.R.,*
    207 U.S. 142 (1907) ..................................................................... 23

*Date v. RSL Funding, LLC,*
    No. 01-12-00697-CV, 2013 WL 2146718 (Tex.App.—
    Houston [1st Dist.] May 16, 2013, no pet.) (mem. op.) ........................ 5, 29

*Denton v. Hernandez,*
    504 U.S. 25 (1992) ......................................................................... 4

Deutsche Bank Nat'l Trust Co. v. Burke,
    902 F.3d 548 (5th Cir. 2018) ........................................... 4, 16, 17, 23

*Dystar Corp. v. Canto,*
    1 F.Supp.2d 48 (D. Mass. 1997) ................................................... 37

*FDIC v. Conner,*
    20 F.3d 1376 (5th Cir. 1994) .................................................. 23, 24

*General Universal Sys., Inc. v. HAL, Inc.,*
    500 F.3d 444 (5th Cir. 2007) ....................................................... 16

*Gonzalez v. Firestone Tire & Rubber Co.,*
    610 F.2d 241 (5th Cir. 1980) ................................................... 23, 24

*Haskell v. Kansas Natural Gas Co.,*
    224 U.S. 217 (1912) ..................................................................... 36

*Hoffman v. L & M Arts,*
    No. 3:10-CV-0953-D, 2015 WL 1000838 (N.D. Tex. Mar. 6,
    2015).......................................................................................... 35

*Hornbeck Offshore Servs., LLC v. Salazar,*
    713 F.3d 787 (5th Cir.2013) ........................................................ 37

*In re Deepwater Horizon,*
    928 F.3d 394 (5th Cir. 2019) ....................................................... 16

*In re Sanford Fork & Tool Co.,*
    160 U.S. 247 (1895) ..................................................................... 16

*International Union, United Mine Workers of Am. v. Bagwell*,
  512 U.S. 821 (1994) ............................................................ 38

*Mailly v. Park Place Entertainment Corp.*,
  114 F. App'x 603, 603 (5th Cir. 2004) ................................. 4

*Marshall v. Segona*,
  621 F.2d 763 (5th Cir. 1980) .............................................. 24

*McCarthy v. Wani Venture, A.S.*,
  251 S.W.3d 573 (Tex.App.—Houston [1st Dist.] 2007, pet.
  denied) ................................................................................. 35

*Murray v. Mooco Oil Co.*,
  539 F.2d 1385 (5th Cir. 1976) ............................................ 27

*Neeley v. Murchison*,
  815 F.2d 345 (5th Cir. 1987) .............................................. 21

*Reliance Ins. Co. v. Mast. Const. Co.*,
  84 F.3d 372 (10th Cir. 1996) .............................................. 37

*Rogers v. Kroger Co.*,
  669 F.2d 317 (5th Cir. 1982) .............................................. 25

*School Bd. of Beauregard Parish v. Honeywell, Inc.*,
  293 F. App'x 252 (5th Cir. 2008) ....................................... 11

*Scott v. Hunt Oil Co.*,
  398 F.2d 810 (5th Cir. 1968) .............................................. 21

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*,
  531 U.S. 497 (2001). ..................................................... 21, 22

*State Bank & Trust, N.A. v. Dunlap (In re Dunlap)*,
  217 F.3d 311 (5th Cir. 2000) ......................................... 12, 21

*Stewart v. Thaler*,
  375 F. App'x 426 (5th Cir. 2010) ....................................... 31

*Taggart v. Lorenzen*,
  139 S. Ct. 1795, 1802 (2019) ............................................. 37

*United States v. Diapulse Corp. of Am.*,
  514 F.2d 1097 (2d Cir. 1975) ............................................. 34

*Waste Mgmt. of Wash., Inc. v. Kattler,*
    776 F.3d 336 (5th Cir. 2015) ................................................................. 37, 38

*Young v. United States ex rel. Vuitton et Fils S.A.,*
    481 U.S. 787 (1987) ................................................................................. 37

## Statutes

11 U.S.C. § 523 ................................................................................................. 28

28 U.S.C. § 157 ............................................................................................. 8, 10

28 U.S.C. § 158 ................................................................................................... 2

28 U.S.C. § 1915 ............................................................................................... 27

28 U.S.C. § 1915A ............................................................................................ 27

Texas Limited Liability Company Act, 72nd Leg., R.S., ch. 901,
    § 46, 1991 Tex. Gen. Laws 3161, 3192–3216 (eff. Aug. 26,
    1991)................................................................................................................ 35

## Rules

Fed. R. Bankr. P. 4007 ........................................................................... 12, 13, 20

Fed. R. Bankr. P. 7012 ................................................................................. 27, 31

Fed. R. Bankr. P. 7041 ................................................................................. 11, 13

Fed. R. Bankr. P. 7065 ..................................................................................... 39

Fed. R. Bankr. P. 8002 ....................................................................................... 3

Fed. R. Civ. P. 12 ............................................................................................. 26

Fed. R. Civ. P. 41 ...................................................................................... 11, 13

Fed. R. Civ. P. 65 ............................................................................................. 39

Fed. R. Civ. P. 8 ............................................................................................... 26

Fed. R. Civ. P. 9 ............................................................................................... 26

## Other Authorities

Susan Pace Hamill, *The Origins Behind the Limited Liability Company*, 59 Ohio St. L. J. 1459 (1998) .......................................................... 35

William D. Bagley & Phillip P. Whynott, 1 *The Limited Liability Company* § 2.10 (2d ed., 2d rev. 1995) .......................................................... 35

TO THE HONORABLE LEE H. ROSENTHAL:

RSL Funding, LLC ("RSL") brings this bankruptcy appeal to enforce the mandate rule that attached after this Court decided a prior appeal from the Bankruptcy Court. In that appeal, RSL challenged an order dismissing with prejudice its adversary proceeding objecting to dischargeability of a debt. The dismissal with prejudice enforced a 21-year-old permanent injunction that neither specifically named RSL nor applied to limited liability companies.

This Court "reverse[d] and set[ ] aside" the Bankruptcy Court's order "to the extent it purports to dismiss [the adversary] action with prejudice." (ECF no. 2, p. 675). Dismissing RSL's case with prejudice produced too harsh a sanction, thereby resulting in reversible error. This Court reformed the dismissal to operate without prejudice. Such a ruling should have allowed RSL to seek leave of court to refile its adversary proceeding and thus comply with the injunction against suit. As RSL pointed out in its motion for reconsideration, however, the deadline for objecting to dischargeability had run, barring the refiling of the adversary.

On rehearing, this Court modified its initial ruling on two substantive grounds. First, the Court made clear it was remanding "the case" to the Bankruptcy Court for further proceedings rather than rendering judgment that dismissed the adversary without prejudice. Second, the Court referred

to the Bankruptcy Court the narrow issue of deciding RSL's motion for leave to proceed with the adversary proceeding ("Motion for Leave"). Rather than seeking to file a new adversary proceeding, the Motion for Leave asked for permission to continue prosecuting Adversary Proceeding 15-03185.

On remand, the Bankruptcy Court denied RSL's Motion for Leave. The Bankruptcy Court also ruled that "[d]ismissal of Adv. No. 15-03185 without prejudice stands."[1] Because the deadline for objecting to dischargeability expired years ago, barring RSL from re-filing suit, the decision dismissed this action with prejudice. This Court classifies any such ruling as reversible "error." By serving as "a *de facto* dismissal with prejudice" on the merits of RSL's adversary proceeding,[2] the order contravenes the mandate rule. The Court should vacate the order and remand the case to allow the Bankruptcy Court to decide the Motion for Leave using the right standard.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over the appeal of the Order Denying Motion for Leave to Proceed with Adversary Proceeding pursuant to 28 U.S.C. § 158(a). This final order was entered February 26, 2020. (ECF no. 2, pp. 16–

---

[1] ECF no. 2, p. 774.

[2] S*ee Bullard v. Burlington N.S.F. Ry.*, 368 F. App'x 574, 578–79, 581–82 (5th Cir. 2010).

17, 767–74). RSL timely filed a notice of appeal on March 9, 2020. (ECF no. 2, pp. 17, 788–90). *See* Fed. R. Bankr. P. 8002(a)(1) (providing a 14-day period to file an appeal).

# ISSUES PRESENTED

1. Whether the Bankruptcy Court erred and/or abused its discretion in denying the Appellant's Motion for Leave, and thereby imposing a *de facto* "death penalty" sanction in violation of the District Court's opinion and mandate.

   An appellate court reviews *de novo* whether the trial court contravenes prior express or implicit mandate issued by the appellate court. *Deutsche Bank Nat'l Trust Co. v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018).

2. Whether the Bankruptcy Court erred and/or abused its discretion by applying an incorrect standard for the consideration of Appellant's Motion for Leave rather than evaluating Appellant's Complaint under well-established standards under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

   A decision denying leave to file a complaint which is subject to a screening order is reviewed for an abuse of discretion. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

3. Whether RSL Funding, LLC waived its argument that the underlying injunction does not apply to limited liability companies given that the injunction's enforcement was remanded to the bankruptcy court to consider.

   Whether an argument was waived for allegedly being untimely asserted is reviewed *de novo*. *Mailly v. Park Place Entertainment Corp.*, 114 F. App'x 603, 603 (5th Cir. 2004).

## STATEMENT OF THE CASE

### A. RSL Files an adversary proceeding against Date without obtaining leave of Court

RSL brought an adversary proceeding to prevent the Bankruptcy Court from discharging a judgment debt owed by the debtor, Matt Date, in an amount exceeding $385,670. (ECF no. 2, pp. 2, 20–26, 144–49). A final judgment rendered by a Texas state court held Date liable for defrauding, and stealing trade secrets from, his employer RSL.[3] Date diverted RSL's clients, transactions, and profits to a competing business he formed while working there. RSL operates as a limited liability company with Stewart Feldman serving as its chief executive officer.

During trial, Date orally moved to dismiss the adversary proceeding. (ECF no. 2, p. 321). Date based this motion on a permanent injunction dating back to 1996 that barred Feldman and any of his *partnerships or corporations* from filing papers in Bankruptcy Court without leave of court ("1996 Injunction"). Notably, the 1996 Injunction neither named RSL in its text nor stated that it applied to a limited liability company like RSL. (ECF no. 2, p. 996).

---

[3] A state appellate court affirmed the money judgment on appeal. *See Date v. RSL Funding, LLC*, No. 01-12-00697-CV, 2013 WL 2146718 (Tex. App.—Houston [1st Dist.] May 16, 2013, no pet.) (mem. op.). (ECF no. 2, p. 22). Date sought Chapter 7 relief under the Bankruptcy Code in part to avoid this unsecured debt, compelling RSL to seek an exception to its discharge. (ECF no. 2, p. 341).

RSL filed the adversary without obtaining leave of court under the 1996 Injunction.

**B.  The 1996 Injunction covers specific juridical entities but neither names RSL nor applies to limited liability companies**

On June 7, 1996, Bankruptcy Judge, William Greendyke, issued the 1996 Injunction, which permanently enjoined Stewart Feldman; his wife, Dr. Marla Matz; or any *corporation* or *partnership* owned by them from filing any adversary proceeding in a bankruptcy court without first obtaining leave of court. The relevant language of the 1996 Injunction states:

> The following entities are permanently enjoined from (i) filing a voluntary bankruptcy petition; (ii) filing or joining an involuntary bankruptcy petition against any entity; (iii) filing a notice of removal pursuant to 28 U.S.C. § 1452; or (iv) filing an adversary proceeding in the United States Bankruptcy Court:
>
> (a)  Stewart A. Feldman; . . .
>
> (c)  Any corporation in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever;
>
> (d)  Any partnership in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise. . . .
>
> Any entity that is governed by this paragraph . . . may seek relief from this injunction by filing an appropriate motion before this Court. Any entity that violates this injunction contained in this paragraph will be referred to the United States District Court for prosecution for criminal contempt. Such a referral will occur only if the Court determines that a violation has occurred after notice and hearing in accordance with then applicable law.
>
> (ECF no. 2, p. 996).

6

The two bankruptcy cases giving rise to the 1996 Injunction were:

1.   No. 95-47987, *In re MBM Investment Real Estate, L.P.*, and

2.   No. 95-47986, *In re Matz Real Estate Services, Inc.*

There was additional litigation in state court in *Matz Real Estate Services, Inc., et al, v. Universal Surety of America, Niel Morgan and Roy Bennion, Intervenors*, Cause No. 98-23599, in the 125th District Court, Harris County, Texas that was never removed to federal court.

After entry of the 1996 Injunction, Judge Norman Black issued a show cause order, stating he assumed jurisdiction over the "sanction issues." After the hearing before Judge Black, on July 26, 1996, the following minute entry was made:

> Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy court orders, in either the U.S. Bankruptcy court or the U.S. District Court for the Southern District of Texas **until the sanctions imposed by U.S. Bankruptcy Judge Greendyke have been paid in full**.

> (ECF no. 2, p. 1011) (emphasis added).

Thus, as it appeared to Feldman and his counsel, the 1996 Injunction was expanded and qualified by Judge Black so that the 1996 Injunction would expire upon the full payment of the monetary sanctions. A thorough search following Appellee Date's surprise revelation of the 1996 Injunction confirmed that the sanctions were paid in full during February 1999. (ECF no. 2, p. 716).

On August 2, 1996, Judge Norman Black withdrew the reference from the Bankruptcy Court as to these two cases. *See* 28 U.S.C. § 157. Since then, this Court never referred those cases back to the Bankruptcy Court. (ECF no. 2, p. 999). Jurisdiction over the "sanctions issues" therefore remained in the District Court.

As noted above, the state court litigation giving rise to the sanctions in the state district court concluded by June 29, 2000. Paragraphs 11 and 18 of the Agreed Order constitute evidence of the satisfaction of the outstanding sanctions amount. (ECF no. 2, pp. 269, 271). While the settlement was confidential, Feldman received settlement payments that far exceeded the sanctions awards by many factors. The bankruptcy sanctions by the opposing parties were an attempt to dislodge Feldman's causes of action against them that the state court defendants finally paid.

Feldman was confident that everything had been resolved by virtue of the Agreed Order settling the state court litigation and the payments due under Judge Black's June 7, 1996 Minute Entry Order, and so it seemed for the last two decades. Indeed, to Feldman and his counsel it appeared that the 1996 Injunction, as modified, expired more than 20 years ago.

Feldman, RSL's principal owner and its manager, reasonably believed that he was no longer subject to the 1996 Injunction. Given the passage of time, Feldman had practically forgotten about the 1996 Injunction when,

starting in 2007, he or entities owned or controlled by him, filed four separate adversary proceedings in the Bankruptcy Court. (ECF no. 2, p. 297).

## C. Date surprises Feldman, his counsel, and the Bankruptcy Court at trial by contending that RSL violated the 1996 Injunction

At trial here in the adversary proceeding, Date cross-examined RSL's first witness Feldman about the 1996 Injunction. None of Date's pleadings, trial exhibits, or other filings raised such a defense or even hinted at it. Nor did the allegation that RSL violated the 1996 Injunction appear in the joint pretrial order that framed the issues for trial. As a result, Date caught Feldman and his counsel by surprise, not to mention the Bankruptcy Court. RSL objected to this trial by ambush. (ECF no. 2, p. 321).

The precise details surrounding issuance of a twenty-year-old injunction, not to mention its scope, eluded Feldman on the stand. Feldman nevertheless averred that he believed the entire matter had been resolved long ago, rendering the 1996 Injunction inapplicable and unenforceable.

In open court, Date moved to dismiss the adversary over RSL's objection. (ECF no. 2, p. 321). In seeking dismissal, Date focused not on whether RSL stated an unmeritorious case against discharging his debt, but on whether RSL violated the 1996 Injunction. (ECF no. 2, pp. 279, 326–29). The Bankruptcy Court gave RSL a week to sort things out and respond to this allegation. (ECF no. 2, p. 321).

RSL took immediate action to address this oversight and continue prosecuting its adversary proceeding against Date. In a case pending in this Court (No. 4:96-cv-02489), RSL filed its Motion for Leave. (ECF no. 2, pp. 10, 284, 984–1054). RSL sought relief from this Court because it had withdrawn the reference from the Bankruptcy Court in August 1996 and thereby assumed jurisdiction over any issue involving sanctions. (ECF no. 2, pp. 10, 284, 984–1054). *See* 28 U.S.C. § 157 (providing for the referral of bankruptcy proceedings by district courts to bankruptcy courts and withdrawal of such matters from bankruptcy courts). This Court never ruled on RSL's Motion for Leave.

RSL also pieced together much of the litigation files affecting this matter that spanned almost two decades. Complying with the Bankruptcy Court's directive, RSL filed timely its response as ordered on April 20, 2017. (ECF no. 2, p. 9). RSL also submitted a corrected response on April 21, 2017. (ECF no. 2, pp. 9–10).

## D. The Bankruptcy Court dismisses the adversary proceeding with prejudice and thereby commits reversible error

After the parties briefed the issue of enforcing the 1996 Injunction, the Bankruptcy Court dismissed the adversary proceeding ("Dismissal Order"). (ECF no. 2, pp. 9–10, 317–25). Because the memorandum opinion and order never state otherwise, the dismissal occurred "with prejudice" by operation

10

of law. *See* Fed. R. Civ. P. 41(b); Fed. R. Bankr. P. 7041; *School Bd. of Beauregard Parish v. Honeywell, Inc.*, 293 F. App'x 252, 254 (5th Cir. 2008). The Bankruptcy Court assessed no monetary or other sanctions against RSL or Feldman at the time. (ECF no. 2, pp. 663–65, 673–74). RSL timely appealed the order dismissing the adversary case with prejudice. (ECF no. 2, pp. 548–49).

On appeal, Judge Hanen concluded that dismissing the adversary with prejudice led to reversible "error." (ECF no. 2, p. 675). The Court consequently "reverse[d] and set aside[ ] the order to the extent it purports to dismiss this action with prejudice." (ECF no. 2, pp. 673–74). This Court then reformed the order "to be a dismissal without prejudice." (ECF no. 2, p. 675). According to the Court, a dismissal without prejudice along with monetary sanctions would place the parties in the same position they held before RSL filed its adversary proceeding absent leave of court. (ECF no. 2, p. 674). The Court stressed that "dismissal was not meant to penalize or reward any party; it was meant to ensure compliance with the injunctions." (ECF no. 2, p. 674).

## E. This Court modifies its decision on appeal by directing the Bankruptcy Court to rule on RSL's motion for leave to continue the adversary proceeding

RSL moved for reconsideration to point out that even dismissing the adversary *without prejudice* operates as a dismissal with prejudice. (ECF no. 2, pp. 687–81). This result would conflict with the Court's determination on

appeal that any dismissal that "purports" to operate with prejudice would constitute reversible "error." (ECF no. 2, p. 675).

Dismissing the case without prejudice barred RSL from re-filing the adversary because the deadline for objecting to dischargeability had expired under Bankruptcy Rule 4007(c).[4] On rehearing, this Court modified its original order on two substantive grounds. After deciding to dismiss the case without prejudice, and rejecting any dismissal with prejudice, this Court remanded the entire case to the Bankruptcy Court. (ECF no. 2, pp. 676–77). This Court further referred to the Bankruptcy Court RSL's motion for leave to continue with the adversary proceeding. (ECF no. 2, p. 677).

The Bankruptcy Court on remand would have to determine "whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded." (ECF no. 2, p. 677). This Court designated the Bankruptcy Court as "the most appropriate court to resolve" the Motion for Leave because that court also "will have to resolve the adversary proceeding should leave to file be granted." (ECF no. 2, p. 677).

---

[4] Complaints seeking to exclude a debt from discharge must be filed by "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c); *see also* Fed. R. Bankr. P. 2003(a) (requiring the initial meeting of creditors to be 21–40 days after the order for relief). The Fifth Circuit strictly enforces this deadline and has rejected application of tolling theories to it. *State Bank & Trust, N.A. v. Dunlap (In re Dunlap)*, 217 F.3d 311, 316–17 (5th Cir. 2000).

On remand, the Bankruptcy Court purported to follow this Court's mandate. The Bankruptcy Court let the dismissal without prejudice stand even though doing so time-barred RSL's adversary proceeding. (ECF no. 2, pp. 773–74). RSL's deadline for objecting to dischargeability under Bankruptcy Rule 4007(c) expired years ago, on July 6, 2015. (ECF no. 2, pp. 678–81). *See* Fed. R. Bankr. P. 4007(c). Dismissing the adversary without prejudice in this instance operates as a dismissal *with* prejudice that adjudicates the case's merits. *See* Fed. R. Civ. P. 41(b); Fed. R. Bankr. P. 7041. As the Bankruptcy Court saw things, however, dismissing the adversary "was not a sanction, but merely enforcement of the Injunction." (ECF no. 2, pp. 773–74).

The Bankruptcy Court also denied RSL's Motion for Leave instead of allowing the timely-filed adversary proceeding to proceed. (ECF no. 2, p. 774). Citing this Court's decision, the Bankruptcy Court ruled "that dismissal without prejudice would effect compliance with the [1996] Injunction and fulfill the purposes intended by Judge Greendyke and Judge Black." (ECF no. 2, p. 774). This appeal challenges the Bankruptcy Court's rulings in derogation of the mandate rule. (ECF no. 2, pp. 17, 767–74 788–90).[5]

---

[5] Whatever this appeal's outcome, the Bankruptcy Court still must address Date's request for monetary sanctions stemming from civil contempt. (ECF no. 2, pp. 17, 775–86). No hearing date exists so far. (*See* ECF no. 2, p. 19).

## SUMMARY OF THE ARGUMENT

In dismissing a time-barred adversary, the Bankruptcy Court dismissed RSL's claim "without prejudice" in name only. RSL can never re-file that action in the Bankruptcy Court because the bar date ran on July 6, 2015. The Bankruptcy Court therefore turned a dismissal without prejudice into a *de facto* dismissal with prejudice and adjudicated the merits of RSL's claim without a trial. In doing so, the Bankruptcy Court violated the mandate rule and deprived RSL of its day in court.

The Bankruptcy Court abused its discretion by holding that RSL Funding waived its argument that the 1996 Injunction did not apply to limited liability companies. The interpretation of the 1986 Injunction was a fundamental aspect of the Bankruptcy Court's consideration of the Motion for Leave. No court had previously held that the 1996 Injunction applied to limited liability companies; therefore, nothing bound the Bankruptcy Court to its erroneous holding. The Bankruptcy Court should have considered RSL's argument.

Further, the Bankruptcy Court abused its discretion by applying an incorrect standard for the consideration of RSL's Motion for Leave by not evaluating RSL's Complaint to determine whether RSL adequately pled claims, under well-established pleading rules, for which the Bankruptcy Court could conceivably deny a discharge pursuant to 11 U.S.C. §§ 523(a)(4) and/or 523(a)(6). By this standard, the Bankruptcy Court should have

granted leave. The only other factor that should have been considered was whether Feldman's mistake should be excused. Because this Court held that dismissal with prejudice was an unduly harsh sanction, and therefore reversible error, the Bankruptcy Court should not have denied leave for RSL to continue prosecuting the adversary proceeding.

## ARGUMENT

### I.

### The Bankruptcy Court abused its discretion in denying the Appellant's Motion for Leave by dismissing RSL's adversary action with prejudice, and thereby imposing a *de facto* "death penalty" in derogation of the mandate rule and Judge Hanan's holding that dismissal with prejudice was an unduly harsh sanction

**A. The mandate rule foreclosed the Bankruptcy Court from dismissing RSL's adversary action with prejudice, whether such dismissal was *de jure* or *de facto***

In this appeal, the firm dictates of the mandate rule clash with the draconian sanction of dismissal with prejudice authorized by the civil contempt power. This Court, sitting as an appellate tribunal, held that dismissing the adversary proceeding with prejudice constitutes reversible error. On remand, the Bankruptcy Court nevertheless dismissed the case with prejudice while claiming to do so without prejudice. The substance of the Bankruptcy

Court's ruling prevails over its form to define the sanction it meted out—a *de facto* dismissal with prejudice. *See Bullard*, 368 F. App'x at 578–79, 582.

Under the mandate rule, "an inferior court has no power or authority to deviate from the mandate issued by the appellate court." *Briggs v. Penn. R.R.*, 334 U.S. 304, 306 (1948). The Bankruptcy Court must "implement the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of the court." *General Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). To carry out the mandate obligated the Bankruptcy Court to consult and follow this Court's opinion. *Id.*; *see also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895). That "opinion" and "mandate" include the Court's Orders of November 1, 2019 and December 18, 2019.

This Court reviews *de novo* whether the Bankruptcy Court complied with the mandate. *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019). "The mandate rule is a subspecies of the law-of-the-case doctrine: When a court decides a question, it usually decides it once and for all 'subsequent stages in the same case.'" *Id.* (quoting *Ariz. v. Calif.*, 460 U.S. 605, 618 (1983)). Given its broad application, the mandate rule binds the court below on a "vertical plane" and this Court on a "horizontal" one in subsequent appeals. *Id*.

No "license to disagree" with this Court's legal analysis arises on remand absent "extraordinary circumstances" that make an earlier decision "clearly erroneous." *Deutsche Bank Nat'l Trust Co.*, 902 F.3d at 551 (requiring prior

16

decision to be "dead wrong"). No such contention exists here. Thus, the Bankruptcy Court can "do nothing else" but enforce the mandate on remand. *Id.* The mandate rule forecloses any other outcome. *Id.* By dismissing the adversary with prejudice and failing to follow the mandate, the Bankruptcy Court erred as a matter of law. *See Ball v. LeBlanc*, 881 F.3d 346, 351 (5th Cir. 2018), *cert. dism'd*, 139 S.Ct. 499 (2018).

## B. This Court's Mandate on its face precludes dismissing Adversary Proceeding no. 15-03185 with prejudice

Applying the mandate rule first requires "figuring out what [the] mandate said." *In re Deepwater Horizon*, 928 F.3d at 398. In its Opinion of November 1, 2019, this Court made clear that the Bankruptcy Court committed reversible error by dismissing RSL's adversary proceeding with prejudice. Under the mandate rule, the Bankruptcy Court can reach no disposition on remand dismissing the adversary with prejudice. *See id.* at 398–400; *Deutsche Bank Nat'l Trust Co.*, 902 F.3d at 551–52; *Ball*, 881 F.3d at 351–53. Otherwise, the Bankruptcy Court committed reversible error again, just like before.

## C. The contempt power compelled dismissing the adversary proceeding without prejudice

In the prior appeal, this Court tested the Dismissal Order against "basic tenets of contempt," concluding that dismissing the adversary with prejudice produced too harsh a sanction. (ECF no. 2, pp. 673–74). According to this analysis, the Dismissal Order served one purpose of remedial civil

contempt by "attempt[ing] to remedy the consequences of the defiant conduct by: 1) compelling compliance with the injunctions . . . ." (ECF no. 2, p. 673). Because the 1996 Injunction obligated RSL to get leave before filing its adversary proceeding, dismissing the case ensured compliance with that order. (ECF no. 2, pp. 673–74).

As the second prong for awarding contempt sanctions, the Court identified "2) compensating the aggrieved party for the contemnor's violations." (ECF no. 2, p. 673). This Court in turn concluded that "an award of compensation to the aggrieved parties for their costs and/or fees would have been appropriate along with dismissal of the adversary claim, which should have never been brought absent leave of court." (ECF no. 2, p. 674). But dismissing the adversary *with prejudice* would fail "to put the parties back to where they should have been absent the violation of the injunctions." (ECF no. 2, p. 674). Only dismissing the case *without prejudice* would have restored the parties to their original pre-filing position and thereby satisfied the objectives of the contempt power. (ECF no. 2, pp. 673–74).

In this Circuit, "the contempt power" limits a "court's discretion" to award "contempt sanctions" by requiring the judge "to use the least possible power adequate to the end proposed." (ECF no. 2, pp. 673–74) (citing cases). This Court sought to make the correct contempt punishment fit RSL's so-called crime. After the Court settled on the sanction, the mandate rule

18

attached and divested the Bankruptcy Court of any power to change the punishment. *See Ball*, 881 F.3d at 351–53 (instead of using abuse-of-discretion standard, appellate court reviews order modifying an injunction *de novo* to see if complies with the mandate rule).

Here, the Court implemented a contempt remedy that would place the parties in the same position they would have occupied had RSL never violated the 1996 Injunction. (ECF no. 2, p. 674). That remedy took the form of dismissing the adversary without prejudice. "Thus, the Court reverses the order of dismissal with prejudice and reforms that order be a dismissal without prejudice." (ECF no. 2, p. 674). In other words, a dismissal with prejudice can never embody the contempt sanction under this Court's mandate.

The flip side of the pre-filing *status quo* takes on equal importance here. The 1996 Injunction obligated RSL to seek leave of court to file its adversary proceeding against Date. RSL sought such relief from this Court, where jurisdiction over all sanctions issues existed after withdrawing the reference. On rehearing, the Court remanded the entire case, while also referring the Motion for Leave to the Bankruptcy Court. (ECF no. 2, p. 677). Considering these two orders together, the mandate rule set the boundaries for a ruling by the Bankruptcy Court.

### D. Dismissing RSL's adversary proceeding without prejudice operates as a *de facto* dismissal with prejudice because bankruptcy law time-bars refiling suit

This Court stressed that sanctioning RSL for disobeying the 1996 Injunction should achieve a neutral result. Rather than "penalize or reward any party," the contempt sanction sought to "ensure compliance with the injunctions." (ECF no. 2, p. 674). With its contempt sanction, the Court sought to return the parties to their pre-suit positions. (ECF no. 2, p. 674).

The mandate rule consequently turns on the *status quo ante*. Before RSL filed its adversary proceeding, Bankruptcy Rule 4007(c) had already fixed the deadline for objecting to dischargeability—July 6, 2015. (ECF no. 2, pp. 1093–94). *See* Fed. R. Bankr. P. 4007(c). That deadline fell 60 days after the Bankruptcy Court first set the creditors' meeting, and RSL timely filed its adversary on that date. (ECF no. 2, p. 2). By the time this Court remanded the adversary to the Bankruptcy Court, the bar date had long since run under Rule 4007(c).[6]

So had the time for seeking an extension of that deadline. RSL must have moved for an extension *before the bar date expired*.[7] Fed. R. Bankr. P. 4007(c). The Fifth Circuit strictly enforces this deadline and rejects arguments for

---

[6] *See* note 4, *supra* p. 12.

[7] By meeting the deadline, RSL sought no extension before July 6, 2015.

tolling it. *State Bank & Trust, N.A. v. Dunlap (In re Dunlap)*, 217 F.3d 311, 316–17 (5th Cir. 2000). Nor can a court retroactively extend the bar date, even upon a showing of excusable neglect. *See Neeley v. Murchison*, 815 F.2d 345, 346–47 (5th Cir. 1987) (Rule 9006(b)(3), governing the enlargement of time periods, "explicitly excepts Rule 4007(c) from the 'excusable neglect' standard").

When a statute of limitations runs and thus bars re-filing suit, dismissing a suit without prejudice operates as a *de facto* dismissal with prejudice. *See Bullard*, 368 F. App'x at 578–79, 581–82; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190–91 (5th Cir. 1992). The Fifth Circuit has made this distinction a bright-line rule.[8] *See Berry*, 975 F.2d at 1190–91.

So has a unanimous Supreme Court. A dismissal "on the merits and with prejudice," and an "adjudication on the merits" under Rule 41(b), bar a litigant from re-filing the same claim or the same suit in the same court. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499, 505–06 (2001). "The primary meaning of dismissal without prejudice," on the other hand, "is

---

[8] Instead of "a death-penalty sanction," the Bankruptcy Court calls dismissing the adversary "merely enforcement of the injunction." (ECF no. 2, pp. 773–74). Under another bright-line rule, however, disobeying a court order gives rise to contempt sanctions. *See American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 584–85 (5th Cir. 2000); *Scott v. Hunt Oil Co.*, 398 F.2d 810, 810–11 (5th Cir. 1968) (per curiam). The Bankruptcy Court sanctioned RSL by dismissing the adversary with prejudice without making specific findings on civil contempt using a clear-and-convincing-evidence standard.

dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Id.* at 505. More to the point here, a dismissal without prejudice means "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." *Id.* at 505–06 (quoting Black's Law Dictionary 482 (7th ed. 1999)).

RSL objected to dischargeability under Section 523(a)(4) and (a)(6) of the Bankruptcy Code. (ECF no. 2, pp. 2, 20–22). "The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts." *Bank of La. v. Bercier (In re Bercier)*, 934 F.2d 689, 692 (5th Cir. 1991). Given this exclusive jurisdiction, RSL can never re-file its adversary proceeding objecting to dischargeability. Under *Semtek Int'l*, no dismissal without prejudice occurred on remand, only one with prejudice.

## E.  The Bankruptcy Court violated the mandate rule by dismissing RSL's adversary proceeding with prejudice

Misapplying the mandate rule, the Bankruptcy Court deviated from this Court's decision that prohibits dismissing the adversary with prejudice. *See In re Deepwater Horizon*, 928 F.3d at 400 (appellate court asks whether the lower court deviated from the mandate). The Bankruptcy Court on remand let the dismissal "without prejudice" stand. Despite this label, the dismissal functionally serves as one with prejudice. *Semtek Int'l*, 531 U.S. at 505–06; *Berry*, 975 F.2d at 1190–91. Under the mandate rule, the Bankruptcy Court

erred as a matter of law by ordering a dismissal with prejudice. *In re Deepwater Horizon*, 928 F.3d at 398; *Deutsche Bank Nat'l Trust Co.*, 902 F.3d at 551–52; *Ball*, 881 F.3d at 351–53.[9]

Contrary to this Court's decision, the Bankruptcy Court "penalized" RSL by dismissing the adversary with prejudice. Such a dismissal denies RSL access to a judicial forum that exercises exclusive jurisdiction over its dischargeability objection. *See Chambers v. B&O R.R.*, 207 U.S. 142, 148 (1907) (Constitution protects fundamental right of access to the courts as "one of the highest and most essential privileges of citizenship"). This "extreme sanction . . . deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Yet no question exists here that RSL filed a meritorious objection based on a state court judgment that was affirmed on appeal. *See id.* at 248.

Nor did the Bankruptcy Court conduct the requisite multi-part test for dismissing a case with prejudice under Rule 41(b). *See Bullard*, 368 F. App'x at 581–82. The "draconian" sanction of dismissal with prejudice represents "a remedy of last resort." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

---

[9] A dismissal with prejudice arises when a statute of limitations *even arguably* may prevent one from re-filing a claim or suit. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

The Bankruptcy Court likewise made no clear and specific factual findings that warrant such an "extreme sanction." *See Bullard*, 368 F. App'x at 582.

For example, the Bankruptcy Court chose to disbelieve Feldman's uncontradicted testimony that the injunction against suit no longer applied because he paid all the sanctions by early 2000. *See id.* at 581 ("'it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious'"); *Gonzalez*, 610 F.2d at 247–48. The record indicates that Feldman misunderstood or was confused about whether the 1996 Injunction remained in effect. (ECF no. 2, pp. 882–87, 903). No one testified to the contrary. "Nor does a party's simple negligence, grounded in confusion or sincere misunderstanding of the Court's orders, warrant dismissal," much less dismissal with prejudice. *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980).

A strong federal policy favors resolving suits and claims on their merits. *Conner*, 20 F.3d at 1380. In furtherance of this policy, RSL offered to compensate Date as a lesser sanction.[10] (ECF no. 2, pp. 278, 1018). This Court recognized such a lesser contempt sanction as coercive. (ECF no. 2, p. 674). The

---

[10] Oddly, the Bankruptcy Court concluded that "[o]rdering RSL to pay fees and costs is not the appropriate remedy for violating the Injunction and is not mandated by the District Court." (ECF no. 2, p. 774). Yet this Court twice stated (on the same page) that an "appropriate" lesser sanction included awarding Date his "fees and costs" along with dismissing the adversary without prejudice. (ECF no. 2, p. 674).

24

Bankruptcy Court could have considered a host of lesser sanctions that may have comported with the spirit if not the letter of this Court's mandate, which prohibits dismissal with prejudice. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982) (lesser sanction includes conditional dismissal).

RSL advised the Court that dismissing the adversary without prejudice operated as a dismissal with prejudice. (ECF no. 2, pp. 678–81). Instead of rendering judgment, the Court remanded the entire case on rehearing so that the Bankruptcy Court could rule on the Motion for Leave without ordering a dismissal of the adversary with prejudice again. Despite this general remand, the Bankruptcy Court repeated the same error as before, thereby violating the mandate rule. This Court should vacate the *de facto* dismissal with prejudice and remand for further proceedings to allow the completion of the trial of the adversary proceeding and to allow the Bankruptcy Court to award lesser sanctions or render judgment assessing such lesser sanctions to avoid any further appeals.

## II.

### The Bankruptcy Court abused its discretion by applying an incorrect standard for the consideration of Appellant's Motion for Leave by not evaluating Appellant's Complaint under well-established standards under Fed. R. Civ. P. 12(b), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012

The Bankruptcy Court should have considered two factors in deciding the Motion for Leave: (1) whether RSL's Complaint proved a *prima facie* case to deny a discharge under Sections 523(a)(4) and 523(a)(6), and (2) whether RSL could show just cause for Feldman's violation of the 1996 Injunction.

### A. RSL's Complaint proved a *prima facie* case

When a proposed complaint must be screened by the Court pursuant to a pre-filing screening order, the Court should review the proposed complaint to determine whether it serves as a mere tool to harass or fails to state a claim upon which relief can be granted. Stated differently, if a proposed complaint satisfies the pleading requirements of Rules 8 and 9, and from the four corners' face of the proposed complaint, it would not be subject to dismissal under Rule 12(b), the Court should allow the case to proceed and for a summons to issue. *See* Fed. R. Civ. P. 8, 9, 12(b).

Pre-filing screening occurs most often in the context of complaints brought by *pro se* litigants who are proceeding *in forma pauperis* and in prisoners' complaints against the government or the government's officers and

employees. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (both statutes requiring screening and summary dismissal of civil actions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief). The language in Sections 1915(e)(2) and 1915A for failure to state a claim upon which relief may be granted mirrors the language in Rule 12(b)(6).

Rule 12(b) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings. Fed. R. Bankr. P. 7012(b). "In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the [non-movant]." *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002). The purpose of a motion under Rule 12(b)(6) is to test the statement of the claims for relief as is set out in the complaint. *See Murray v. Mooco Oil Co.,* 539 F.2d 1385, 1387 (5th Cir. 1976).

The ultimate question in a Rule 12(b)(6) motion is whether the factual allegations "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Thus, a plaintiff has the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id* at 545. A complaint which sets forth a plausible entitlement to relief is adequate

for purposes of pleading requirements of Rule 8(a). *Id*. at 556–57. When Rule 9 governs pleading, scienter may be pled generally, but the plaintiff must include some factual basis for conclusory statements. These factual statements must give rise to a strong inference that the defendants possessed the requisite intent. *Beck v. Mfrs. Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987).

In applying these standards, the Court should conclude that the Complaint satisfies the pleading requirements of Rules 7008 and 7009 of the Federal Rules of Bankruptcy Procedure. The Court should also conclude that RSL has pled claims for which the Bankruptcy Court may grant relief pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6) and except from discharge the debt Date owes to RSL. The Bankruptcy Court misapplied this standard and reached the wrong conclusion. Because RSL bases its objection to dischargeability on an affirmed state court judgment, no doubt exists about the merits of this claim.

While Date worked at RSL, he signed a standard noncompetition agreement. During his time at RSL, Date nevertheless secretly organized a competing company and conspired with a co-employee to divert many hundreds of thousands of dollars of revenues to his new company for their financial benefit. Date's conduct was in blatant disregard of the noncompetition agreement and applicable state law. Hundreds of thousands of dollars were misappropriated from RSL.

RSL initially sued Date, his competing company, and his co-conspirator in state court and obtained a default judgment against Date. The default judgment, which adjudicated the merits of RSL's claims against Date, was upheld on appeal. *Date*, 2013 WL 3146718, at *3 (noting that Date was not able to point out any error on the face of the record). The only issue on appeal was whether Date and his company were validly served with process. *Id*. at *1. Had RSL not been able to plead a *prima facie* case in state court, Date could have identified such an issue on appeal, and the Court of Appeals would have likely reversed the default judgment and remanded the case to the trial court.

In the Complaint, RSL pled, among other things:

> 10.   As an account executive, Defendant had access to the customer database, many files, and other confidential, proprietary, and trade secrets of RSL. Further, in conjunction with his work as an account executive, Date acquired sensitive and confidential information about RSL's business.

> 11.   Despite his numerous written agreements restricting and limiting the use of RSL information, Defendant used the confidential and proprietary and trade secrets information adversely to RSL and exclusively for his own personal benefit, selling to others information wrongfully stolen from RSL. Subsequent to the original filing of its original state court lawsuit, RSL more fully learned of the extent that Defendant conspired with the other former RSL employee, Shane McCallay ("McCallay"), to form a competing business against RSL. . . .

> 13.   More specifically, both while employed by RSL Funding, and after being fired by RSL for stealing its information, Defendant converted assets belonging to RSL, breached his duties owed to his employer under the common law, misappropriated

proprietary information and trade secrets for his personal benefit and to the detriment of his former employer, and that he did so while misstating and hiding existing facts and the nature of his conduct.

14.   In January 2011, only three months after McCallay joined RSL, McCallay and Defendant secretly formed a competing business, SCI, while both were employed by RSL. Defendant and McCallay set up a website for the purpose of diverting customers away from RSL to RSL's competitors and thereby profiting from sales off of leads generated and paid for by RSL to the exclusion of RSL. . . .

19.   Defendant agreed not to disclose, divulge or otherwise provide to others, except as expressly approved in writing by Plaintiff or by law, any trade secrets ascertained by him through his employment with Plaintiff. In spite of such agreement, Defendant disclosed—in fact, secretly sold for his own financial benefit and to the detriment of RSL—RSL's trade secrets. The confidential information of RSL is extremely valuable and gives RSL a competitive advantage over businesses which do not have access to such information. Most critically, Defendant has been found to have violated his express, written agreements.

20.   Defendant utilized confidential and proprietary information gained through his employment with RSL for the advancement of his personal interests and to the detriment of RSL. Such information includes sensitive customer lists and financial information.

21.   Defendant's acts were done fraudulently, willfully and with malice.

22.   RSL further shows that separate and apart from its contract with him, Defendant had an independent, common-law duty to preserve the confidential and proprietary information of RSL and not to engage in the unauthorized use and/or disclosure of such information. Further, Defendant was a fiduciary, being that he was RSL's employee.

23.   The Defendant's use and/or sale of RSL's trade secrets entrusted to Defendant's constitutes embezzlement, which is excepted from a discharge. Alternatively, Defendant's conduct

constitutes larceny, which would bar the debt due to RSL from a discharge. . . .

26. Defendant's actions were intentional, and the theft or misappropriation of RSL's trade secrets was malicious in that it was without just cause or excuse. Moreover, because there was an objective, substantial certainty of harm or a subjective motive to cause harm, Defendant's conduct was willful and malicious.

27. Accordingly, the debt due to RSL should be excepted from a discharge pursuant to 11 U.S.C. § 523(a)(6).

(ECF no. 2, pp. 23–26).

Not only did RSL plead a *prima facie* case in state court that withstood review by the Court of Appeals, RSL pled a *prima facie* case in the adversary proceeding. At no point did Date seek a dismissal under Rule 12(b)(6) or a judgment on the pleadings under Rule 12(c). Nor did Date seek a more definitive statement under Rule 12(e), which is also applicable to adversary proceedings. *See* Fed. R. Bankr. P. 7012. Instead, the adversary proceeding proceeded to a full trial on the merits. *See Stewart v. Thaler*, 375 F. App'x 426, 427 (5th Cir. 2010) (explaining that a court should allow a sanctioned litigant to proceed with suit that alleges a nonfrivolous claim).

There is no indication whether the Bankruptcy Court considered any aspect of the Complaint on its merits. Because the adequacy of RSL's pleadings frames a question of law, this Court should dispose of the issue on appeal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672–74 (2009).

**B.  Any violation of the 1996 Injunction was inadvertent**

The express language of Judge Black's Show Cause Order dated July 1, 1996, followed by Judge Black's minute entry order on August 2, 1996, where Judge Black withdrew the reference of the two bankruptcy cases out of which the 1996 Injunction emanated indicates Judge Black intended to assume exclusive jurisdiction over the 1996 Injunction and the sanctions imposed by the 1996 Injunction. (ECF no. 2, p. 1011). No part of the bankruptcy cases was referred back to the Bankruptcy Court until Judge Hanen referred the Motion for Leave—and nothing else—to the Bankruptcy Court for consideration by order entered on December 17, 2019. (ECF no. 2, pp. 1011–12).

Following the July 26, 1996 show cause hearing, Judge Black entered a Minute Entry Order, expanding and altering the 1996 Injunction. The modification not only prohibited further bankruptcy filings; the injunction was also expanded to include filings in the District Court "until sanctions were paid in full." (ECF no. 2, pp. 292, 712, 1011, 1106).

Finally, Feldman testified twice in the proceedings below, once on April 13, 2017, at the trial on the Dischargeability Adversary Proceeding, and a second time at the hearing on the Motion for Leave conducted on February 18, 2020.[11] In both instances, Feldman testified that (1) the sanctions awarded

---

[11] ECF no. 2, p. 16.

in the 1996 Injunction had been paid in full no later than 1999, and (2) that he believed that the 1996 Injunction was no longer in effect. (ECF no. 2, pp. 846–47, 850). There is not one scintilla of evidence to the contrary brought forward by Date to show that (1) the sanctions were not paid in full as testified to by Feldman, or (2) Feldman did not tell the truth when he testified that he believed that the 1996 Injunction had been resolved and was no longer in effect. There is no finding that Feldman's testimony was not credible. (*See* ECF no. 2, pp. 774–74). A June 2000 agreed order reflects the payment of the sanctions. (*See* ECF no. 2, pp. 455–62).

Finally, RSL filed the Motion for Leave in this Court on May 4, 2017, in Cause No. 4:96-cv-02489. As Judge Hanen recognized, this Court had exclusive jurisdiction over the construction and enforcement of the 1996 Injunction by virtue of Judge Black's withdrawal of the reference on August 2, 1996. (*See* ECF no. 2, p. 999).

### III.

### The Bankruptcy Court abused its discretion by holding that RSL Funding waived its argument that the 1996 Injunction did not apply to limited liability companies

The Bankruptcy Court further abused its discretion by holding that RSL waived its argument that the 1996 Injunction did not apply to limited liability companies. (See ECF no. 2, pp. 770–72).

33

## A. The Bankruptcy Court had to interpret the 1996 Injunction by its plain meaning in order to consider the Motion for Leave

The Bankruptcy Court was required to interpret the meaning of the 1996 Injunction. It is axiomatic that a court has the authority to interpret an injunction entered by another judge *de novo* until a higher court definitively issues an opinion as to the interpretation of the injunction that the lower court must follow. *See Aircraft Serv. Int'l, Inc. v. International Bhd. of Teamsters*, 779 F.3d 1069, 1072 (9th Cir. 2015) (appellate courts interpret the language and effect of injunctions *de novo*).

In the previous appeal, Judge Hanen did not consider—because it was not before him—whether RSL was an entity that was covered by the 1996 Injunction. In considering the motion for leave, the Bankruptcy Court erred when it did not interpret whether the 1996 Injunction even applied to limited liability companies. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 188 (5th Cir. 2008) (noting the issuing court also has the inherent power to modify the injunction); *see also United States v. Diapulse Corp. of Am.*, 514 F.2d 1097, 1097 (2d Cir. 1975) (district judge even has authority to amend a permanent injunction issued by another district judge). Given the injunction on its face applied only to corporations and partnerships and did not name other business entities, it is indeed extraordinary that the Bankruptcy Court would

engage in such an expansive interpretation of an injunction that was issued almost a quarter of a century ago.

"The limited liability company (LLC) is not a partnership or a corporation but rather is a distinct type of entity that has the powers of both a corporation and a partnership." William D. Bagley & Phillip P. Whynott, 1 *The Limited Liability Company* § 2.10 (2d ed., 2d rev. 1995); *see also McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590 n. 11 (Tex.App.—Houston [1st Dist.] 2007, pet. denied) ("A limited liability company is a separate and distinct entity from other types of business entities already in existence in Texas, such as the corporation or the limited partnership."); *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 1000838, at *7 (N.D. Tex. Mar. 6, 2015). Limited liability companies were recognized by Texas Legislature in 1991, years before the 1996 injunction was issued. Texas Limited Liability Company Act, 72nd Leg., R.S., ch. 901, § 46, 1991 Tex. Gen. Laws 3161, 3192–3216 (eff. Aug. 26, 1991) (current version at Tex. Bus. Orgs. Code ch. 101).

Despite this clear juridical distinction, the 1996 Injunction omitted any business entity other than corporations and partnerships.[12] Nor did the 1996

---

[12] When Texas adopted the Texas Limited Liability Company Act, it was only the sixth state to do so. Susan Pace Hamill, *The Origins Behind the Limited Liability Company*, 59 Ohio St. L. J. 1459, 1470–73 (1998). By the time the 1996 Injunction had been entered, all 50 states and the District of Columbia had enacted limited liability company statues. *Id.* at 1477.

Injunction specifically name RSL as an entity subject to its restrictions. By this time, however, the limited liability company was a type of business entity that was in wide use in Texas and in many other states. The Bankruptcy Court should have concluded that granting leave to continue the adversary proceeding was appropriate due to this reason alone.

The Bankruptcy Court should have construed the 1996 Injunction to tailor it as narrowly as possible. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir. 1986). A broad interpretation that subjects RSL as a limited liability company to an injunction after the fact which does not even purport to cover LLCs would indeed lead to a perverse result. At the very least, the 1996 Injunction is unclear about whether it covers limited liability companies (a term it fails to use), whether it extends beyond the claims and parties involved in the cases that gave rise to the sanction, whether it only covers repetitious claims or actions against those same parties, and  whether it applies in perpetuity. In denying leave, the Bankruptcy Court erroneously failed to consider these dispositive factors.    An  injunction's  express terms, read in the context of the relief sought before the court which rendered the injunction, determine whether a party's acts or omissions violate the injunction. *See Haskell v. Kan. Natural Gas Co.*, 224 U.S. 217, 223 (1912). Any ambiguities are construed in favor of the enjoined entity. *Reliance Ins.*

*Co. v. Mast. Const. Co.*, 84 F.3d 372, 377 (10th Cir. 1996); *Dystar Corp. v. Canto*,

1 F.Supp.2d 48, 54 (D. Mass. 1997). Similarly, the Fifth Circuit has held:

> Every order granting an injunction must be specific in its terms
> and must describe in reasonable detail the act or acts that are en-
> joined. . . . This requirement of specificity and reasonable detail,
> based in part on notions of basic fairness, ensures that individu-
> als against whom an injunction is directed receive explicit notice
> of the precise conduct that is outlawed. . . . **In determining**
> **whether a particular act falls within the scope of an injunc-**
> **tion's prohibition, particular emphasis must be given to the ex-**
> **press terms of the order. An injunction does not prohibit those**
> **acts that are not within its terms as reasonably construed**.

*Alabama Nursing Home Ass'n v. Harris*, 617 F.2d 385, 387–88 (5th Cir. 1980)

(citations omitted, emphasis added).

This same exacting standard applies to contempt orders enforcing the

1996 Injunction, whether the sanction dismisses the adversary or awards

Date legal fees. *See Hornbeck Offshore Servs., LLC v. Salazar,* 713 F.3d 787, 792–

93 (5th Cir.2013). "However, no contempt liability may attach if a party does

not violate a 'definite and specific order of the court.'" *Waste Mgmt. of Wash.,*

*Inc. v. Kattler*, 776 F.3d 336, 343 (5th Cir. 2015) (quoting *Hornbeck Offshore*, 713

F.3d at 792). And "a party's good faith, even where it does not bar civil con-

tempt, may help to determine an appropriate sanction." *Taggart v. Lorenzen*,

139 S.Ct. 1795, 1802 (2019). This rigorous standard comports with the long-

standing rule that "only the least possible power adequate to the end pro-

posed should be used in contempt cases." *Young v. United States ex rel. Vuit-*

*ton et Fils S.A.*, 481 U.S. 787, 801 (1987).

RSL cannot waive itself into an injunction that does not exist in the first instance. In this case, Date "filed" an "oral motion" to dismiss during Feldman's cross-examination at trial—two years after the Adversary Proceeding was filed. The oral motion was premised on a provision in the 1996 Injunction that did not, and does not, exist, that being that RSL was prohibited from filing an adversary. What the record revealed upon examination was that a motion for leave had to be first filed. The Bankruptcy Court erred by failing to strictly construe the 1996 Injunction in derogation of the law of contempt. *See generally International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828-–34 (1994).

RSL acknowledges that it did not raise the issue during the first appeal. But placing the burden on RSL *to disprove* that the 1996 Injunction applied to bar it from filing its adversary impermissibly shifts the burden of proof and persuasion. Date must first carry his contempt burden of establishing that the 1996 Injunction applies to RSL as a limited liability company such that RSL violated a "definite and specific" provision in that order. Unless and until that happens, RSL can face no liability. *See Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d at 343.

RSL cannot waive the right to assert the non-existence of a provision of the 1996 Injunction that was not previously held to exist by a court of competent jurisdiction. The LLC provision either exists or does not exist, but an

argument that it is non-existent cannot be waived. In other words, waiver does not magically create a provision in the 1996 Injunction that does not exist. The only proper method for adding LLCs to the list of entities covered by the 1996 Injunction is to do so through a hearing where the enjoined parties received notice. *See* Fed. R. Civ. P. 65(a) (requiring notice for the issuance of a preliminary injunction); *see also* Fed. R. Bankr. P. 7065 (adopting Rule 65 in bankruptcy adversary proceedings). But the Bankruptcy Court never afforded RSL, as a limited liability company, such advance notice back in 1996 to comport with due process.

## B. The applicability of the 1996 Injunction to LLCs was actually addressed to the Bankruptcy Court before the perfection of the first appeal

This Court remanded "the case" to the Bankruptcy Court to rule on RSL's Motion for Leave. In considering whether to grant RSL leave to continue prosecuting the adversary, the Bankruptcy Court had to determine the scope or applicability of the 1996 Injunction. While this issue was neither raised nor briefed in the original appeal to this Court, RSL asserted the inapplicability of the 1996 Injunction in the Bankruptcy Court as far back as September 12, 2017, when RSL stated, in response to Date's motion for contempt:

> ***This is impediment is compounded by the fact that RSL Funding, LLC is neither a corporation or partnership which were the enjoined entities in decretal paragraph 6 of the June 7, 1996, Order. Rather, RSL Funding, LLC is a limited liability company, whose actions were not proscribed by decretal paragraph 6 in the June***

*7, 1996 Order.* To be sure, as noted by the Texas Secretary of State: "The limited liability company (LLC) is not a partnership or a corporation but rather is a distinct type of entity." *See* https://www.sos.state.tx.us/corp/businessstructure.shtml. *See also, Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 452-3 (Tex. App – Houston [14th Dist] 2016) (recognizing that a limited liability company is not a corporation with respect to a statute that expressly benefits corporations but not limited liability companies).

(ECF no. 2, pp. 486–87) (emphasis added).

To the extent the Bankruptcy Court found that RSL raised this issue for the first time on February 18, 2020, that finding is clearly erroneous. The evidence in the record disproves this date, and RSL pointed out to the Bankruptcy Court that it preserved this complaint in September 2017. (ECF no. 2, pp. 486–87, 758). No evidence establishes otherwise. Thus, the Bankruptcy Court clearly erred in making this finding. *See* Fed. R. Civ. P. 52(a).

## CONCLUSION

The Bankruptcy Court misapplied applicable law and thereby abused its discretion. RSL preserved its limited liability company argument below. In dismissing RSL's time-barred adversary without prejudice, the Bankruptcy Court violated this Court's mandate that prohibits dismissing it with prejudice. The dismissal without prejudice operates in substance as a dismissal with prejudice that adjudicated the merits of RSL's claim without a trial. The Bankruptcy Court should have granted RSL leave to continue prosecuting

its adversary proceeding, but it abused its discretion by analyzing that issue using the wrong standard.

WHEREFORE, for the foregoing reasons, RSL Funding LLC respectfully requests that this Court reverse the Bankruptcy Court's decision and render judgment awarding lesser sanctions and granting leave that allows RSL to go forward with its adversary action. In the alternative, the Court should vacate the Bankruptcy Court's decision and remand the case to allow the Bankruptcy Court to conclude the trial of the underlying adversary proceeding. In the further alternative, the Court should vacate the Bankruptcy Court's decision and remand the case to allow the Bankruptcy Court to assess lesser sanctions against RSL Funding, LLC and to rule on the Motion for Leave using the correct legal standard.

Respectfully Submitted,

PENDERGRAFT & SIMON, LLP

/s/ Leonard H. Simon
Leonard H. Simon
Texas Bar No. 18387400
lsimon@pendergraftsimon.com
William P. Haddock
Texas Bar No. 00793875
whaddock@pendergraftsimon.com
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Appellant's Brief has been served on the following counsel/parties of record in accordance with Fed. R. Bankr. P. 8011 and 8018 and local rules for electronic filing and service on this 3rd day of July 2020.

Service via ECF:

     Johnie J. Patterson
     Counsel for Appellee

/s/ *Leonard H. Simon*
Leonard H. Simon

## CERTIFICATE OF COMPLIANCE WITH
## RULE 8015(A)(7)(B) OR 8016(D)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)(2) because this brief contains 9,693 words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

/s/ *Leonard H. Simon*
Leonard H. Simon
