No. **4:20-cv-878**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**In re**
**MATTHEW JOHN DATE,**
*Debtor*;

**RSL FUNDING, LLC,**
*Appellant,*

vs.

**MATTHEW JOHN DATE,**
*Appellee.*

Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Houston Division
Adversary Proceeding No. 15-03185

# APPENDIX

PENDERGRAFT & SIMON, LLP
Leonard H. Simon
lsimon@pendergraftsimon.com
William P. Haddock
whaddock@pendergraftsimon.com
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

*Attorneys for Appellant*

# TABLE OF CONTENTS

| Description of Document | Page |
| --- | --- |
| Docket Sheet (ECF no. 2, pp. 1–19) | 5 |
| Expedited Motion for Leave to Proceed with Adversary Proceeding (ECF no. 2, pp. 499–543) | 25 |
| Order of November 1, 2019 (ECF no. 2, pp. 652–75) | 71 |
| Order of December 17, 2019 (ECF no. 2, pp. 676–77) | 96 |
| Order Denying Motion for Leave to Proceed with Adversary Proceeding (ECF no. 2, pp. 767–74) | 99 |
| Notice of Appeal (ECF no. 2, pp. 788–98) | 108 |

Respectfully Submitted,

PENDERGRAFT & SIMON, LLP

/s/ Leonard H. Simon
Leonard H. Simon
Texas Bar No. 18387400
lsimon@pendergraftsimon.com
William P. Haddock
Texas Bar No. 00793875
whaddock@pendergraftsimon.com
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Appendix has been served on the following counsel/parties of record in accordance with Fed. R. Bankr. P. 8011 and 8018 and local rules for electronic filing and service on this 3rd day of July 2020.

Service via ECF:

> Johnie J. Patterson
> Counsel for Appellee

/s/ *Leonard H. Simon*
Leonard H. Simon

# Tab 1

Case 4:20-cv-00878   Document 12-1   Filed on 04/20/2020 in TXSD   Page 5 of 118
Case 4:20-cv-00878   Document 12-1   Filed on 04/20/2020 in TXSD   Page 1 of 118

0001

APPEAL, APPEAL_NAT, CLOSED

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
### Adversary Proceeding #: 15-03185

*Assigned to:* Judge Christopher M. Lopez
*Lead BK Case:* 15-31568
*Lead BK Title:* Matthew John Date
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 07/06/15
*Date Terminated:* 08/17/17

*Nature[s] of Suit:* 67 Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny
68 Dischargeability - 523(a)(6), willful and malicious injury

**Plaintiff**
-----------------------
**RSL Funding, LLC**
1980 Post Oak Blvd., Suite 1975
Houston, TX 77056

represented by **William P Haddock**
Pendergraft & Simon
2777 Allen Parkway
Suite 800
Houston, TX 77019
713-528-8555
Fax : 713-868-1267
Email: will@haddock.pro

**Leonard H Simon**
Pendergraft Simon, LLP
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, TX 77019
713-737-8207
Fax : 832-202-2810
Email: lsimon@pendergraftsimon.com

**James G Waller**
Andrews & Kurth
600 Travis St
Ste 4200
Houston, TX 77002-3090
713-220-4200
*LEAD ATTORNEY*

V.

**Defendant**
----------------------
**Matthew John Date**
15 East Autumn Branch Circle
Spring, TX 77382
SSN / ITIN: xxx-xx-7441

represented by **Johnie J Patterson**
Walker & Patterson,P.C.
P.O. Box 61301
Houston, TX 77208-1301
713-956-5577
Fax : 713-956-5570
Email: jjp@walkerandpatterson.com

| Filing Date | # | Docket Text |
|---|---|---|
| 07/06/2015 | 🔘1<br>(130 pgs; 3 docs) | Adversary case 15-03185. Nature of Suit: (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) Complaint *to Determine Dischargeability of Debt* by RSL Funding, LLC against Matthew John Date. Fee Amount $350 (Attachments: # 1 Exhibit Plaintiff's Third Amended Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction # 2 Exhibit Final Default Judgment) (Haddock, William) (Entered: 07/06/2015) |
| 07/06/2015 | | Receipt of Complaint(15-03185) [cmp,cmp] ( 350.00) Filing Fee. Receipt number 17050391. Fee amount $ 350.00. (U.S. Treasury) (Entered: 07/06/2015) |
| 07/06/2015 | 🔘2<br>(2 pgs) | Request for Issuance of Summons on Matthew John Date. (Filed By RSL Funding, LLC ). (Haddock, William) (Entered: 07/06/2015) |
| 07/07/2015 | 🔘3<br>(1 pg) | Order for Conference Signed on 7/7/2015. Scheduling Hearing set for 9/17/2015 at 09:30 AM at Houston, Courtroom 403 (KKB). (ahar) (Entered: 07/07/2015) |
| 07/07/2015 | 🔘4<br>(2 pgs) | Summons Issued on Matthew John Date Date Issued 7/7/2015. (hler) (Entered: 07/07/2015) |
| 07/09/2015 | 🔘5<br>(2 pgs) | BNC Certificate of Mailing. (Related document (s):3 Order for Conference) No. of Notices: 2. Notice Date 07/09/2015. (Admin.) (Entered: 07/10/2015) |

Appendix - 6

| 07/23/2015 | 6<br>(5 pgs) | Summons Returned Unexecuted Re: Matthew John Date (Haddock, William) (Entered: 07/23/2015) |
|---|---|---|
| 07/23/2015 | 7<br>(4 pgs) | Request for Issuance of Summons on Matthew John Date and his lead counsel in the main case. (Haddock, William) (Entered: 07/23/2015) |
| 07/24/2015 | 8<br>(4 pgs; 2 docs) | Summons Issued as to Matthew John Date Date Issued 7/24/2015. (Attachments: # 1 summons) (jdav) (Entered: 07/24/2015) |
| 08/25/2015 | 9<br>(5 pgs) | Summons Service Executed on Matthew John Date 7/24/2015. (Haddock, William) (Entered: 08/25/2015) |
| 08/25/2015 | 10<br>(3 pgs) | Summons Service Executed on Matthew John Date 7/24/2015. (Haddock, William) (Entered: 08/25/2015) |
| 09/10/2015 | 11<br>(9 pgs; 3 docs) | Joint Discovery Plan/Case Management Plan (Filed By RSL Funding, LLC ). (Attachments: # 1 Exhibit E-mail exchange between Plaintiff's Counsel & Debtor's Counsel # 2 Exhibit E-mail to Debtor's Counsel) (Haddock, William) (Entered: 09/10/2015) |
| 09/16/2015 | 12<br>(1 pg) | Notice *of Limited Appearance*. Filed by William D. Weber (Weber, William) (Entered: 09/16/2015) |
| 09/16/2015 | 13<br>(4 pgs; 2 docs) | Emergency Motion *to Extend Time to File Response to Dischargeability Complaint* Filed by William D. Weber (Attachments: # 1 Proposed Order) (Weber, William) (Entered: 09/16/2015) |
| 09/16/2015 | 14<br>(2 pgs) | Withdraw Document (Filed By William D. Weber ).(Related document(s):13 Emergency Motion (Adversary)) (Weber, William) (Entered: 09/16/2015) |
| 09/16/2015 | 15<br>(8 pgs; 2 docs) | Emergency Motion *to Extend Time to File Response to Dischargeability Complaint* Filed by William D. Weber (Attachments: # 1 Proposed Order) (Weber, William) (Entered: 09/16/2015) |

Appendix - 7

| | 16 | Courtroom Minutes. Time Hearing Held: 09:30am. Appearances: B.Weber, limited appearance, for Defendant, L.Simon for Plaintiff;...Court continued Scheduling Conference to 11/19/2015 at 09:30 AM at Houston, Courtroom 403 (KKB). Court Granted 15 Emergency Motion to Extend Time to File Response to November 6, 2015. (rcas) (Entered: 09/21/2015) |
|---|---|---|
| 09/17/2015 | | |
| 09/21/2015 | 17 (2 pgs) | Order Granting Emergency Motion to Extend Time (Related Doc # 15) Signed on 9/21/2015. Response due by 11/6/2015. (ahar) (Entered: 09/21/2015) |
| 09/24/2015 | 18 (3 pgs) | BNC Certificate of Mailing. (Related document(s):17 Order on Emergency Motion (Adversary)) No. of Notices: 3. Notice Date 09/24/2015. (Admin.) (Entered: 09/25/2015) |
| 11/06/2015 | 19 (4 pgs) | Answer to Complaint (Related document(s):1 Complaint) Filed by Matthew John Date (Patterson, Johnie) (Entered: 11/06/2015) |
| 11/18/2015 | 20 (5 pgs) | Joint Discovery Plan/Case Management Plan (Filed By RSL Funding, LLC ). (Haddock, William) (Entered: 11/18/2015) |
| 11/19/2015 | 21 (2 pgs) | Scheduling Order Signed on 11/19/2015. Discovery due by 6/20/2016. Pre-Trial Order due by 7/10/2016. Pre-Trial Conference set for 7/21/2016 at 09:30 AM at Houston, Courtroom 403 (KKB). (ahar) (Entered: 11/19/2015) |
| 11/21/2015 | 22 (3 pgs) | BNC Certificate of Mailing. (Related document(s):21 Scheduling Order) No. of Notices: 3. Notice Date 11/21/2015. (Admin.) (Entered: 11/22/2015) |
| 06/20/2016 | 23 (6 pgs; 2 docs) | Motion to Extend Time Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Haddock, William) (Entered: 06/20/2016) |
| | 24 (1 pg) | Order Granting Motion to Extend Discovery Deadlines Signed on 6/21/2016 (Related document(s):23 Motion to Extend Time). |

Appendix - 8

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern         Page 5 of 19
Case 4:20-cv-00673 Document 12-1 Filed on 04/20/2020 in TXSD Page 9 of 118
0005

| | | |
|---|---|---|
| 06/21/2016 | | Discovery due by 8/8/2016. Pre-Trial Conference scheduled for 8/18/2016 at 09:30 AM at Houston, Courtroom 403 (KKB). (ahar) (Entered: 06/21/2016) |
| 06/23/2016 | 25 (2 pgs) | BNC Certificate of Mailing. (Related document (s):24 Order Setting Hearing) No. of Notices: 3. Notice Date 06/23/2016. (Admin.) (Entered: 06/24/2016) |
| 07/08/2016 | 26 (3 pgs) | Initial Disclosure Rule 26 (Filed By Matthew John Date ). (Patterson, Johnie) (Entered: 07/08/2016) |
| 08/05/2016 | 27 (5 pgs; 2 docs) | Non-Opposition Emergency Motion *to Extend Discovery Deadline and Amend Scheduling Order* Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 08/05/2016) |
| 08/15/2016 | 28 (1 pg) | Order Granting Emergency Motion (Related Doc # 27) Signed on 8/15/2016. (scas) (Entered: 08/15/2016) |
| 08/15/2016 | | Other Deadlines Updated (Related document (s):21 Scheduling Order). The Joint Pretrial Statement shall be filed no later than seven days prior to the Pretrial Conference. Pre-Trial Order due by 10/20/2016. Discovery due by 9/30/2016. (scas) (Entered: 08/15/2016) |
| 08/17/2016 | 29 (2 pgs) | BNC Certificate of Mailing. (Related document (s):28 Order on Emergency Motion (Adversary)) No. of Notices: 3. Notice Date 08/17/2016. (Admin.) (Entered: 08/18/2016) |
| | 30 (297 pgs; 21 docs) | Motion to Compel *Production of Documents And Attendance At Deposition And Request For The Award Of Costs* Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order # 2 Affidavit of Stewart A. Feldman # 3 Exhibit A # 4 Exhibit B # 5 Exhibit C # 6 Exhibit D # 7 Exhibit E # 8 Exhibit F # 9 Exhibit G # 10 Exhibit H # 11 Exhibit I # 12 Exhibit J # 13 Exhibit K # 14 Exhibit L # 15 Exhibit M # 16 Exhibit N # 17 Exhibit O # 18 Exhibit P # 19 Exhibit Q # 20 |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern
Page 6 of 19
Case 4:20-cv-00678 Document 10-1 Filed on 07/03/20 in TXSD Page 10 of 118
Case 4:20-cv-00678 Document 1-1 Filed on 04/20/20 in TXSD Page 6 of 11

0006

| | | |
|---|---|---|
| 10/05/2016 | | Exhibit R) (Simon, Leonard) (Entered: 10/05/2016) |
| 10/13/2016 | 🔘 31 (5 pgs; 2 docs) | Non-Opposition Motion to Extend Time - *Discovery Cutoff & Pretrial* Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 10/13/2016) |
| 10/19/2016 | 🔘 32 (1 pg) | Order Granting Non-Opposition Motion to Extend Discovery Deadline and Reset Pretrial Conference Signed on 10/19/2016 (Related document(s):31 Motion to Extend Time). Pre-Trial Conference is reset for 12/15/2016 at 09:30 AM at Houston, Courtroom 403 (KKB). (rcas) Additional attachment(s) added on 10/20/2016 (rcas). (Entered: 10/19/2016) |
| 10/27/2016 | 🔘 33 (6 pgs) | Response (related document(s):30 Motion to Compel). Filed by Matthew John Date (Patterson, Johnie) (Entered: 10/27/2016) |
| 12/15/2016 | 🔘 34 | Courtroom Minutes. Time Hearing Held: 09:30am. Appearances: R.Pendergraft for Plaintiff. J.Patterson for Defendant;...Court set Trial date for 2/2/2017 at 09:30 AM at Houston, Courtroom 403 (KKB). Motion to Compel is resolved. Pretrial Orders to be submitted by 1/26/2017. ETT 1-DAY (rcas) (Entered: 12/16/2016) |
| 01/04/2017 | 🔘 35 (4 pgs; 2 docs) | Motion for Expedited Consideration., Motion to Continue Hearing On. Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 01/04/2017) |
| 01/05/2017 | 🔘 36 (1 pg) | Expedited Unopposed Order Resetting Trial Date Signed on 1/5/2017 (Related document(s):1 Complaint) Trial is scheduled for 3/2/2017 at 09:30 AM at Houston, Courtroom 403 (KKB). (sgue) (Entered: 01/05/2017) |
| 01/07/2017 | 🔘 37 (2 pgs) | BNC Certificate of Mailing. (Related document (s):36 Order Setting Hearing) No. of Notices: 3. Notice Date 01/07/2017. (Admin.) (Entered: 01/08/2017) |
| | | |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                Page 7 of 19
Case 4:20-cv-00878 Document 10-1 Filed on 07/03/20 in TXSD Page 11 of 118
Case 4:20-cv-00878 Document 1-2 Filed on 04/20/20 in TXSD Page 7 of 19
0007

| | | |
|---|---|---|
| 01/25/2017 | 38<br>(10 pgs) | Notice to Take Deposition of Matthew John Date with Subpoena Duces Tecum (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 01/25/2017) |
| 02/01/2017 | 39<br>(11 pgs) | Declaration re: *Business Records of Regis Management Group, LLC* (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/01/2017) |
| 02/01/2017 | 40<br>(60 pgs) | Declaration re: *Business Records of JP Morgan Chase* (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/01/2017) |
| 02/01/2017 | 41<br>(7 pgs) | Declaration re: *Business Records of Domains by Proxy* (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/01/2017) |
| 02/01/2017 | 42<br>(29 pgs) | Declaration re: *Business Records of Go-Daddy* (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/01/2017) |
| 02/01/2017 | 43<br>(33 pgs) | Declaration re: *Business Records of Legal Zoom* (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/01/2017) |
| 02/07/2017 | 44<br>(10 pgs) | Notice *of Oral Deposition*. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 02/07/2017) |
| 02/18/2017 | 45<br>(2 pgs) | Notice *of Intent to Use Business Records at Trial*. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 02/18/2017) |
| 02/20/2017 | 46<br>(8 pgs) | Notice *2nd Notice of Intent to Offer at Trial Bisomess Recprds*. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 02/20/2017) |
| 02/23/2017 | 47<br>(19 pgs; 3 docs) | Pre Trial Statement (Filed By RSL Funding, LLC ). (Attachments: # 1 Exhibit RSL E&WL # 2 Exhibit Date E&WL) (Simon, Leonard) (Entered: 02/23/2017) |
| 02/28/2017 | 48<br>(6 pgs) | Exhibit List, Witness List (Filed By RSL Funding, LLC ). (Simon, Leonard) (Entered: 02/28/2017) |
| | | |

Appendix - 11

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern Page 8 of 19
Case 4:20-cv-00678 Document 10-1 Filed on 07/03/20 in TXSD Page 12 of 148
Case 4:20-cv-00678 Document 10-1 Filed on 04/20/20 in TXSD Page 8 of 118
0008

| | | |
|---|---|---|
| 02/28/2017 | 49<br>(5 pgs; 3 docs) | Emergency Motion *To Continue Trial Setting*, Motion to Continue Hearing On (related document(s):36 Order Setting Hearing). Filed by Matthew John Date (Attachments: # 1 Proposed Order Setting Hearing # 2 Proposed Order) (Patterson, Johnie) (Entered: 02/28/2017) |
| 03/01/2017 | 50<br>(1 pg) | Order Granting Emergency Motion to Continue Trial (Related Doc # 49), Granting Motion To Continue/Reschedule Hearing On (Related Doc # 49) Signed on 3/1/2017. Trial is continued to 4/13/2017 at 09:30 AM at Houston, Courtroom 403 (KKB). (kpico) (Entered: 03/01/2017) |
| 03/03/2017 | 51<br>(2 pgs) | BNC Certificate of Mailing. (Related document (s):50 Order on Emergency Motion (Adversary)) No. of Notices: 3. Notice Date 03/03/2017. (Admin.) (Entered: 03/04/2017) |
| 04/06/2017 | 52<br>(27 pgs; 4 docs) | Amended Pre Trial Statement (Filed By Matthew John Date, RSL Funding, LLC ). (Attachments: # 1 Exhibit Plaintiff's E&WL # 2 Exhibit Defendant's E&WL # 3 Exhibit Plaintiff's Proposed FOF & COL) (Simon, Leonard) (Entered: 04/06/2017) |
| | | Courtroom Minutes. Time Hearing Held: 9:30 AM. Appearances: Leonard Simon for Plaintiff and Johnie Patterson for Defendant (Related document(s): Trial Day 1-1 Complaint). Rule invoked. Witness: Stewart Feldman. Arguments heard. Evidence presented. RSL Funding, LLC's exhibits 1-7, 33, pg. 1 of exhibit 52, and 69 are admitted. RSL Funding exhibits 18, 22, 25, and 29 are admitted for the limited purpose as stated on the record. RSL Funding LLC's exhibit 43 is admitted with the conditions stated on the record. RSLs business records of exhibit 50 pgs. 3-13 (Regus Management Group), pgs. 14-73 (JP Morgan Chase), pgs. 74-80 (Domains by Proxy), pgs. 81-109 (GoDaddy.com), pgs. 110-142 (LegalZoom.com), and pgs. 146-150 (JP Morgan Chase) are admitted. Court's exhibit 1 (Court Order re: Sanctions) is admitted. Court denies Motion to Abstain filed in the main case. Mr. Patterson makes oral Motion to Dismiss. Mr. Simon has 1 week to respond to Mr. Patterson's |

| | | |
|---|---|---|
| 04/13/2017 | | oral Motion to Dismiss. Mr. Patterson has 5 days to respond to Mr. Simon's objection. Court takes matter under advisement. (kpico) (Entered: 04/18/2017) |
| 04/17/2017 | 🔵 53<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM Daily (24 hours) by Leonard Simon. This is to order a transcript of 04/13/17 Continued Hearing, Mtn to Dismiss before Judge Karen K. Brown. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By RSL Funding, LLC ). (Simon, Leonard) Modified on 4/17/2017 (smur). Electronically forwarded to JTT on 4/17/17. Estimated transcript completion time 4/19/17. (Entered: 04/17/2017) |
| 04/18/2017 | 🔵 54<br>(37 pgs) | Transcript RE: Motion Hearing (Partial Transcript) held on April 13, 2017 before Judge Karen K. Brown. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 07/17/2017. (mhen) (Entered: 04/18/2017) |
| 04/19/2017 | 🔵 55<br>(1 pg) | Notice of Filing of Official Transcript as to 54 Transcript. Parties notified (Related document (s):54 Transcript) (hcar) (Entered: 04/19/2017) |
| 04/19/2017 | 🔵 56<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM Expedited (7 days) by Judge Brown. This is to order a transcript of 4/13/2017 before Judge Karen K. Brown. Court Reporter/Transcriber: Judicial Transcribers of Texas. (BrendaLacy) Copy order electronically forwarded to Judicial Transcribers of Texas on 4/19/2017. Estimated transcript completion date: 4/26/2017. (LaurenWebster) THIS ORDER WAS CANCELLED. Modified on 11/28/2017 (TraceyConrad). (Entered: 04/19/2017) |
| 04/20/2017 | 🔵 57<br>(38 pgs; 6 docs) | Response *to Oral Motion to Dismiss*. Filed by RSL Funding, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (Simon, Leonard) (Entered: 04/20/2017) |
| | 🔵 58<br>(41 pgs; 7 docs) | Corrected Response *to Oral Motion to Dismiss*. Filed by RSL Funding, LLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 |

Appendix - 13

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 10 of 19
Case 4:20-cv-00678   Document 19-1   Filed on 07/02/20 in TXSD   Page 10 of 118
Case 4:20-cv-00678   Document 12-1   Filed on 04/20/2020 in TXSD   Page 10 of 118
0010

| 04/21/2017 | | # 5 Exhibit 5 # 6 Exhibit 6) (Simon, Leonard) (Entered: 04/21/2017) |
|---|---|---|
| 04/21/2017 | 59 (2 pgs) | BNC Certificate of Mailing. (Related document (s):55 Notice of Filing of Official Transcript (Form)) No. of Notices: 3. Notice Date 04/21/2017. (Admin.) (Entered: 04/22/2017) |
| 05/04/2017 | 60 (5 pgs) | Reply Filed by Matthew John Date (Related document(s):57 Response, 58 Response) (Patterson, Johnie) (Entered: 05/04/2017) |
| 05/04/2017 | 61 (2 pgs) | Notice of Filing. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 05/04/2017) |
| 05/16/2017 | 62 (3 pgs) | Order. Signed on 5/16/2017 (Related document (s): Courtroom Minutes (Text)) (kpico) Additional attachment(s) added on 5/16/2017 (kpico). (Entered: 05/16/2017) |
| 05/18/2017 | 63 (4 pgs) | BNC Certificate of Mailing. (Related document (s):62 Generic Order) No. of Notices: 3. Notice Date 05/18/2017. (Admin.) (Entered: 05/18/2017) |
| 06/15/2017 | 64 (9 pgs) | Response to Order entered on May 16, 2017. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 06/15/2017) |
| 07/19/2017 | 65 (13 pgs; 4 docs) | Reply Filed by Matthew John Date (Related document(s):64 Response) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)(Patterson, Johnie) (Entered: 07/19/2017) |
| 07/26/2017 | 66 (3 pgs) | Reply (Sur-Reply). Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 07/26/2017) |
| 07/26/2017 | 67 (3 pgs) | Reply (Corrected Sur-Reply) responding to Doc 65. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 07/26/2017) |
| 08/17/2017 | 68 (9 pgs) | Memorandum Opinion and Order Dismissing Adversary Proceeding Signed on 8/17/2017 (Related document(s):1 Complaint) (rcas) (Entered: 08/17/2017) |
| | 69 | Motion For Contempt. Objections/Request for |

| Date | Document | Description |
|---|---|---|
| 08/17/2017 | (10 pgs; 3 docs) | Hearing Due in 21 days. Filed by Defendant Matthew John Date (Attachments: # 1 Exhibit A # 2 Proposed Order) (Patterson, Johnie) (Entered: 08/17/2017) |
| 08/17/2017 | | Adversary Case 4:15-ap-3185 Closed by order dismissing case. May be reopened after ruling by District Court on appeal. (RobbieWestmoreland) (Entered: 04/02/2018) |
| 08/19/2017 | 70 (10 pgs) | BNC Certificate of Mailing. (Related document (s):68 Opinion) No. of Notices: 3. Notice Date 08/19/2017. (Admin.) (Entered: 08/19/2017) |
| 09/05/2017 | 71 (70 pgs; 11 docs) | Motion to Reconsider (related document(s):68 Opinion). Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order # 2 Exhibit "1" # 3 Exhibit "2" # 4 Exhibit "3" # 5 Exhibit "4" # 6 Exhibit "5" # 7 Exhibit "6" # 8 Exhibit "7" # 9 Exhibit "8" # 10 Exhibit "9") (Simon, Leonard) (Entered: 09/05/2017) |
| 09/11/2017 | 72 (69 pgs; 10 docs) | Response *to Motion for an Order Finding Stewart A. Feldman in Civil Contempt* (related document (s):69 Motion for Contempt). Filed by RSL Funding, LLC (Attachments: # 1 Exhibit "1" # 2 Exhibit "2" # 3 Exhibit "3" # 4 Exhibit "4" # 5 Exhibit "5" # 6 Exhibit "6" # 7 Exhibit "7" # 8 Exhibit "8" # 9 Exhibit "9") (Simon, Leonard) (Entered: 09/11/2017) |
| 09/12/2017 | 73 (69 pgs; 10 docs) | Corrected Response *to Motion for Contempt* (related document(s):69 Motion for Contempt). Filed by RSL Funding, LLC (Attachments: # 1 Exhibit "1" # 2 Exhibit "2" # 3 Exhibit "3" # 4 Exhibit "4" # 5 Exhibit "5" # 6 Exhibit "6" # 7 Exhibit "7" # 8 Exhibit "8" # 9 Exhibit "9") (Simon, Leonard) (Entered: 09/12/2017) |
| | 74 (4 pgs) | OPINION of Bankruptcy Judge Signed on 10/31/2017: Order Denying Motion for Reconsideration and Awarding Sanctions (Related document(s):69 Motion for Contempt, 71 Motion to Reconsider). Counsel for Defendant shall submit a bill for attorney fees and costs incurred in this adversary proceeding within 14-days. Plaintiff will have 7-days thereafter to file a |

| 10/31/2017 | | response. (rcas) (Entered: 10/31/2017) |
|---|---|---|
| 11/02/2017 | ● 75<br>(5 pgs) | BNC Certificate of Mailing. (Related document (s):74 Opinion) No. of Notices: 3. Notice Date 11/02/2017. (Admin.) (Entered: 11/02/2017) |
| 11/08/2017 | ● 76<br>(7 pgs) | Certificate *Of Fees And Expenses* (Filed By Matthew John Date ).(Related document(s):69 Motion for Contempt, 74 Opinion) (Patterson, Johnie) (Entered: 11/08/2017) |
| 11/10/2017 | ● 77<br>(19 pgs; 4 docs) | Notice of Appeal filed. (related document(s):62 Generic Order, 68 Opinion, 74 Opinion). Fee Amount $298. Appellant Designation due by 11/24/2017. (Attachments: # 1 Exhibit Order, dated May 16, 2017 # 2 Exhibit Memorandum Opinion and Order Dismissing Adversary Proceeding, dated August 17, 2017 # 3 Exhibit Order Denying Motion for Reconsideration and Awarding Sanctions, dated October 31, 2017) (Haddock, William) (Entered: 11/10/2017) |
| 11/10/2017 | | Receipt of Notice of Appeal(15-03185) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 19516459. Fee amount $ 298.00. (U.S. Treasury) (Entered: 11/10/2017) |
| 11/10/2017 | ● 78 | Election to Appeal to District Court . (Haddock, William) (Entered: 11/10/2017) |
| 11/21/2017 | ● 79<br>(1 pg) | Clerk's Notice of Filing of an Appeal under Bankruptcy Rule 8009. On 11/10/17, RSL Funding, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Lee H Rosenthal, Civil Action 4:17cv3568. Parties notified (Related document(s):77 Notice of Appeal) (smur) (Entered: 11/21/2017) |
| | ● 80<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM Ordinary (30 days) by Leonard Simon. This is to order a transcript of 04/13/17 Continued Hearing, Mtn to Abstain, Mtn to Dismiss before Judge Karen K. Brown. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By RSL Funding, LLC ). (Simon, Leonard) on 11/27/2017 Electronically forwarded to Judicial Transcribers |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                Page 13 of 19
Case 4:20-cv-00878   Document 19-1   Filed on 07/02/20 in TXSD   Page 13 of 118
Case 4:20-cv-00878   Document 19-1   Filed on 04/20/2020 in TXSD   Page 17 of 118
0013

| | | |
|---|---|---|
| 11/21/2017 | | of Texas 11/28/17. Estimated completion 12/28/17. Modified on 11/28/2017 (TraceyConrad). (Entered: 11/21/2017) |
| 11/23/2017 | 🔘81<br>(2 pgs) | BNC Certificate of Mailing. (Related document (s):79 Clerk's Notice of Filing of an Appeal under Bankruptcy Rule 8004) No. of Notices: 3. Notice Date 11/23/2017. (Admin.) (Entered: 11/24/2017) |
| 11/24/2017 | 🔘82<br>(2 pgs) | Statement of Issues on Appeal (related document (s):77 Notice of Appeal). (Haddock, William) (Entered: 11/24/2017) |
| 11/24/2017 | 🔘83<br>(5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):77 Notice of Appeal). (Haddock, William) (Entered: 11/24/2017) |
| 11/28/2017 | 🔘84<br>(3 pgs) | Objection *to Certificate of Fees and Expenses, Doc 76.* Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 11/28/2017) |
| 11/28/2017 | 🔘85<br>(8 pgs; 2 docs) | Non-Opposition Motion to Extend Time *to file Objection to Certificate of Fees and Expenses, Doc 76.* Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 11/28/2017) |
| 12/15/2017 | 🔘86<br>(62 pgs) | Transcript RE: Motion Hearing (Morning Session) held on April 13, 2017 before Judge Karen K. Brown. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 03/15/2018. (mhen) (Entered: 12/15/2017) |
| 12/18/2017 | 🔘87<br>(1 pg) | Notice of Filing of Official Transcript as to 86 Transcript. Parties notified (Related document (s):86 Transcript) (dhan) (Entered: 12/18/2017) |
| | 🔘88<br>(1 pg) | Notice of Docketing an Appeal under Bankruptcy Rule 8010(b). On 12/19/17, the appeal was transmitted to the U.S. District Court, assigned Judge Melinda Harmon, Civil Action 4:17cv3568. All appellate filings must now be made in the United States District Court with the civil action caption and case number. Parties notified (Related |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 14 of 19
Case 4:20-cv-00678   Document 19-1   Filed on 07/02/20 in TXSD   Page 18 of 118
Case 4:20-cv-00678   Document 12-1   Filed on 04/20/2020 in TXSD   Page 14 of 118
0014

| 12/19/2017 | | document(s):77 Notice of Appeal) (smur) (Entered: 12/19/2017) |
|---|---|---|
| 12/20/2017 | 89 (2 pgs) | BNC Certificate of Mailing. (Related document(s):87 Notice of Filing of Official Transcript (Form)) No. of Notices: 3. Notice Date 12/20/2017. (Admin.) (Entered: 12/21/2017) |
| 12/21/2017 | 90 (2 pgs) | BNC Certificate of Mailing. (Related document(s):88 Notice of Docketing an Appeal under Bankruptcy Rule 8007(b)) No. of Notices: 3. Notice Date 12/21/2017. (Admin.) (Entered: 12/22/2017) |
| 04/13/2018 | 91 (2 pgs) | ORDER TO STAY MOTION PENDING APPEAL; granting 113 Expedited Motion for Clarification Regarding Order and Opinion, Motion for Leave, doc 101 is STAYED pending the resolution of the bankruptcy appeal, 4:17cv3568.(Signed by Judge Melinda Harmon) Parties notified. (Entered: 04/13/2018 with 4:96cv2489) (jdav,4). (Entered: 04/13/2018) |
| 11/01/2019 | 92 (24 pgs) | Final Order By District Court Judge Andrew Hanen, Re: Appeal on Civil Action Number: 4:17-cv-3568. The dismissal order is hereby reformed to be a dismissal without prejudice. Signed on 11/1/2019 (Related document(s):68 Opinion) (LaurenWebster) (Entered: 11/01/2019) |
| 11/15/2019 | 94 (12 pgs) | Motion to Reconsider (related document(s):92 Order District Court re: Appeal). Filed by Plaintiff RSL Funding, LLC (jdav) (see also 4:17cv3568 at entry 26) (Entered: 12/18/2019) |
| 11/29/2019 | 95 (5 pgs) | Response (related document(s):94 Motion to Reconsider). Filed by Matthew John Date (jdav) (see also 4:17cv3568 at entry 27) (Entered: 12/18/2019) |
| | 93 (2 pgs) | ORDER remanding Appellant's Motion for Reconsideration of Remedy and to Correct Minor Factual Statements. The request to amend the order as to the alleged factual discrepancies is overruled. This case is remanded to the Bankruptcy Court. The Motion for Leave to File |

Appendix - 18

| | | |
|---|---|---|
| 12/17/2019 | | filed in 4:96cv2489 is referred to the Bankruptcy Court for a determination as to whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded. (Signed by Judge Andrew S Hanen) (jdav)(see also 4:96cv2489 at entry 117, 4:17cv3568 at entry 28) (Entered: 12/18/2019) |
| 12/18/2019 | ⬤ | Judge Christopher M. Lopez added to case. Involvement of Judge Karen K. Brown Terminated. (RobbieWestmoreland) (Entered: 12/18/2019) |
| 01/07/2020 | ⬤ | Certificate of Email Notice. Contacted W. Haddock, J. Patterson, and L. Simon. Movant to notice all interested parties and file a certificate of service with the court (Related document(s): 94 Motion to Reconsider). Status Conference is scheduled for 1/22/2020 at 01:30 PM at Houston, Courtroom 401 (CML). (rsal) (Entered: 01/07/2020) |
| 01/07/2020 | ⬤ 96 (2 pgs) | Notice of Hearing. (Related document(s): Certificate of Notice) Filed by RSL Funding, LLC (Haddock, William) (Entered: 01/07/2020) |
| 01/22/2020 | ⬤ 97 | Courtroom Minutes. Time Hearing Held: 1:30 PM. Appearances: Leonard Simon and William Haddock for Plaintiff and Johnie Patterson for Defendant. Comments made by parties. Hearing on Motion for Leave (filed in 4:96cv2489) is scheduled for 2/18/2020 at 01:00 PM at Houston, Courtroom 401 (CML). (kpico) (Entered: 01/22/2020) |
| 01/22/2020 | ⬤ | Hearing scheduled for 2/18/2020 at 01:00 PM at Houston, Courtroom 401 (CML). (kpico) (Entered: 01/22/2020) |
| 01/23/2020 | ⬤ 98 (2 pgs) | Notice of Hearing. Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 01/23/2020) |
| 02/14/2020 | ⬤ 99 (3 pgs) | Witness List, Exhibit List (Filed By RSL Funding, LLC ).(Related document(s): Hearing (Bk) Cont) (Haddock, William) (Entered: 02/14/2020) |
| | ⬤ 100 | Witness List, Exhibit List (Filed By Matthew John |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 16 of 19
Case 4:20-cv-00678   Document 9-1   Filed on 07/02/20 in TXSD   Page 20 of 118
Case 4:20-cv-00678   Document 12-1   Filed on 04/20/2020 in TXSD   Page 16 of 118
0016

| | | |
|---|---|---|
| 02/14/2020 | (1 pg) | Date ). (Patterson, Johnie) (Entered: 02/14/2020) |
| 02/14/2020 | 🔘 101<br>(20 pgs; 2 docs) | Brief (Filed By RSL Funding, LLC ).(Related document(s): Hearing (Bk) Cont) (Attachments: # 1 Affidavit) (Haddock, William) (Entered: 02/14/2020) |
| 02/18/2020 | 🔘 102<br>(13 pgs) | Corrected Brief (Filed By RSL Funding, LLC ). (Related document(s):101 Brief) (Simon, Leonard) (Entered: 02/18/2020) |
| 02/18/2020 | 🔘 103<br>(13 pgs) | Notice of Filing Redline Corrected Brief. (Related document(s):102 Brief) Filed by RSL Funding, LLC (Simon, Leonard) (Entered: 02/18/2020) |
| 02/18/2020 | 🔘 | Courtroom Minutes. Time Hearing Held: 1:00 PM. Appearances: Leonard Simon and William Haddock for Plaintiff; Miriam Goott and Johnie Patterson for Defendant. Witness: Stuart Feldman. Arguments heard. Evidence presented. Date's exhibits 1-12 are admitted. RSL Funding LLC's exhibits 2, 3, 4, 5, 7, 8, 13, and 16 are admitted. RSL Funding LLC's exhibits 1, 11, and 12 are admitted for the limited purposes as stated on the record. Parties made closing arguments. Court takes matter under advisement and will issue a ruling. (kpico) (Entered: 02/18/2020) |
| 02/21/2020 | 🔘 104<br>(12 pgs; 2 docs) | Opposition Emergency Motion for Leave to File Post-Hearing Brief Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 02/21/2020) |
| 02/23/2020 | 🔘 105<br>(5 pgs) | Response (related document(s):104 Emergency Motion (Adversary)). Filed by Matthew John Date (Patterson, Johnie) (Entered: 02/23/2020) |
| 02/24/2020 | 🔘 106<br>(1 pg) | Order Denying Emergency Motion for Leave to File Post-Hearing Brief (Related Doc # 104). Signed on 2/24/2020. (rsal) (Entered: 02/24/2020) |
| 02/26/2020 | 🔘 107<br>(8 pgs) | Order Denying Motion for Leave to Proceed with Adversary Proceeding (Related document(s): 93, 101-103). Signed on 2/26/2020. (rsal) (Entered: 02/26/2020) |

Appendix - 20

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/2020 in TXSD   Page 21 of 118
Case 4:20-cv-00878   Document 12-1   Filed on 04/20/2020 in TXSD   Page 17 of 118
0017

| | | |
|---|---|---|
| 02/26/2020 | 🔘 108<br>(2 pgs) | BNC Certificate of Mailing. (Related document (s):106 Order on Emergency Motion (Adversary)) No. of Notices: 4. Notice Date 02/26/2020. (Admin.) (Entered: 02/26/2020) |
| 02/28/2020 | 🔘 109<br>(9 pgs) | BNC Certificate of Mailing. (Related document (s):107 Generic Order) No. of Notices: 4. Notice Date 02/28/2020. (Admin.) (Entered: 02/28/2020) |
| 03/06/2020 | 🔘 110<br>(13 pgs; 4 docs) | Motion to Set Hearing (related document(s):74 Opinion). Filed by Defendant Matthew John Date (Attachments: # 1 Exhibit A - Time # 2 Exhibit B - Expenses # 3 Proposed Order) (Patterson, Johnie) (Entered: 03/06/2020) |
| 03/09/2020 | 🔘 111<br>(11 pgs; 2 docs) | Notice of Appeal filed. (related document(s):107 Generic Order). Fee Amount $298. Appellant Designation due by 03/23/2020. (Attachments: # 1 Exhibit Order Denying Motion for Leave to (Re: Docket Nos. 93, 101103) Proceed with Adversary Proceeding)(Haddock, William) (Entered: 03/09/2020) |
| 03/09/2020 | 🔘 112 | Election to Appeal to District Court . (Haddock, William) (Entered: 03/09/2020) |
| 03/09/2020 | | Receipt of Notice of Appeal(15-03185) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 21949936. Fee amount $ 298.00. (U.S. Treasury) (Entered: 03/09/2020) |
| 03/09/2020 | 🔘 113<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Ordinary (30 days)) by Leonard Simon. This is to order a transcript of Testimony 02/18/2020 Judge Lopez before Judge Judge Not Listed. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By RSL Funding, LLC ). (Simon, Leonard) Electronically forwarded to Judicial Transcribers of Texas on 3-10-2020. Estimated completion date: 4-10-2020. Modified on 3/10/2020 (MelissaMorgan). (Entered: 03/09/2020) |
| | 🔘 114<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 3/9/2020, RSL Funding, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Lee H. Rosenthal, Civil Action 4:20-cv-878. Parties |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 18 of 19

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/2020 in TXSD   Page 22 of 118
Case 4:20-cv-00878   Document 12-1   Filed on 04/20/2020 in TXSD   Page 23 of 118

0018

| 03/11/2020 | | notified (Related document(s):111 Notice of Appeal). (ShoshanaArnow) (Entered: 03/11/2020) |
| 03/13/2020 | 🔵 115 (2 pgs) | BNC Certificate of Mailing. (Related document (s):114 Clerk's Notice of Filing of an Appeal) No. of Notices: 4. Notice Date 03/13/2020. (Admin.) (Entered: 03/13/2020) |
| 03/23/2020 | 🔵 116 (3 pgs) | Statement of Issues on Appeal (related document (s):111 Notice of Appeal). (Haddock, William) (Entered: 03/23/2020) |
| 03/23/2020 | 🔵 117 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):111 Notice of Appeal). (Haddock, William) (Entered: 03/23/2020) |
| 03/27/2020 | 🔵 118 (9 pgs; 2 docs) | Objection (related document(s):110 Motion to Set Hearing). Filed by RSL Funding, LLC (Attachments: # 1 Proposed Order) (Simon, Leonard) (Entered: 03/27/2020) |
| 04/13/2020 | 🔵 119 (174 pgs) | Transcript RE: Motion for Leave held on February 18, 2020 before Judge Christopher M. Lopez. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 07/13/2020. (mhen) (Entered: 04/13/2020) |
| 04/14/2020 | 🔵 120 (1 pg) | Notice of Filing of Official Transcript as to 119 Transcript. Parties notified (Related document (s):119 Transcript) (gclair) (Entered: 04/14/2020) |
| 04/14/2020 | 🔵 121 (71 pgs; 11 docs) | Addendum to Record on Appeal (related document (s):117 Appellant Designation). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit)(Haddock, William) (Entered: 04/14/2020) |
| 04/14/2020 | 🔵 122 (75 pgs) | Addendum to Record on Appeal (related document (s):117 Appellant Designation). (Haddock, William) (Entered: 04/14/2020) |
| | 🔵 123 (2 pgs) | BNC Certificate of Mailing. (Related document (s):120 Notice of Filing of Official Transcript (Form)) No. of Notices: 4. Notice Date 04/16/2020. |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 19 of 19

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/20 in TXSD   Page 23 of 118
Case 4:20-cv-00878   Document 2   Filed on 04/20/20 in TXSD   Page 19 of 118

0019

| | | |
|---|---|---|
| 04/16/2020 | | (Admin.) (Entered: 04/16/2020) |

Appendix - 23

# Tab 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MBM INVESTMENT REAL** | § | |
| **ESTATE, L.P.,** | § | |
| **Bankruptcy Case No. 95-47987** | § | |
| | § | |
| | § | |
| | § | |
| **MATZ REAL ESTATE SERVICES,** | § | |
| **INC,** | § | **Cause No. 4:96-cv-02489** |
| **Bankruptcy Case No. 95-47986** | § | **(REFERENCE WITHDRAWN)** |
| | § | |
| | § | |
| | § | |
| **INTERMARQUE AUTOMOTIVE** | | |
| **PRODUCTS INCORPORATED** | | |
| **Bankruptcy Case No. 93-45460** | | |
| **DEBTORS.** | | |

**EXPEDITED MOTION FOR LEAVE TO**
**PROCEED WITH ADVERSARY PROCEEDING**

TO THE HONORABLE MELINDA HARMON, UNITED STATES DISTRICT
JUDGE:

Comes now RSL Funding, LLC ("RSL"), and files Expedited Motion for

Leave to Proceed With Adversary Proceeding, and for cause would respectfully

represent.

1.     On June 7, 1996, the Bankruptcy Court, the Honorable William

Greendyke presiding, entered an Order Imposing Sanctions and Permanently

Enjoining Certain Bankruptcy Related Filings (the "6/7/1996 Order"), a true and

correct copy of which is attached as **Exhibit "1"**.  The 6/7/1996 Order, if still

viable, would enjoin any entity owned by Mr. Feldman and his wife, Dr. Marla

Matz, from filing an adversary proceeding in Bankruptcy Court without obtaining

leave of Court.  As discussed below, the 6/7/1996 Order's effect seems to have long ago expired based upon the terms of the District Court's subsequent rulings following the withdrawal of the reference.  Whether or not the 6/7/1996 Order remains in effect, Movant herein, RSL, would request that this Court grant it leave to proceed with a totally unrelated adversary proceeding pending before the Honorable Karen K Brown, where RSL is seeking to except from discharge the debt it is owed by Matthew Date.[1]  The facts alleged by RSL in the Adversary Proceeding are set forth with particularity in the Proposed Findings of Fact and Conclusions of Law filed by RSL in the Adversary Proceeding, a true and correct copy of which is attached as **Exhibit "9"**.

2.     As an initial matter, as to the two bankruptcy cases out of which the 6/7/1996 Order emanated, Case No. 95-47987 and Case No. 95-47986. the reference was withdrawn by the late Honorable Judge Norman Black on August 2, 1996.  *See* Docket Sheets for Cause No. 4:96-cv-02489, Dkt Entry 1, attached hereto as **Exhibit "2"**.

3.     After a diligent search of court records and files and after conferring with Mr. Feldman and searching all available files, it does not appear that any of the three bankruptcy cases, as to which the reference was withdrawn, were ever again referred back to the Bankruptcy Court.  Thus, this Court has sole jurisdiction over this matter.

---

[1] The pending adversary proceeding before Bankruptcy Judge Brown is styled: *RSL Funding, LLC v. Matthew Date,* Adversary Proceeding No. 15-03185, in the United States Bankruptcy Court for the Southern District of Texas - Houston Division (hereinafter the "Adversary Proceeding").

4.    If clarification of the 6/7/1996 Order is needed in terms of confirming its apparent expiration based upon a subsequent minute entry order issued by Judge Black, or alternative for leave, such should be filed in this Court in Cause No. 4:96-cv-02489.

5.    Critically, after entry of the 6/7/1996 Order, Judge Black issued a show cause order indicating that he would assume jurisdiction over the "sanction issues".   See Exhibit 7.    In conjunction with the July 26, 1996 hearing, Judge Black stated in a minute entry:

> "Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy court orders, in either the U.S. Bankruptcy Court or the U.S. District Court for the Southern District of Texas **until the sanctions imposed by U.S. Bankruptcy Judge Greendyke have been paid in full**."

*See* July 26, 1996 docket entry no. 5 in civil docket of Case No. 4:96-cv-1840, a true and correct copy of which is attached as **Exhibit "3"**.  Thus, it appears that the 6/7/1996 Order was expanded and qualified by Judge Black such that its effectiveness ended upon full payment of the monetary sanctions, which occurred in full in 1998, but no later than June 29, 2000, when the parties' disputes which gave rise to the sanctions were settled.  *See* paragraph 6i, infra, and **Exhibit "5"**.

6.    RSL's explanation for failing to comply with the 6/7/1996 Order is as follows:

a.    By way of background, Stewart Feldman graduated from the University of Michigan with a JD degree in 1980.  Mr. Feldman spent the next 2+ years practicing law in Houston, Texas, with the Vinson & Elkins law firm.  He also attended The London School of Economics and Political

Science and holds undergraduate and graduate degrees from the Wharton School at the University of Pennsylvania.  In the 1970s, he practiced as a CPA.

b.  In 1982, Mr. Feldman left Vinson & Elkins and went into business with Niel Morgan, Roy Bennion and an unrelated individual, successfully owning car dealerships, large business parks and significant other real estate holdings.

c.  Commencing in September 1992, Mr. Feldman and his two partners, Messrs. Bennion and Morgan, became embroiled in a bitter partnership dispute involving one company, Intermarque Automotive Products Incorporated ("Intermarque").  The litigation was initially instituted and pending in State District Court in Harris County, styled *Intermarque Automotive Products, Inc., et al. vs. Stewart A. Feldman, et al. v. Roy I. Bennion, et al.;* No. 92-07396-A; pending in the 125th Judicial District Court ("Cause No. No. 92-07396-A").

d.  After Mr. Feldman won both monetary and declaratory relief at the trial court, Bennion and Morgan then moved the litigation into the Bankruptcy Court for the Southern District of Texas, Houston Division, in July of 1993, by filing a Chapter 11 proceeding for Intermarque, Case No. 93-45460, and removing Cause No. 92-07396-A to the Bankruptcy Court, whereupon it was pending as Adversary Proceeding No. 93-04437.

e.  The litigation also later implicated two real estate investment entities owned by Mr. Feldman's wife Dr. Marla Matz, MBM Investment Real Estate L P ("MBM"), Bankruptcy Case No. 95-47987, and Matz Real Estate Services Inc. ("MRESI"), Bankruptcy Case No. 95-47986.  These entities owned real estate assets jointly with Bennion and Morgan.

f.  Substantial litigation ensued in the federal courts after the entry of the 6/7/1996 Order.  As to the bankruptcy cases filed by MBM, and MRESI, where the reference was withdrawn on August 2, 1996, the litigation continued in the Federal District Court, in Cause No. 4:96-cv-02489.  In February/March 1999, Stewart Feldman paid the sanctions emanating out of the 6/7/1996 Order (see **Exhibit "8"**), when the appeals were exhausted.

g.  As can be seen from the Docket Sheets for each of these bankruptcies, and the District Court Docket Sheets for Cause No. 4:96-cv-02489, the bankruptcy aspects of this litigation spanned over six years through

February 1999 (the last group of the cases being settled in year 2000) and followed litigation beginning in the state court in the early 1990s.

h.  Thereafter, the litigation also ensued in State District Court with the filing of a case styled "*Matz Real Estate Services, Inc., et al, v. Universal Surety of America, Niel Morgan and Roy Bennion, Intervenors,* Cause No. 98-23599, in the 125th Judicial District Court, Harris County, Texas ("Cause No. 98-23599").

i.  The undersigned counsel was involved in limited aspects of the litigation in Cause No. 92-07396-A and in the early stages of the Intermarque bankruptcy beginning in the early 1990s. Throughout this litigation, it was as brutal and arduous as any litigation that has ever been handled by the undersigned counsel. Fees on Mr. Feldman's side alone were in the $5 million range, evidence of the wide-ranging nature of the dispute and the numerous cases spawned.

j.  Judge Black's minute order on July 26, 1996, followed the 6/7/1996 Order and stated that additional filings would not be allowed until the "sanctions imposed by U.S. Bankruptcy Judge Greendyke have been paid in full." *See* paragraph 5, supra. In at least one instance, leave was sought from and granted by Judge Black to allow for the filing of an appeal. See docket entry nos. 2 and 3 in 4:96-cv-2473, a true and correct copy of which is attached as **Exhibit "4"**. However, this leave was sought prior to the payment of the sanctions in full.

k.  The litigation ended successfully from Mr. Feldman's standpoint in June 2000 after about nine years. On June 29, 2000, the court in Cause No. 98-23599 pending in State District Court entered an Agreed Order (the 6/29/2000 Agreed Order"), a true and correct copy of which is attached hereto as **Exhibit "5"**. Paragraphs 11 and 18 of the Agreed Order is evidence of the satisfaction of the outstanding sanctions amount. While the settlement was confidential, Mr. Feldman received significantly more than his attorney's fees plus other damages and all counsel were paid and sanctions resolved (through in part settlement payments to Mr. Feldman that far exceeded the sanctions awards).

l.  Mr. Feldman was confident that everything had been resolved by virtue of the 6/29/2000 Agreed Order and the payments due under the 6/7/1996 Order were satisfied in full. Indeed, the exact monetary sanction amount was paid in full by February/March 1999 (Exhibit 8), and, thus, it appears that the 6/7/1996 Order expired on its face more than 18 years ago.

m. The undersigned acknowledges without question that Mr. Feldman is a sophisticated businessman with specific skills in the financial and legal areas.  As such, the actions taken by him over the last 20 years certainly were not taken blindly but upon his examination of the record, which he found conclusive. It similarly appears conclusive to the undersigned. This is notwithstanding Mr. Feldman's being surprised on the stand on a twenty-year-old issue in an "oral motion to dismiss" on cross examination, well after all deadlines for filing such expired, with only the earliest in a series of documents presented to him to examine for the first time in decades on the stand.  This occurred during the trial of the Adversary Proceeding on April 13, 2017, before Bankruptcy Judge Brown.

7.     Mr. Feldman has attached hereto a letter to the Bankruptcy Court as **<u>Exhibit "6"</u>**.  He is deeply concerned and upset over what has occurred.

8.     If this Court believes that, following the payment of the sanctions in in full no later than the year 2000 and the 1996-minute order of Judge Black, that the 6/7/1996 Order has any continuing force and effect, Mr. Feldman is asking this Court to grant monetary sanctions against him for any violation, but that this Court not dismiss a wholly unrelated adversary proceeding which has merit and is important to Mr. Feldman's businesses.

9.     In the Adversary Proceeding, a company controlled by Mr. Feldman, RSL, is seeking damages as well as a determination of nondischargeability as a result of the debtor, a former employee of a company owned by the Feldman family, secretly setting up a competing company, and conspiring with another co-employee in so doing. Date and his co-employee/co-conspirator, actively diverted customers away from the employer, Mr. Feldman's business - RSL, for the

financial benefit of Mr. Date and his co-conspirator - co-employee.  A loss of $1 million was thrust upon the employer, RSL, and its affiliates.  This conduct was accomplished in blatant disregard of both state law and a noncompetition agreements signed by the defendant debtor, Mr. Date, and his accomplice. In the case, while it was pending in State Court, the State District Court entered a Final Default Judgment which was affirmed by the State Court of Appeals.[2]   To summarily dismiss on an oral motion (made during cross examination), a meritorious claim for breach of a noncompetition agreement as well as breaches of common law obligations and of fiduciary duty as a result of what can only be characterized as a possible violation of a court order of unclear continuing existence would be an onerous death-penalty sanction disfavored by the courts. RSL is a company involved in wholly unrelated matters.  It was not involved in the sanctions issues and was inactive until years after 1996.   The filing of the adversary against employee Date was approximately 16 years following the payment of the sanctions and the apparent end of the 6/7/1996 Order.

10.    Mr. Feldman is concerned that he may have inadvertently violated the 6/7/96 Order and recognizes that, if so, he should be subject to an appropriate monetary sanction. The extreme remedy of dismissing PRSL's meritorious case against a former employee (Matthew Date) who stole $1 million in revenue from Feldman's company, RSL, and caused hundreds of thousands of dollars in

---

[2] *See* Findings 29-36 on pages 4-5 of the Proposed Findings of Fact and Conclusions of Law attached here to as **Exhibit "9"**.

damages to RSL while lining Mr. Date and his accomplice's pockets in the process, would be an unjust and inappropriate penalty.

11.    RSL and its affiliated entities are significant employers in Houston, and it is important for the employer to send the correct message to RSL's staff, who also lost out monetarily from the theft, that stealing money from RSL and its affiliates and stealing proprietary information will not be tolerated.

WHEREFORE, RSL urges that. if sanctions are granted by this Court, such sanctions should be limited to monetary sanctions, and that dismissal of the Adversary Proceeding not be part of the sanctions awarded by the Court.  RSL requests such other and further relief as is just.

Respectfully submitted this 3rd day of May 2017.

/s/Leonard H. Simon
**Leonard H. Simon, Esq.**
TBN: 18387400; SDOT: 8200
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 737-8207 (Direct)
(832) 202-2810 (Direct Fax)
lsimon@pendergraftsimon.com
**ATTORNEY IN CHARGE FOR RSL
FUNDING, LLC**

**OF COUNSEL:**
**William P. Haddock, Esq.**
**TBN: 00793875**
**PENDERGRAFT & SIMON**
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 528-8555 (Main)
(713) 868-1267 (Main Fax)

DC CM/ECF LIVE- US District Court-Texas Southern                                    Page 1 of 13
Case 4:20-cv-00878 Document 1-21 Filed on 03/03/20 in TXSD Page 23 of 13
Case 4:15-cv-00868 Document 52-1 Filed on 04/25/20 in TXSD Page 17 of 118

0507

CLOSED

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:96-cv-02489

In Re: MBM Investment DB v.                          Date Filed: 08/02/1996
Assigned to: Judge Melinda Harmon                    Date Terminated: 01/14/1997
Demand: $0                                           Jury Demand: None
Case in other court: 97-20079                        Nature of Suit: 423 Bankruptcy
                     97-20098                         Withdrawl
                     Bkcy, BK-93-45460               Jurisdiction: Federal Question
                     Bkcy, BK-95-47986
                     BK-95-47987
Cause: 28:0157 Motion for Withdrawal of Reference

**Respondent**

**Stewart A Feldman**                    represented by   **Randall L Brim**
                                                          Singleton Cooksey et al
                                                          6363 Woodway
                                                          Suite 600
                                                          Houston, TX 77057
                                                          713-532-6200
                                                          Fax: 713-532-9200
                                                          Email: rbrim@singletoncooksey.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stewart A Feldman**
                                                          The Feldman Law Firm LLP
                                                          1980 Post Oak Blvd
                                                          Ste 1900
                                                          Houston, TX 77056
                                                          713-850-0700
                                                          Email: sfeldman@feldlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Debtor**

**MBM Investment Real Estate L P**       represented by   **Craig Harwyn Cavalier**
                                                          P O BOX 270565
                                                          Houston, TX 77277
                                                          713-621-4720
                                                          Fax: 713-621-4779

<span style="color:red">Appendix - 33</span>
Exhibit 3

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 2 of 13
Case 4:20-cv-00973  Document 10-1  Filed on 03/03/20 in TXSD  Page 34 of 118
Case 4:15-cv-00876  Document 54-2  Filed on 04/25/20 in 04/25/17  Page 2 of 13
                                                                          0508

Email: ccavalier@cavalierlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debtor**

**Matz Real Estate Services Inc**

**Debtor**

**Intermarque Automotive Products Incorporated**

**Movant**

**Marla B. Marla B. Matz, DDS**          represented by  **Randall L Brim**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Stewart A Feldman**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**Sacks & Associates**                    represented by  **David James Sacks**
                                                        Sacks Law Firm
                                                        2323 S. Shepherd Drive
                                                        Suite 825
                                                        Houston, TX 77019
                                                        713-863-8400
                                                        Fax: 713-863-0502
                                                        Email: david@sackslawfirm.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**Roy I Binnion**                         represented by  **William R Burke , Jr**
                                                        Garcia and Burke
                                                        2929 Allen Pky
                                                        Ste 2050
                                                        Houston, TX 77019-2120
                                                        713-522-9561
                                                        Fax: 713-522-9559 fax
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Amicus**

**U S Bankruptcy Clerk**      represented by   **U S Bankruptcy Clerk**
U S Bankruptcy Clerk's Office
515 Rusk
Houston, TX 77002
713/250-5115
PRO SE

**Amicus**

**Judge William R Greendyke**      represented by   **William R Greendyke**
U S Bankruptcy
515 Rusk
Ste 4202
Houston, TX 77002
713-250-5470
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/1996 | 1 | ORDER withdrawing the reference in BK 94-47987-H4-11, BK 95-47986-H4-11, BK 93-45460-H4-11 , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 08/06/1996) |
| 08/09/1996 | 5 | MOTION for oral hearing on this court's 8/1/96 [1-2] order by Stewart A Feldman, Motion Docket Date 8/29/96 [5-1] motion , filed. (bchurchill) (Entered: 08/19/1996) |
| 08/13/1996 | 2 | RESPONSE by Niel Morgan to Feldman's request for oral hearing regarding this court's 8/1/96 order, filed. (bchurchill) Modified on 08/15/1996 (Entered: 08/15/1996) |
| 08/13/1996 | 3 | EXHIBITS by Niel NMI Morgan to [2-1] response to Feldman's request for oral hearing regarding this court's 8/1/96 order, filed. (bchurchill) (Entered: 08/15/1996) |
| 08/14/1996 | 4 | ORDER Stewart Feldman and Dr. Marla Matz shall appear before the court 10:30 8/20/96 to show cause why the court should not appoint a receiver over their assets. , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 08/15/1996) |
| 08/16/1996 | 6 | NOTICE of attorney's Lien on proceeds from Universal Surety of America , filed (bchurchill) (Entered: 08/19/1996) |
| 08/20/1996 | 7 | Minute Entry Order: Hearing held; App: C. Diferrante; K. Baxen; K. Thomplson, T. Kirkendall, Feldman and Matz shall submit to the court sworn financial statements and copies of the last three income tax returns on or before 9/9/96. Any briefs in opposition to the request for appointment of a receiver shall be filed on or before 9/9/96 , terminated previous deadlines Ct Reporter: J. Smith , entered. Parties ntfd. ( Signed Chief Judge Norman W. Black ) (bchurchill) Modified on 09/25/1996 (Entered: 08/21/1996) |
| 08/20/1996 | 8 | |

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 4 of 13

Case 4:20-cv-00873 Document 101 Filed on 07/03/20 in TXSD Page 36 of 118
Case 4:20-cv-00873 Document 54-1 Filed on 04/25/20 in TXSD Page 20 of 113

0510

| | | RESPONSE by Niel NMI Morgan to [6-1] notice of attorney's lien filed by Sacks & Associates, filed. (bchurchill) (Entered: 08/21/1996) |
|---|---|---|
| 08/30/1996 | 9 | NOTICE of Tender of Monies, by Stewart A Feldman, and Marla Matz, D.D.S. , filed (fmremp) (Entered: 08/30/1996) |
| 08/30/1996 | 10 | ORDER: It is hereby ordered that the check for $10,000.00 tendered by Stewart Feldman shall be deposited into the Registry of the Court under Civil Action No. 96-2489 pending further order. , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 08/30/1996) |
| 08/30/1996 | 11 | DESIGNATION by Stewart A Feldman, Matz Real Estate Ser of record on appeal, filed (bwhite) (Entered: 09/04/1996) |
| 09/03/1996 | 12 | MEMORANDUM by Niel NMI Morgan in support of the appointment of a receiver over certain assets of Marla Matz and Stewart Feldman, filed (bchurchill) (Entered: 09/05/1996) |
| 09/04/1996 | 13 | TRANSCRIPT OF PROCEEDINGS of hearing for dates of 8/27/96 before Judge Norman Black , filed. ( Court Rptr: Jackie Smith) (bchurchill) (Entered: 09/05/1996) |
| 09/09/1996 | 16 | NOTICE of Camera Filing by Matz Real Estate Ser, Stewart A Feldman , filed (bchurchill) (Entered: 09/25/1996) |
| 09/09/1996 | 17 | NOTICE of tender of monies by Matz Real Estate Ser, Stewart A Feldman , filed (bchurchill) (Entered: 09/25/1996) |
| 09/09/1996 | 18 | BRIEF in opposition to appointment of a receiver by Matz Real Estate Ser, Stewart A Feldman , filed. (bchurchill) (Entered: 09/25/1996) |
| 09/09/1996 | 19 | MOTION to modify , to vacate , Alter , or to amend outstanding sanctions against Feldman, Matz and Matz Trustee by Matz Real Estate Ser, Stewart A Feldman, Motion Docket Date 9/29/96 [19-1] motion, 9/29/96 [19-2] motion, 9/29/96 [19-3] motion, 9/29/96 [19-4] motion , filed. (bchurchill) (Entered: 09/25/1996) |
| 09/10/1996 | 14 | ORDER, entered; Parties notified. he check for $2,500.00 tendered by Stewart Feldman shall be deposited into the Registry of the court under civil action No. H-96-2489 pending further court order. ( signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 09/10/1996) |
| 09/11/1996 | 15 | ORDER Debtors' Felman and Dr. Marla shall file with he court a copy of their 1995 Federal Income Tax Return contemporaneously with the filing of the return with the IRS and in no event later than 10/15/96 , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (bchurchill) Modified on 09/25/1996 (Entered: 09/11/1996) |
| 09/30/1996 | 20 | RESPONSE by Niel NMI Morgan to Obligor's [19-1] motion to modify, [19-2] motion to vacate, [19-3] motion Alter, [19-4] motion to amend outstanding sanctions against Feldman, Matz and Matz Trustee , filed. (part 1 of instr. #20) (bchurchill) (Entered: 10/02/1996) |
| 09/30/1996 | 20 | MOTION to dismiss obligor's motion to modify, vacate, alter, or amend outstanding sanctions against Felman, Matz and Matz, Trustee by Niel NMI |

Appendix - 36

DC CM/ECF LIVE- US District Court-Texas Southern                Page 5 of 13

Case 4:20-cv-00973  Document 21  Filed on 07/23/20 in TXSD  Page 37 of 118
Case 4:15-cv-03356  Document 54-2  Filed on 04/25/20 in TXSD  Page 56 of 113

0511

| | | Morgan, Motion Docket Date 10/20/96 [20-1] motion , filed. (part 2 of instr. #20) (bchurchill) (Entered: 10/02/1996) |
|---|---|---|
| 11/07/1996 | 21 | ORDER , entered; Parties notified. The Check for $2500.00 submitted by Stewart Feldman shall be deposited into the court Registry. No additional checks will be accepted by the clerk for deposit into the court registry unless a written motion and porposed order has been filed. ( signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 11/07/1996) |
| 12/27/1996 | 22 | ORDER denying [19-1] motion to modify; denying [19-2] motion to vacate; denying [19-3] motion to Alter; denying [19-4] motion to amend outstanding sanctions and granting [20-1] motion to dismiss , entered; Parties notified. Counsel for Morgan is directed to compute the total amount of sanctions owing as of 8/30/96 and to advise the court of that amount by 1/7/97. ( signed by Chief Judge Norman W. Black ) (psmith) (Entered: 12/31/1996) |
| 12/27/1996 | 26 | MOTION regarding tender of monies by Stewart A Feldman, Marla B. Matz, Motion Docket Date 1/16/97 [26-1] motion , filed. (fmremp) (Entered: 01/09/1997) |
| 01/03/1997 | 23 | NOTICE of report to court by Niel NMI Morgan , filed (bchurchill) (Entered: 01/06/1997) |
| 01/06/1997 | 24 | MOTION to stay issuing further rulings by Niel NMI Morgan, Stewart A Feldman, Motion Docket Date 1/26/97 [24-1] motion , filed. (bchurchill) (Entered: 01/08/1997) |
| 01/07/1997 | 25 | NOTICE OF APPEAL of [22-1] order by Stewart A Feldman, Marla B. Matz , filed. Fee Status: paid Receipt #: 463650 (fmremp) (Entered: 01/08/1997) |
| 01/07/1997 | 27 | ORDER denying Stewart Feldman and Marla B. Matz's [26-1] motion regarding tender of monies , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 01/09/1997) |
| 01/08/1997 | | Notice of appeal and certified copy of docket transmitted to USCA: [25-1] appeal (fmremp) (Entered: 01/08/1997) |
| 01/08/1997 | 28 | ORDER TO DESIGNATE: Appellant is required to file w/i 10 days of the date of entry of this order a designation of documents required for the record on appeal plus one copy of the designated documents; the appellee may file w/i 20 days of the date of entry of this order an additional designation required for the record on appeal plus one copy of the additional documents , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 01/14/1997) |
| 01/10/1997 | 30 | REQUEST by Stewart A Feldman, Marla B. Matz To Reconsider The Court's December 31, 1996 Order, filed. (psmith) (Entered: 01/14/1997) |
| 01/10/1997 | 30 | REPLY to Morgan's November 27, 1996 Response Regarding Tender of Monies and Response to the court's January 9, 1997 [27-1] order denying Feldman the ability to tender funds into the registry of the court, by Stewart A Feldman, Marla B. Matz filed. (psmith) (Entered: 01/14/1997) |
| 01/13/1997 | 31 | |

Appendix - 37

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 6 of 13

Case 4:20-cv-00078 Document 102-1 Filed on 03/03/20 in TXSD Page 38 of 118
Case 4:15-cv-03058 Document 54-21 Filed on 04/25/20 in 04/25/20 Page 66 20130113
                                                                                  0512

| | | RESPONSE by Stewart A Feldman, Marla B. Matz in opposition to [22-1] order , filed (fmremp) (Entered: 01/15/1997) |
|---|---|---|
| 01/14/1997 | 29 | ORDER Stewart Feldman and Marla Matz, jointly and severally, shall pay sanctions to Niel Morgan in the total principal amt of $253,700.00. All principal and interest desposited into the Ct's Registry in this case shall be paid to Niel Morgan, c/o Kirkendall & Isgur, in partial payment of the sanctions award set forth herein. No additional deposits from Feldman or Matz will be accepted into the Registry. That on before Feb. 3/97, Feldman and Matz shall either enter into an agreed payment plan with Mr. Morgan or pay the sanctions amt in full. Case DISMSSED with the Ct retaining enforcement jurisdiction. , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (hlerma) (Entered: 01/14/1997) |
| 01/14/1997 | | Case closed (hlerma) (Entered: 01/14/1997) |
| 01/14/1997 | 32 | RESPONSE by Sacks & Associates to [22-1] order , filed. (fmremp) (Entered: 01/16/1997) |
| 01/14/1997 | 32 | Formal REQUEST by Sacks & Associates to be placed on service list , filed. (fmremp) (Entered: 01/16/1997) |
| 01/23/1997 | 33 | Partially Unopposed MOTION to vacate [29-1] designated order by Stewart A Feldman, Marla B. Matz, Motion Docket Date 2/12/97 [33-1] motion , filed. (fmremp) (Entered: 01/27/1997) |
| 01/23/1997 | 34 | ORDER denying the partially unopposed [33-1] motion to vacate [29-1] designated order entered 1/14/97, entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (psmith) (Entered: 01/28/1997) |
| 01/24/1997 | 35 | NOTICE OF APPEAL of [29-1] order by Stewart A Feldman, Marla B. Matz , filed. (fmremp) (Entered: 01/28/1997) |
| 01/24/1997 | 36 | DESIGNATION by Stewart A Feldman, Marla B. Matz of record on appeal and NOTICE to Clerk of Special Circumstances Regarding Transmittal of Record, filed (psmith) (Entered: 01/28/1997) |
| 01/24/1997 | 37 | MOTION to extend time deadlines set forth in this court's order entered 1/14/97 by Stewart A Feldman, Marla B. Matz, Motion Docket Date 2/13/97 [37-1] motion , filed. (psmith) (Entered: 01/28/1997) |
| 01/24/1997 | 38 | ORDER denying Stewart Feldman and Marla Matz's [30-1] motion for reconsideration , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 01/28/1997) |
| 01/24/1997 | 39 | REPLY in Opposition by Niel NMI Morgan to [33-1] the partially unopposed motion to vacate [29-1] designated order entered 1/14/97, filed. (fmremp) (Entered: 01/29/1997) |
| 01/24/1997 | 40 | MOTION for clarification of order dated 1/14/97 by Roy I Binnion, Motion Docket Date 2/13/97 [40-1] motion , filed. (fmremp) (Entered: 01/29/1997) |
| 01/24/1997 | 42 | Transcript request [35-1] appeal. Transcript already on file with Clerk's office. Complete hearings 3/22/95, 11/7/95, 2/20/96, 2/27/96, 2/29/96, 3/29/96, 4/3/96, 4/24/96, 5/10/96, 10/25/96, 10/31/95, 11/7/95, 11/15/95, 1/21/96, |

Appendix - 38

DC CM/ECF LIVE- US District Court-Texas Southern       Page 7 of 13

Case 4:20-cv-00073 Document 101 Filed on 07/03/20 in TXSD Page 39 of 118
Case 4:20-cv-00073 Document 54-1 Filed on 04/23/20 in TXSD Page 37 of 118

0513

| | | 2/20/96, 2/27/96, 2/29/96, 3/29/96, 4/3/96, 4/24/96, 5/10/96, 5/13/96, 5/16/96, 1/21/96, 5/2/96, 5/13/96, 5/16/96, 10/31/95, 1/14/96, 10/24/95, 10/25/95, 10/31/95. Rptr: ERO, filed. (fmremp) Modified on 01/31/1997 (Entered: 01/29/1997) |
|---|---|---|
| 01/24/1997 | 39 | RESPONSE by Niel NMI Morgan in opposition to [33-1] Feldman's Partially unopposed motion to vacate [29-1] designated order , filed (fmremp) (Entered: 01/31/1997) |
| 01/28/1997 | | Notice of appeal and certified copy of docket transmitted to USCA: [35-1] appeal (fmremp) (Entered: 01/28/1997) |
| 01/28/1997 | | USCA appeal fees received $ 105.00 Receipt #: 464154 [35-1] appeal Parties ntfd. (fmremp) (Entered: 01/28/1997) |
| 01/29/1997 | 41 | ORDER granting [37-1] motion to extend time deadlines for Feldman and Matz to submit one copy of all documents designated for the appeal as set forth in this court's order entered 1/14/97 to 1/31/97, entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) Modified on 01/29/1997 (Entered: 01/29/1997) |
| 01/29/1997 | 44 | NOTICE of Filing of Documents Previously Designated in Designation of Record on Appeal by Stewart A Feldman, Marla B. Matz , filed. This filing contains 3 expandable folders. (fmremp) (Entered: 02/03/1997) |
| 01/31/1997 | 45 | SUPPLEMENT to [44-1] notice of filing of documents previously designated in designation of record on appeal by Stewart A Feldman, Marla B. Matz , filed. Documents are filed in 2 brown expandable folders. (fmremp) Modified on 02/05/1997 (Entered: 02/05/1997) |
| 02/02/1997 | | NOTICE of Docketing NOA from USCA Re: [51-1] appeal USCA NUMBER: 97-20079 (fmremp) (Entered: 02/21/1997) |
| 02/04/1997 | 46 | REPORT and MOTION for relief under frcp 70 , for a show cause order by Niel Morgan, Motion Docket Date 2/24/97 [46-1] motion, 2/24/97 [46-2] motion , filed. (psmith) (Entered: 02/10/1997) |
| 02/04/1997 | 51 | NOTICE OF CROSS-APPEAL of [29-1] order by Niel Morgan , filed. (fmremp) (Entered: 02/11/1997) |
| 02/04/1997 | 52 | DESIGNATION by Niel Morgan of additional matters to be included in the record on appeal, filed (fmremp) (Entered: 02/11/1997) |
| 02/04/1997 | 52 | STATEMENT OF ISSUES ON APPEAL by Niel NMI Morgan , filed. (fmremp) (Entered: 02/11/1997) |
| 02/05/1997 | 47 | MOTION to set alternative security to supersede sanctions judgment by Stewart A Feldman and Matz Real Estate filed; Motion Docket Date 2/25/97 [47-1] motion . (fmremp) (Entered: 02/10/1997) |
| 02/05/1997 | 48 | RESPONSE by Stewart A Feldman and Marla B. Matz to [46-1] motion for relief under frcp 70, [46-2] motion for a show cause order, filed. (fmremp) (Entered: 02/10/1997) |
| 02/05/1997 | 49 | |

DC CM/ECF LIVE- US District Court-Texas Southern     Page 8 of 13

Case 4:20-cv-00973 Document 101 Filed on 07/02/20 in TXSD Page 40 of 118
Case 4:20-cv-00973 Document 52-1 Filed on 04/23/20 in TXSD Page 340 of 512

0514

| | | MOTION for extension of deadlines by Stewart A Feldman and Marla B. Matz filed; Motion Docket Date 2/25/97 [49-1] motion . (fmremp) (Entered: 02/10/1997) |
|---|---|---|
| 02/05/1997 | 50 | NOTICE of clerical error in regards to designation of record by Stewart A Feldman and Marla B. Matz, filed (fmremp) (Entered: 02/10/1997) |
| 02/05/1997 | | NOTICE of Docketing NOA from USCA Re: [25-1] appeal, [35-1] appeal USCA NUMBER: 97-20079 (fmremp) (Entered: 02/11/1997) |
| 02/10/1997 | 53 | ORDER denying Feldman and Matz's [47-1] motion to set alternative security to supersede sanctions judgment; denying Niel Morgan's [46-1] motion for relief under frcp 70; denying Niel Morgan's [46-2] motion for a show cause order , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 02/11/1997) |
| 02/11/1997 | | Notice of appeal and certified copy of docket transmitted to USCA: [51-1] appeal (fmremp) (Entered: 02/11/1997) |
| 02/14/1997 | 54 | RESPONSE by Stewart A Feldman, Marla B. Matz to Bennion's [40-1] motion for clarification of order dated 1/14/97, filed. (ddarneille) (Entered: 02/18/1997) |
| 02/20/1997 | 56 | MOTION for execution in aid of judgment by Niel NMI Morgan, Motion Docket Date 3/12/97 [56-1] motion , filed. (fmremp) (Entered: 02/24/1997) |
| 02/21/1997 | 55 | ORDER denying as moot [40-1] motion for clarification of order dated 1/14/97 , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 02/21/1997) |
| 02/26/1997 | | Certified and transmitted DESIGNATED record on appeal consisting of 2 vol. pleadings to U.S. Court of Appeals: [51-1] appeal, [35-1] appeal, [25-1] appeal . Circuit No. 97-20079 Parties ntfd. (as to pleadings from this civil action only) (fmremp) (Entered: 02/26/1997) |
| 02/28/1997 | 57 | RESPONSE by Stewart A Feldman, Marla B. Matz to [56-1] Niel Morgan's motion for execution in aid of judgment , filed. (fmremp) (Entered: 03/03/1997) |
| 02/28/1997 | 58 | MOTION to set alternative security and stay execution by Stewart A Feldman, Marla B. Matz, Motion Docket Date 3/20/97 [58-1] motion , filed. (fmremp) (Entered: 03/03/1997) |
| 03/10/1997 | 59 | ORDER OF USCA (certified copy) IT IS ORDERED that the motion of appellees to dismiss the appeal is GRANTED, Re: [51-1] appeal , The additional appeal and cross-appeal still remains open in our Court. The main case number will now be 97-20098, filed. [97-20079] (mmapps) (Entered: 03/10/1997) |
| 03/10/1997 | | USCA appeal fees received $ 105.00 Receipt #: 465448 Parties ntfd. (fmremp) (Entered: 03/10/1997) |
| 03/10/1997 | | NOTICE of Docketing ROA from USCA Re: [35-1] appeal, [25-1] appeal USCA NUMBER: 97-20079 (fmremp) (Entered: 03/11/1997) |

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 9 of 13

Case 4:20-cv-00973 Document 101 Filed on 07/03/20 in TXSD Page 41 of 118
Case 4:15-cv-00868 Document 54-21 Filed on 04/23/20 in 04/25/20 TXSD Page 83 of 103

0515

| 03/14/1997 | 60 | Second Supplemental NOTICE of filing of documents previously designated in designation of record on appeal by Stewart A Feldman, Marla B. Matz, filed. Attachments filed in expandable folder. (fmremp) (Entered: 03/19/1997) |
|---|---|---|
| 03/17/1997 | 61 | ORDER denying Felman and Matz's Amended [58-1] motion to set alternative security and stay execution , entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (psmith) (Entered: 03/19/1997) |
| 03/17/1997 | 62 | RESPONSE and OBJECTION by Niel Morgan to the Feldman's Amended [58-1] motion to set alternative security and stay execution , filed (psmith) (Entered: 03/21/1997) |
| 04/04/1997 | | Transmitted supplemental record on appeal: [35-1] appeal, [25-1] appeal (97-20098) 1 vol. pleadings, 2 exp. folders of Bankruptcy Papers. (fmremp) (Entered: 04/04/1997) |
| 04/17/1997 | | NOTICE of Docketing ROA from USCA Re: [35-1] appeal, [25-1] appeal USCA NUMBER: 97-20098 (fmremp) (Entered: 04/21/1997) |
| 04/22/1997 | 63 | ORDER denying Niel Morgan's [56-1] motion for execution in aid of judgment , entered; Parties notified. ( signed by Judge Norman W. Black ) (fmremp) (Entered: 04/23/1997) |
| 07/08/1997 | 64 | MOTION to transfer civil action by Niel Morgan, Motion Docket Date 7/28/97 [64-1] motion , filed. (fmremp) (Entered: 07/08/1997) |
| 07/09/1997 | 65 | ORDER striking [64-1] motion to transfer civil action , and answer/cross-claim, entered; Morgan is advised that pleadings pertaining to civil action H-97-2084 should be filed only in that case. Parties notified. ( signed by Judge Norman W. Black ) (fmremp) Modified on 07/11/1997 (Entered: 07/09/1997) |
| 08/15/1997 | 67 | SECOND AMENDED MOTION to set alternative security , and to stay execution by Stewart A Feldman, Marla B. Matz, Motion Docket Date 9/4/97 [67-1] motion, 9/4/97 [67-2] motion , filed. (ltien) (Entered: 08/18/1997) |
| 09/08/1997 | 68 | ORDER, entered; Stewart Feldman and Marla Matz' [67-1] second amended motion to set alternative security and [67-2] motion to stay execution is GRANTED TO THE EXTENT that the proposed alternative security of cash or standard supersedeas bond is approved and execution of the Final Judgment will be stayed upon the posting of the approved alternative security; Parties notified. ( signed by Judge Melinda Harmon ) (ltien) (Entered: 09/08/1997) |
| 09/08/1997 | 69 | ORDER OF USCA (certified copy) Appellant's unopposed motion to supplement the record has been Granted Re: [35-1] appeal, [25-1] appeal, filed. (USCA #97-20098) (bdaniel) (Entered: 09/09/1997) |
| 09/24/1997 | 70 | EXPEDITED MOTION to vacate orders pursuant to Fed.R.Civ.P. 60(b) by Stewart A Feldman, Marla B. Matz, Motion Docket Date 10/14/97 [70-1] motion , filed. (large instrument/in brown exp. folder) (fmremp) (Entered: 09/24/1997) |
| 10/06/1997 | 71 | RESPONSE by Niel Morgan to Matz and Feldman's [70-1] motion to vacate orders pursuant to Fed.R.Civ.P. 60(b) , filed. (ltien) (Entered: 10/06/1997) |
| 10/06/1997 | 71 | |

DC CM/ECF LIVE- US District Court-Texas Southern                Page 10 of 13
Case 4:20-cv-00287 Document 12-1 Filed on 07/03/20 in TXSD Page 2 of 13
Case 4:05-cv-03085-D Document 142-1 Filed on 04/25/18 in TXSD Page 10 of 13
0516

| | | MOTION to dismiss Matz and Feldman's expedited motion to vacated orders pursuant to Rule 60(b) by Niel Morgan, Motion Docket Date 10/26/97 [71-1] motion , filed. (ltien) (Entered: 10/06/1997) |
|---|---|---|
| 10/06/1997 | 72 | Exhibits by Niel Morgan to his [71-1] response to and [71-1] motion to dismiss Matz and Feldman's expedited motion to vacated orders pursuant to Rule 60 (b) , filed. (ltien) (Entered: 10/06/1997) |
| 10/16/1997 | 73 | ORDER denying Stewart Feldman and Marla Matz' [70-1] motion to vacate orders pursuant to Fed.R.Civ.P. 60(b) , entered; Parties notified. ( signed by Judge Melinda Harmon ) (ltien) (Entered: 10/16/1997) |
| 10/22/1997 | 75 | NOTICE OF APPEAL of [73-1] order by Stewart A Feldman, Marla B. Matz , filed. Fee Status: paid Receipt #: 472187 (jdavenport) (Entered: 10/31/1997) |
| 10/27/1997 | 74 | DESIGNATION by Stewart A Feldman, Marla B. Matz of record on appeal and designation of issues on appeal, filed (ltien) (Entered: 10/28/1997) |
| 10/31/1997 | | Notice of appeal and certified copy of docket transmitted to USCA: [75-1] appeal (bdaniel) (Entered: 11/10/1997) |
| 11/10/1997 | 76 | Transcript request for the notice of appeal filed on 10/31/97. No hearings; by Ct Reporter: n/a, filed. (ltien) (Entered: 11/13/1997) |
| 11/13/1997 | | NOTICE of Docketing NOA from USCA Re: [75-1] appeal USCA NUMBER: 97-20917 (bdaniel) (Entered: 11/14/1997) |
| 01/13/1998 | 77 | JUDGMENT OF USCA (certified copy) 12/10/97 issued as mandate on 01/09/98 affirming the Judgment of the District Court Re: [35-1] appeal, [25-1] appeal....FURTHER ORDERED that each party bear its own costs on appeal, filed. [cca 97-20098] (mmapps) (Entered: 01/13/1998) |
| 01/13/1998 | 78 | Copy of PER CURIAM by USCA, filed. (mmapps) (Entered: 01/13/1998) |
| 01/13/1998 | | Record on appeal returned from U.S. Court of Appeals:Rec'd 2 vol of designated record, 1 designated supplemental, and 2 expandable folder of BKR papers, 1 supplemental record, file compared to original and copies destroyed. (mmapps) (Entered: 01/13/1998) |
| 01/13/1998 | 79 | Rec'd supplemental record from USCA Appellants' motion to supplement or correct record,08/29/97, filed (mmapps) (Entered: 01/13/1998) |
| 01/22/1998 | | Certificate of Readiness issued to 5th Circuit Court of Appeals. USCA NUMBER: 97-20917. Parties ntfd. (bdaniel) (Entered: 01/22/1998) |
| 01/28/1998 | 80 | APPLICATION for appointment of receiver , and for entry of order authorizing sale in aid of execution by Niel Morgan, Motion Docket Date 2/17/98 [80-1] motion, 2/17/98 [80-2] motion , filed. (ltien) (Entered: 01/29/1998) |
| 01/28/1998 | 81 | Exhibits by Niel Morgan to his [80-1] motion for appointment of receiver, [80-2] motion for entry of order authorizing sale in aid of execution , filed (in brown expandex folder). (ltien) (Entered: 01/29/1998) |
| 01/28/1998 | | |

Appendix - 42

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 11 of 13

Case 4:20-cv-00873 Document 12-1 Filed on 07/03/20 in TXSD Page 12 of 13
Case 4:05-cv-03037 Document 12-1 Filed on 04/25/17 in TXSD Page 11 of 13

0517

|  |  | Received Request For Appellate File Zip Disk from Niel Morgan . (bdaniel) (Entered: 01/30/1998) |
| --- | --- | --- |
| 01/30/1998 |  | Forwarded Appellate File Zip Disk to Niel Morgan . [0-0] zip disk appeal (bdaniel) (Entered: 01/30/1998) |
| 02/09/1998 |  | Received Request For Appellate File Zip Disk from Stewart A Feldman, Marla B. Matz . (bdaniel) (Entered: 02/10/1998) |
| 02/10/1998 |  | Forwarded Appellate File Zip Disk to Stewart A Feldman, Marla B. Matz . [0-0] zip disk appeal (bdaniel) (Entered: 02/10/1998) |
| 02/11/1998 | 82 | JUDGMENT OF USCA (certified copy) 12/10/97 issued as mandate on 02/06/98 affirming the Judgment of the District Court Re: [75-1] appeal....FURTHER ORDERED that each party bear its own costs on appeal, filed. [cca 97-20098] (mmapps) (Entered: 02/11/1998) |
| 02/11/1998 | 83 | Copy of PER CURIAM by USCA, filed. (mmapps) (Entered: 02/11/1998) |
| 02/20/1998 | 84 | Copy of RESPONSE by Stewart A Feldman, Marla B. Matz in opposition to Niel C Morgan's [80-1] application for appointment of receiver, [80-2] motion for entry of order authorizing sale in aid of execution , filed (ltien) (Entered: 02/23/1998) |
| 02/20/1998 | 84 | Copy of REQUEST by Stewart A Feldman, Marla B. Matz for oral submission of Niel C Morgan's application for appointment of receiver and for order authorizing sale in aid of execution, filed. (ltien) (Entered: 02/23/1998) |
| 02/25/1998 | 85 | ORDER denying Niel Morgan's [80-1] motion for appointment of receiver and [80-2] motion for entry of order authorizing sale in aid of execution , entered; Parties notified. ( signed by Judge Melinda Harmon ) (ltien) (Entered: 02/26/1998) |
| 03/05/1998 | 86 | MOTION to compel production of documents by Niel Morgan, Motion Docket Date 3/25/98 [86-1] motion , filed. (ltien) (Entered: 03/06/1998) |
| 03/25/1998 | 87 | RESPONSE by Stewart A Feldman, Marla B. Matz in opposition to Morgan's [86-1] motion to compel production of documents, filed. (part 1 of 2) (ddarneille) (Entered: 03/25/1998) |
| 03/25/1998 | 87 | REQUEST/MOTION for rulings on objections , and request for a protective order by Stewart A Feldman, Marla B. Matz, Motion Docket Date 4/14/98 [87-1] motion, 4/14/98 [87-2] motion , filed. (part 2 of 2) (ddarneille) Modified on 03/27/1998 (Entered: 03/25/1998) |
| 03/27/1998 |  | CASE reassigned to Judge John D. Rainey (ddarneille) (Entered: 03/27/1998) |
| 04/15/1998 |  | CASE assigned to Judge Melinda Harmon (psmith) (Entered: 04/15/1998) |
| 04/29/1998 | 88 | ORDER granting Niel Morgan's [86-1] motion to compel production of documents and Marla Matz and Stewart Feldman's [87-2] request for a protective order; parties shall submit to the Court by 5/15/98 an agreed Protective Order limiting disclosure of the financial information requested by Morgan , entered; Feldman and Matz shall comply fully with Morgan's Request for Production of Documents within thirty days of entry of the |

Appendix - 43

DC CM/ECF LIVE- US District Court-Texas Southern                    Page 12 of 13
Case 4:20-cv-00873 Document 12-1 Filed on 07/03/20 in TXSD Page 44 of 118
Case 4:05-cv-03083 Document 112-1 Filed on 04/26/07 in TXSD Page 12 of 13
0518

| | | |
|---|---|---|
| | | Protective Order. Parties notified. ( signed by Judge Melinda Harmon ) (ltien) Modified on 04/30/1998 (Entered: 04/30/1998) |
| 05/13/1998 | 89 | MOTION for entry of protective order by Niel Morgan, Motion Docket Date 6/2/98 [89-1] motion , filed. (ltien) (Entered: 05/14/1998) |
| 05/15/1998 | | Rec'd and fwd to CRD: proposed protective order (ltien) (Entered: 05/15/1998) |
| 05/20/1998 | 90 | RESPONSE by Stewart A Feldman, Marla B. Matz in opposition to Niel Morgan's [89-1] motion for entry of protective order , filed (ltien) (Entered: 05/20/1998) |
| 05/20/1998 | 91 | PROTECTIVE ORDER granting Niel Morgan's [89-1] motion for entry of protective order , entered. Parties ntfd. ( Signed by Judge Melinda Harmon ) (ltien) (Entered: 05/22/1998) |
| 07/02/1998 | | Certified and transmitted record on appeal consisting of 5 Vols - Original Record, 1 Vol - Transcript to U.S. Court of Appeals. Circuit No. 97-20917 Parties ntfd. (bdaniel) (Entered: 07/02/1998) |
| 09/01/1998 | | Deadline updated per [88-2] order; mooting Stewart Feldman and Marla Matz's [87-1] motion for rulings on objections (ltien) (Entered: 09/01/1998) |
| 10/21/1998 | 92 | The petition for a writ of certiorari filed with the Supreme Court has been Denied; Court of Appeals #: 97-20098, filed. (bdaniel) (Entered: 10/22/1998) |
| 01/07/1999 | 93 | JUDGMENT OF USCA (certified copy) 12/11/98 issued as mandate on 01/05/99 affirming the Judgment of the District Court. IT IS FURTHER ORDERED that appellants pay to appellee the costs on appeal to be taxed by the Clerk of this Court , filed. [cca 97-20917] (mmapps) (Entered: 01/07/1999) |
| 01/07/1999 | 94 | Copy of PER CURIAM by USCA, filed. [cca 97-20917] (mmapps) (Entered: 01/07/1999) |
| 01/07/1999 | | Record on appeal returned from U.S. Court of Appeals: Rec'd 5 vol of record, 1 vol of transcript, file reass'd fwd to fileroom. (mmapps) (Entered: 01/07/1999) |
| 02/01/1999 | 95 | EMERGENCY MOTION for clarification of jurisdiction over [29-1] order by Stewart A Feldman, Marla B. Matz, Motion Docket Date 2/21/99 [95-1] motion , filed. (ltien) (Entered: 02/02/1999) |
| 02/01/1999 | 95 | REQUEST by Stewart A Feldman, Marla B. Matz for oral hearing on their emergency motion for order clarifying jurisdiction, filed. (ltien) (Entered: 02/02/1999) |
| 02/04/1999 | 96 | RESPONSE by Niel Morgan to [95-1] motion for clarification of jurisdiction over [29-1] order , filed. (hlerma) (Entered: 02/05/1999) |
| 02/05/1999 | 97 | NOTICE of Plan for Disposition of Sanctions by Stewart A Feldman, Marla B. Matz , filed (fmremp) (Entered: 02/08/1999) |
| 02/09/1999 | 98 | REPLY by Stewart A Feldman, Matz Real Estate Ser to response to [95-1] motion for clarification of jurisdiction over [29-1] order , filed (hlerma) (Entered: 02/10/1999) |
| 02/10/1999 | 99 | |

Appendix - 44

Case 4:20-cv-02873 Document 12-1 Filed on 07/03/20 in TXSD Page 45 of 118
Case 2:05-cv-30873D Document 12-1 Filed on 04/26/20 04/26/07 Page 13 of 13

0519

| | | RESPONSE by Niel Morgan to [97-1] "Plan for disposition of Sancitons" , filed. (fmremp) (Entered: 02/10/1999) |
|---|---|---|
| 02/11/1999 | 100 | ORDER denying Stewart Feldman and Marla Matz's [95-1] motion for order clarifying jurisdiction and [95-1] request for oral hearing, entered; Parties notified. ( signed by Judge Melinda Harmon ) (ltien) (Entered: 02/12/1999) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/18/2017 14:06:45 | | |
| **PACER Login:** | Feld1850:2629052:0 | **Client Code:** | rsl |
| **Description:** | Docket Report | **Search Criteria:** | 4:96-cv-02489 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

Appendix - 45

Case 4:20-cv-00878  Document 10-1 Filed on 04/20/20 in TXSD  Page 46 of 118
0520

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUL 02 1996

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                          §
MATZ REAL ESTATE SERVICES,      §   CIVIL ACTION NO. H-96-1840
INC.,                           §
     Debtor.                    §   BANKRUPTCY NO. 95-47986-H4-11
                                §

## DISMISSAL AND SHOW CAUSE ORDER

Appellants Marla Matz and Stewart A. Feldman filed their
Notice of Appeal from the April 24, 1996 order of the Bankruptcy
Court which was entered May 1, 1996.  The appeal was filed in the
District Court on June 7, 1996.  Appellants have failed to file
their brief within fifteen days as required by Bankruptcy Rule
8009.   Attorney Feldman also noticed appeals in this bankruptcy
matter and failed to file briefs in Civil Actions No. 96-1413, 96-
1414, and 96-1839.   Because the appellants failed to file their
brief in this case, it is hereby

ORDERED that this appeal is **DISMISSED.**

IT IS FURTHER ORDERED that Stewart A. Feldman shall
appear before the Court on July 26, 1996 at 9:30 a.m. to show cause
why he should not be sanctioned for repeatedly filing notices of
appeal from bankruptcy court orders and failing to file appellant's
brief.   The Court retains jurisdiction over the sanctions issue.

SIGNED this 1st day of July, 1996, at Houston, Texas.

NORMAN W. BLACK
CHIEF JUDGE

Exhibit 4
Appendix - 46

DC CM/ECF LIVE- US District Court-Texas Southern　　　　　　Page 1 of 3
Case 4:20-cv-00978　Document 10-1　Filed on 07/03/20 in TXSD　Page 17 of 118
Case 4:20-cv-00978　Document 32-3　Filed on 04/26/20 in TXSD　page 21 of 118

0521

CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:96-cv-01840

| | |
|---|---|
| In Re: MBM Investment DB v. | Date Filed: 06/07/1996 |
| Assigned to: Judge Norman W. Black | Date Terminated: 07/01/1996 |
| Demand: $0 | Jury Demand: None |
| Case in other court: Bkcy, 95-47986 | Nature of Suit: 422 Bankruptcy Appeal |
| Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA) | (801) |
| | Jurisdiction: Federal Question |

**Appellant**

**Stewart A Feldman**　　　　　　represented by　**Stewart A Feldman**
　　　　　　　　　　　　　　　　　　　　　　One Riverway Ste 650
　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77056-1903
　　　　　　　　　　　　　　　　　　　　　　713-850-0700
　　　　　　　　　　　　　　　　　　　　　　PRO SE

**Appellant**

**DDS Marla B Matz**　　　　　　represented by　**Stewart A Feldman**
　　　　　　　　　　　　　　　　　　　　　　The Feldman Law Firm LLP
　　　　　　　　　　　　　　　　　　　　　　1980 Post Oak Blvd
　　　　　　　　　　　　　　　　　　　　　　Ste 1900
　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77056
　　　　　　　　　　　　　　　　　　　　　　713-850-0700
　　　　　　　　　　　　　　　　　　　　　　Email: sfeldman@feldlaw.com
　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Matz Real Estate Services Inc**　　　represented by　**Craig Harwyn Cavalier**
　　　　　　　　　　　　　　　　　　　　　　P O BOX 270565
　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77277
　　　　　　　　　　　　　　　　　　　　　　713-621-4720
　　　　　　　　　　　　　　　　　　　　　　Fax: 713-621-4779
　　　　　　　　　　　　　　　　　　　　　　Email: ccavalier@cavalierlaw.com
　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Debtor**

Appendix - 47
Exhibit 5

DC CM/ECF LIVE- US District Court-Texas Southern                     Page 2 of 3
Case 4:20-cv-00878   Document 30-1   Filed on 07/03/20 in TXSD   Page 48 of 118
Case 4:16-cv-02875   Document 38-3   Filed on 04/18/2017   in TXSD   page 2 of 3
0522

**MBM Investment Real Estate L P**

<u>Amicus</u>

| | |
|---|---|
| **U S Bankruptcy Clerk** | represented by **U S Bankruptcy Clerk** |
| | U S Bankruptcy Clerk's Office |
| | 515 Rusk |
| | Houston, TX 77002 |
| | 713/250-5115 |
| | PRO SE |

<u>Amicus</u>

| | |
|---|---|
| **Judge William R Greendyke** | represented by **William R Greendyke** |
| | U S Bankruptcy |
| | 515 Rusk |
| | Ste 4202 |
| | Houston, TX 77002 |
| | 713-250-5470 |
| | PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/1996 | 2 | NOTICE OF TRANSFER ( to Chief Judge Norman W. Black ) Bankruptcy-related, filed. Parties notified. (fmremp) (Entered: 06/10/1996) |
| 06/06/1996 | | TRANSFER NOTICE of Civil Action H-96-1840 - Bankruptcy related case reassigned to Judge Black (fmremp) (Entered: 06/12/1996) |
| 06/07/1996 | 1 | NOTICE of docketing bankruptcy record on appeal ( Bk# 95-47986-H4-11 Adv# ), , filed. Appellant's brief due 6/22/96 for Marla B Matz, for Stewart A Feldman (fmremp) (Entered: 06/10/1996) |
| 07/01/1996 | 3 | DISMISSAL AND ORDER TO SHOW CAUSE: Show Cause Hearing set for 9:30 7/26/96 for Stewart A. Feldman to show why he should not be sanctioned for repeatedly filing notices of appeal from bankruptcy court orders and failing to file appellant's brief., entered; Parties notified; Appellants failed to file their brief in this case therefore this appeal is dismissed. ( signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 07/02/1996) |
| 07/01/1996 | | Case closed (bchurchill) (Entered: 07/02/1996) |
| 07/26/1996 | 4 | Exhibit list by Stewart A Feldman , filed (bchurchill) (Entered: 07/29/1996) |
| 07/26/1996 | 5 | Minute Entry Order: Heaing held; App: Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy court orders, in either the U.S. Bankruptcy Court or the U.S. District Court for the Southern District of Tx. until the sanctions imposed by U.S. Bankruptcy Judge Greendyke have been paid in full. terminated previous deadlines Ct Reporter: ERO/VC , entered. Parties ntfd. ( Signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 07/29/1996) |
| 08/01/1996 | 6 | |

| | | CERTIFIED COPY OF ORDER , entered; Parties notified. Stewart Feldman and/or Dr. Marla Matz shall immediately deposit into the registry of this court any and all money in whatever form received by them or anyone on their behalf from Universal Surety of America, its successors or assigns, relating to the $250,000.00 collateralized supersedeas bond which was order reduced to $80,000.00 by the court of appeals for the first District of Texas on July 25, 1996. ( signed by Chief Judge Norman W. Black ) (bchurchill) (Entered: 08/01/1996) |
| 08/30/1996 | 7 | NOTICE of tender of monies by Stewart A Feldman, Marla B Matz , filed (bchurchill) (Entered: 09/03/1996) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 04/18/2017 16:18:23 | | | |
| **PACER Login:** | Feld1850:2629052:0 | **Client Code:** | rsl |
| **Description:** | Docket Report | **Search Criteria:** | 4:96-cv-01840 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Appendix - 49

Case 4:20-cv-00878   Document 30-4   Filed 02/26/20 in TXSD   Page 50 of 118
0524

Cause No. 98-23599

| | | |
|---|---|---|
| MATZ REAL ESTATE SERVICES, INC., ET.AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | 125th JUDICIAL DISTRICT |
| UNIVERSAL SURETY OF AMERICA | § | |
| | § | |
| NIEL MORGAN, INTERVENOR | § | |
| | § | |
| vs. | § | |
| | § | |
| MATZ REAL ESTATE SERVICES, INC., ET.AL. | § | |
| | § | |
| ROY I. BENNION, INTERVENOR | § | |



**F I L E D**
CHARLES BACARISSE
District Clerk

JUN 2 6 2000

Harris County, Texas

By _____
Deputy

## AGREED ORDER

A.      Stewart A. Feldman ("Feldman") and Marla B. Matz ("Matz") and each of the entities listed on Exhibit "A" (the "Matz/Feldman Affiliates") attached hereto stipulate as follows—

1.      Matz and/or Feldman control each of the entities and persons that are listed on Exhibit "A" to this Agreed Order.

2       Each of the entities and persons that are listed on Exhibit "A" are bound by this Agreed Order

3       Neither Matz, Feldman, nor the Matz/Feldman Affiliates have transferred, assigned, pledged, hypothecated or otherwise disposed of any claim or cause of action against Niel Morgan, his attorneys, agents, affiliates listed on the attached Exhibit "B" (hereafter referred to as the "Morgan Affiliates") or any entity owned by Niel Morgan or the Morgan Affiliates

4       No entity owned (in whole or in part) or controlled (in whole or in part) by Matz, Feldman, or a Matz/Feldman Affiliate owns any claim against Niel Morgan, his attorneys, agents, the Morgan Affiliates or any entity owned by Niel Morgan or the Morgan Affiliates, except for claims that are fully released and discharged by this Agreed Order.

5.      The real property described on Exhibit "C", attached hereto, is hereafter referred to as the "Cypress Park Property." Feldman stipulates that Morgan makes no representations regarding the Cypress Park Property, including without limitation the ownership of the Cypress Park Property or the existence or legal effect of any documents or agreements governing the ownership, operation, sale, or management of the Cypress Park Property

Agreed Order
Page 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
reproduction and/or alterations were
present at the time of imaging



Appendix - 50
Exhibit 6

**B.    Niel Morgan ("Morgan") stipulates as follows—**

6    Niel Morgan owns or controls, in whole or in part, each of the entities listed on Exhibit "B"(referred to as "the Morgan Affiliates")  Each of the entities listed on Exhibit "B" are bound by this Agreed Order

7.    Neither Morgan nor any entity listed on Exhibit "B" has transferred, assigned, pledged, hypothecated or otherwise disposed of any claim or cause of action against Matz, Feldman, or a Matz/Feldman  Affiliate, their attorneys, agents, affiliates or any entity owned by Matz, Feldman, or a Matz/Feldman Affiliate.

8.    No entity owned (in whole or in part) or controlled (in whole or in part) by Morgan or any Morgan Affiliate owns any claim against Matz, Feldman, or a Matz/Feldman Affiliate, except for claims that are fully released and discharged by this Agreed Order.

9.    Morgan and the Morgan Affiliates represent and warrant to Matz, Feldman and the Matz/Feldman Affiliates, as a condition of their entering into this Agreed Order that neither Morgan, any Morgan Affiliate, nor any entity owned or controlled by them (in whole or in part).  (a) owns any direct or indirect interest in the Vickery Woods Property, as further described on Exhibit "D"; (b) has owned any direct or indirect interest in the Vickery Woods Property at any time since the date on which the Vickery Woods Property was transferred by order of the 125th Judicial District Court of Harris County, Texas; or (c) has or has had any business relationship with William C. Crawford, or to the best of Morgan's and Morgan's Affiliates' knowledge, any of William C. Crawford's affiliates.

10.    Upon entry of this Agreed Order, Morgan and the Morgan Affiliates shall release their interest, if any, in any appeal or supersedeas bonds, if any, posted by Matz, Feldman or a Matz/Feldman Affiliate in favor of Morgan or any Morgan Affiliate, including, by way of example and not by way of limitation, in causes of action 92-07396, 92-07396-A or 92-07396-B, each of which was originally pending in the State District Courts of Harris County, Texas and each of which is now pending before the appellate courts of the State of Texas.  Upon entry of this Agreed Order, Matz, Feldman, and the Matz/Feldman Affiliates shall release their interest, if any, in any appeal or supersedeas bonds, if any, posted by Morgan or a Morgan Affiliate in favor of Matz, Feldman or any Matz/Feldman Affiliate

11    Morgan acknowledges that the transfer of the Cypress Park Property from Bennion to Feldman and Matz, or their designee, is intended to compensate Feldman and Matz for all sanctions paid, all receivers fees and related costs and expenses, all attorneys fees for both trial and appeal, and all other costs and expenses incurred by Feldman and Matz in connection with the sanctions judgment issued by Judge Norman Black on January 14, 1997 based upon the orders of Judge Greendyke in the United States Bankruptcy Court.  Morgan acknowledges that Feldman and Matz assert that such sanctions were inappropriately claimed and inappropriately awarded against Feldman and Matz  Any claim by Matz, Feldman, or the Matz/Feldman Affiliates with respect to such matters is intended to be covered by the release in paragraph 17 hereto

Agreed Order
Page 2

**C.** The following actions shall be taken forthwith—

12     Matz, Feldman, and the Matz/Feldman Affiliates hereby release all his pendens and other claims of any kind or nature whatsoever to the Cypress Park Property that is described on Exhibit "C" attached hereto, and the Beltway Property described in Exhibit "E" attached hereto Nothing herein shall preclude Matz, Feldman, and the Matz/Feldman Affiliates from claiming title to the Cypress Park Property, as such title is being transferred to them by Benmon

13.     Morgan and the Morgan Affiliates hereby release all lis pendens and other claims of any kind or nature whatsoever to the Cypress Park Property that is described on Exhibit "C" attached hereto, and the Beltway Property described in Exhibit "E" attached hereto.

14     Upon entry of this Agreed Order, neither Matz, Feldman nor any Matz/Feldman Affiliate shall have any claims against Morgan or the Morgan Affiliates by virtue of that certain Joint Ownership Agreement, a copy of which is attached as Exhibit "F". Additionally, Matz, Feldman, and the Matz/Feldman Affiliates agree not to accept an assignment of claims against Morgan or the Morgan Affiliates with respect to matters related to the Joint Ownership Agreement, attached as Exhibit "F". Upon entry of this Agreed Order, neither Morgan nor any Morgan Affiliate shall have any claims against Matz, Feldman, or any Matz/Feldman Affiliates by virtue of that certain Joint Ownership Agreement, a copy of which is attached as Exhibit "F". Additionally, Morgan and the Morgan Affiliates agree not to accept an assignment of claims against Matz, Feldman, or the Matz/Feldman Affiliates with respect to matters related to the Joint Ownership Agreement, attached as Exhibit "F".

15.     Neither Matz, Feldman, the Matz/Feldman Affiliates, Morgan, nor the Morgan Affiliates shall bring suit against Matz, Feldman, the Matz/Feldman Affiliates, Morgan, the Morgan Affiliates, or against any owner of the properties described in the attached Exhibits C, D, E, or F, for any claims relating to any of the aforementioned properties that accrued from the beginning of the Universe through this date, except any claims for the enforcement of this Agreed Order.

16.     Neither Morgan, any Morgan Affiliate, Matz, Feldman, nor any Matz/Feldman Affiliate shall file any document or take any action that clouds the title, creates a lien, claim or encumbrance on, or impairs the free transferability of the Cypress Park Property described on the attached Exhibit "C" or the Beltway Property described on the attached Exhibit "E"  Each and every person or entity hereafter acquiring any of the property described on Exhibits "C" or "E", and each insurer of title thereto, shall have the right to rely hereon

**D.**     Except with respect to obligations specifically set forth in this Agreed Order—

17     Morgan, the Morgan Affiliates, their attorneys (including without limitation Marvin Isgur and any law firm of which he is or ever has been a member), agents, and affiliates (including without limitation Intermarque Automotive Products, Inc ) are fully released and discharged of any liability to Matz, Feldman, the Matz/Feldman Affiliates, their attorneys, agents and affiliates, arising

Agreed Order
Page 3

from the beginning of the Universe through this date. It is the intent of this Agreed Order that, solely except with respect to a failure to perform obligations under this Agreed Order, all liabilities, claims, judgments, and causes of action now existing or hereafter arising, whether contingent or resolved, liquidated or unliquidated, known or unknown, certain or uncertain, choate or inchoate, secured or unsecured, written or oral, arising in tort, equity or contract, and in any way arising out of any relationship or transaction between Morgan, the Morgan Affiliates, and Matz, Feldman, and/or the Matz/Feldman Affiliates (including, without limitation, those for fraud, usury, slander, libel, wrongful imprisonment, breach of fiduciary duty, wrongful prosecution, tortious interference with contract, breach of contract, trespass, personal injury, business injury, or any liability or claim related to any transaction with Roy I. Bennion, or any other claim that is imaginable) is released, waived, and forever discharged without exception Notwithstanding the foregoing, Matz, Feldman, and the Matz/Feldman Affiliates do not release any rights or duties arising under any court order or injunction

18.    Matz, Feldman, and the Matz/Feldman Affiliates, their attorneys, agents and affiliates are fully released and discharged of any liability to Morgan and the Morgan Affiliates, their attorneys, agents and affiliates, arising from the beginning of the Universe through this date. It is the intent of this Agreed Order that, solely except with respect to a failure to perform obligations under this Agreed Order, all liabilities, claims, judgments, and causes of action now existing or hereafter arising, whether contingent or resolved, liquidated or unliquidated, known or unknown, certain or uncertain, choate or inchoate, secured or unsecured, written or oral, arising in tort, equity or contract, and in any way arising out of any relationship or transaction between Morgan, the Morgan Affiliates, and Matz, Feldman, or the Matz/Feldman Affiliates (including, without limitation, those for fraud, usury, slander, libel, wrongful imprisonment, breach of fiduciary duty, wrongful prosecution, tortious interference with contract, breach of contract, trespass, personal injury, business injury, or any liability or claim related to any transaction with Roy I Bennion, or any other claim that is imaginable) is released, waived, and forever discharged without exception. Notwithstanding the foregoing, Morgan and the Morgan Affiliates do not release any rights or duties arising under any court order or injunction.

E.     Further Orders

19.    Matz, Feldman and each Matz/Feldman Affiliate shall immediately dismiss all pending lawsuits, arbitrations and appeals of all litigation pursuant to which Niel Morgan, the Morgan Affiliates, or any of their agents or affiliates are a party, and shall take the actions provided by paragraph 21B below.

20     Morgan and the Morgan Affiliates shall immediately dismiss all pending lawsuits, arbitrations and appeals of all litigation pursuant to which Matz, Feldman, the Matz/Feldman Affiliates or their agents or affiliates are a party, and shall take the actions provided by paragraph 21B below.

21A.    Without limiting the generality of paragraphs 19 and 20, upon execution of this Agreed Order, Morgan, the Morgan Affiliates, Matz, Feldman, and the Matz/Feldman Affiliates shall

Agreed Order
Page 4

Appendix - 53

join in Agreed Motions to Dismiss all pending proceedings, including, but not limited to the following.

    (i)    No. 99-35739, *Roy I Bennion and Niel Morgan v Marla B Matz, D D S and Universal Surety of America*; 113th Judicial District Court, Harris County, Texas (a copy of this proposed Motion to Dismiss is attached hereto as Exhibit "G"),

    (ii)    No. 98-23599; *Matz Real Estate Services, Inc , et al v Universal Surety of America*, 125th Judicial District Court, Harris County, Texas (a copy of this proposed Motion to Dismiss is attached hereto as Exhibit "H"); '

    (iii)    No 01-94-00401-CV, *Stewart A, Feldman, Appellant v Roy I. Bennion and Niel C. Morgan, Appellees*, In the Court of Appeals for the First District of Texas at Houston, Texas; On Appeal from Cause No. 92-07396 in the 125th Civil District Court of Harris County, Texas (a copy of this proposed Motion to Dismiss is attached hereto as Exhibit "I");

    (iv)    No. 14-98-00486-CV; *Stewart A. Feldman, Appellant v. Roy I. Bennion and Niel C. Morgan, Appellees*, In the Court of Appeals for the Fourteenth District of Texas at Houston, Texas; On Appeal from Cause No 92-07396-B in the 125th Civil District Court of Harris County, Texas (a copy of this proposed Motion to Dismiss is attached hereto as Exhibit "J"); and

    (v)    Adversary No. 93-4437; *Intermarque Automotive Products, Inc., Plaintiff and Counter-Defendant v. Stewart A. Feldman, Defendant, Counter-Defendant and Third Party Plaintiff v. Roy I. Bennion an Niel C. Morgan, Third-Party Defendants*; In the United States Bankruptcy Court for the Southern District of Texas, Houston Division (a copy of this proposed Motion to Dismiss or Close the Case is attached hereto as Exhibit "K").

    21B.    As to No. 06-99-00124-CV; *Intermarque Automotive Products, Inc v. Stewart Feldman and Marla Matz*; In the Court of Appeals for the Sixth District of Texas at Texarkana, the parties hereto agree to forthwith file the attached Exhibit "L" in the 6th Court of Appeals and to take no further action in such appeal, including any further appeal of this matter. Once the parties sign the Agreed Motion and Order, they will have satisfied all obligations under this paragraph 21B.

    22    All disputes regarding the following matters shall be submitted to binding, mandatory arbitration·

    A.    Disputes regarding the interpretation, enforcement or implementation of this Agreed Order,

    B.    Claims that Morgan, the Morgan Affiliates, or any entity owned or controlled by them (in whole or in part) engaged in libel or slander against Matz, Feldman, a Matz/Feldman Affiliate or any entity owned in whole or in part by them;

Agreed Order
Page 5

C.    Claims that Matz, Feldman, a Matz/Feldman Affiliate or an entity owned or controlled by them (in whole or in part) engaged in libel or slander against Morgan, a Morgan Affiliate or any entity owned in whole or in part by them;

D    Disputes involving, in whole or in part, any matter the occurrence of which began in whole or in part on or before the moment of entry of this Agreed Order,

E    Claims involving the provision of any product or service by Morgan, a Morgan Affiliate, or any entity owned or controlled in whole or in part by them, to Matz, Feldman, a Matz/Feldman Affiliate or any entity owned or controlled by them (in whole or in part), whether such dispute arises in tort, contract, equity or otherwise, and whether or not such dispute involves an occurrence which began, in whole or in part, on or before the moment of entry of this Agreed Order,

F.    Claims involving the provision of any product or service by Matz, Feldman, a Matz/Feldman Affiliate, or any entity owned or controlled in whole or in part by them, to Morgan, the Morgan Affiliates, or any entity owned or controlled by them (in whole or in part), whether such dispute arises in tort, contract, equity or otherwise, and whether or not such dispute involves an occurrence which began, in whole or in part, on or before the moment of entry of this Agreed Order.

G.    The claims and disputes described in this paragraph 22, letters A-F are the only claims and disputes that shall be submitted to binding arbitration.

23.    No arbitration shall be commenced if the commencement of such an arbitration would be in violation of an injunction or order by a Court of competent jurisdiction. Arbitration shall be commenced and conducted only as set forth in this paragraph.

A    Matz, Feldman, the Matz/Feldman Affiliates or any entity in active concert with or controlled by them may commence an arbitration by and through the American Arbitration Association Any arbitration shall be considered by 3 arbitrators.

B    Morgan, the Morgan Affiliates or any entity in active concert with or controlled by them may commence an arbitration by and through the American Arbitration Association. Any arbitration shall be considered by 3 arbitrators.

C.    All arbitration fees shall be paid in cash upon commencement of the arbitration by the party commencing the arbitration. The parties may not seek nor be awarded punitive or exemplary damages regarding any dispute The prevailing party shall recover its attorneys fees in the amount of those fees paid in cash by the prevailing party, measured on an hourly fee basis No fees that have been accrued but not paid shall be counted in determining the amount of fees. No fees that are subject to refund shall be counted in determining the amount of fees. No fees incurred prior to the commencement of the arbitration shall be counted in determining the amount of fees. No fees payable to an entity that is owned in

Agreed Order
Page 6

whole or in part, directly or indirectly, by the party commencing the arbitration (or any owner or beneficial owner of such party) shall be counted in determining the amount of fees

24     It is the intention of the parties that the arbitration provisions of this Order be enforced. If, for any reason, the arbitration provisions of this Order are not enforced, the Morgan Affiliates, Matz, Feldman, and the Matz/Feldman Affiliates, irrevocably waive the right to a trial by jury and consent to a trial to the Court of any and all disputes described in paragraph 22.

25.     Each party shall bear its own costs.

26.     Concurrently with the execution of this Agreed Order, Morgan and the Morgan Affiliates shall return, and shall cause their attorneys to return, all documents (both copies, originals, summaries and extracts thereof) in their possession, custody or control, which were obtained pursuant to that certain protective order entered by the 125th Judicial District Court in cause number 1998-23599.

27.     Additionally, with regard to any and all documents (whether such be in tangible form or stored electronically or otherwise) in the possession of Morgan, the Morgan Affiliates or any of their attorneys, accountants, agents, or representatives, Morgan and the Morgan Affiliates shall destroy or cause to be destroyed within fourteen (14) business days of the entry of this Agreed Order, · all of the following documents, to the extent that they exist.

A.     All federal and state income or other types of tax returns which were filed by Matz, Feldman, or a Matz/Feldman Affiliate;

B.     All bank and brokerage account statements on accounts which were owned by Matz, Feldman, or a Matz/Feldman Affiliate;

C.     All financial statements of Matz, Feldman, or any Matz/Feldman Affiliate,

D.     All reports of any private investigator or credit reporting agency;

E.      All summaries and extracts of any of the aforementioned;

F.     All photographs and videotapes of similar information stored on another medium; and

G.     All audio and/or video recordings of such information.

This paragraph does not include (and does not require Morgan or the Morgan Affiliates to destroy) any documents which (i) are exhibits to any pleading filed in the various cases between the parties, (ii) were submitted to any court as an exhibit, or (iii) pertain to any entity in which Morgan has ever owned any interest, whether or not such an entity is or was a Matz/Feldman Affiliate.

Agreed Order
Page 7



27  All relief pertaining to Matz, Feldman, the Matz/Feldman Affiliates, Morgan and the Morgan Affiliates not expressly granted herein is denied. This is a final order as to Matz, Feldman, the Matz/Feldman Affiliates, Morgan and the Morgan Affiliates

June 29, 2000
DATE

DISTRICT JUDGE

Marvin Isgur,
Attorney for Niel C. Morgan and the Morgan Affiliates

David J. Sacks
Attorney for Stewart A. Feldman, Marla B. Matz, and the Matz/Feldman Affiliates

Approved in Form and Substance:

BY APPROVING THIS AGREED ORDER IN FORM AND SUBSTANCE, YOU ARE AGREEING TO BE BOUND BY EACH OF ITS PROVISIONS, INCLUDING WITHOUT LIMITATION THE PROVISIONS OF THE AGREED ORDER THAT MANDATE ARBITRATION OF FUTURE DISPUTES BETWEEN THE PARTIES. DO NOT SIGN THIS AGREED ORDER IF YOU DO NOT INTEND TO BE BOUND BY ALL OF ITS PROVISIONS, INCLUDING THE COMPULSORY ARBITRATION PROVISIONS.

Agreed Order
Page 8

## NO. 98-55124

| | | |
|---|---|---|
| **NIEL MORGAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, T E X A S** |
| | § | |
| **STEWART FELDMAN** | § | |
| **and MARLA MATZ** | § | **295TH JUDICIAL DISTRICT** |

### AGREED ORDER

CAME ON this day for consideration Plaintiff, **NIEL MORGAN** ("Morgan") and Defendants, **STEWART FELDMAN** ("Feldman") and **MARLA MATZ** ("Matz"), together with Intervenors, **FELDMAN/MATZ INTERESTS, L.L.P.** ("Feldman & Associates"), **TWO THOUSAND ONE BERING #5K ASSOCIATES** ("2001 Bering #5K"), **TWENTY THREE FIFTY BERING DRIVE #115 ASSOCIATES** ("2350 Bering #115"), **TWO THOUSAND ONE BERING DRIVE #3E ASSOCIATES** ("2001 Bering #3E"), **TWO THOUSAND ONE BERING DRIVE #5K ASSOCIATES, TWO THOUSAND ONE BERING DRIVE #9H ASSOCIATES** ("2001 Bering #9H") and **TWO THOUSAND TWO HUNDRED FIFTY BERING DRIVE #79 ASSOCIATES** ("2250 Bering #79") (collectively "Intervenors"), who represented to the Court that Feldman and Matz will pay and/or caused to be paid to Morgan the current principal and accrued interest due in connection with the underlying judgment, such as to resolve a portion of said parties' disputes as reflected herein. Based upon the representations and agreements of the parties, the Court finds as follows:



EXHIBIT

2



F I L E D

CHARLES BACARISSE
District Clerk

FEB 2 5 1999

_ _ County, Texas

By _____ Deputy

## FINDINGS

1. On January 14, 1997, a judgment in the sum of $253,700.00 was entered in favor of Morgan and against Feldman and Matz in connection with Civil Action No. H-96-2489 styled *In re Stewart Feldman and Marla Matz Sanctions Matters* in the United States District Court for the Southern District of Texas, Houston Division ("Judgment").

2. The sum of $12,706.80 has been paid toward satisfaction of the Judgment such that, as of January 14, 1997, the outstanding principal sum due was $241,030.24. As of February 24, 1999, the outstanding principal and accrued interest on the Judgment totals $270,484.92, based upon the representation of Morgan to this Court.

3. On or about November 16, 1998, Morgan filed his "Affidavit on Filing Foreign Judgment Under Enforcement of Foreign Judgments Act," for domestication of the federal judgment in the State of Texas.[1] On November 16, 1998, Morgan also filed his "Application for Writ of Garnishment After Judgment," pursuant to which a "Writ of Garnishment After Judgment" was issued by Charles Bacarisse, Harris County District Clerk, on November 17, 1998 ("Writ of Garnishment").[2]

4. The Writ of Garnishment was served on Southwest Bank of Texas, pursuant to which ten accounts were frozen. The accounts initially garnished are numbered as follows: 7006446; 7006454; 7006489; 7006497; 7006500; 7006519; 7006527; 7006535; 7013256; and 7013248. On December 11, 1998, the Court entered its "Order Dissolving or Modifying Writ of Garnishment," which modified the Writ of Garnishment and released Account Nos. 7006489, 7006497, 7006500, 7006519 and 7006527. At this juncture, Account Nos. 7006446, 7006535, 7013256 and 7013248 remain subject to the Writ of Garnishment ("Garnished Accounts"). The funds subject to garnishment in the Garnished Accounts is $150,542.98 ("Garnished Funds") as of February 22, 1999, based upon information provided to Feldman by Southwest Bank of Texas.

---

[1] The domestication and receivership matters discussed herein arise under Cause No. 98-55124 styled *Niel Morgan v. Stewart Feldman and Marla Matz* pending in the 295th Civil District Court of Harris County, Texas.

[2] The garnishment matters discussed herein arise under companion Cause No. 98-55124-A styled *Niel Morgan v. Southwest Bank of Texas* pending in the 295th Civil District Court of Harris County, Texas.

Agreed Order {S:\CLIENT\INTERMOE\GARNISH\RECEIV4.ORD) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2 of 8

5. On December 9, 1998, Morgan filed his *"Ex Parte* Application for Turnover of Assets and Establishment of Procedures for Sale in Aid of Execution," which resulted in the entry on January 5, 1999 of the Court's "Turnover Order and Order Appointing Receiver and Authorizing Sale of Receivership Assets" ("Receivership Order"). On January 25, 1999, the Court entered its "Order Resetting Date of Receiver's Sale and Establishing Procedures Regarding Same" which, *inter alia*, reset the date for a receiver's sale to February 26, 1999 ("Modified Receivership Order").

6. Feldman represents that there is presently on deposit in the registry of the Court the sum of $2,500.00 in connection with Case No. 93-45460-H4-11 styled *In re Intermarque Automotive Products, Inc.* in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Funds"). Morgan, by his consent to this Order, withdraws any and all claim to the Bankruptcy Funds. Morgan shall take no action to interfere with Feldman's right to receive such funds along with any interest accrued thereon.

7. Feldman, Matz and Intervenors, by their consent to this Order direct Southwest Bank of Texas to immediately pay over to Morgan the Garnished Funds in the amount of $150,542.98. Feldman and Matz shall separately pay to Southwest Bank of Texas or its designee, the sum of $2,530.97 as payment in full of the reasonable and necessary attorney's fees incurred by Southwest Bank of Texas arising in connection with the aforementioned garnishment proceedings, the receipt and sufficiency of which is hereby acknowledged.

8. Feldman and Matz, contemporaneously with the entry of this Order, tender to the Court a cashiers' check payable to Niel Morgan in the sum of $119,900.63 for immediate distribution to Morgan toward satisfaction of the Judgment.

9. The amounts payable to Morgan set forth in paragraphs 7 and 8 above constitute payment in full of all principal and accrued interest in connection with the Judgment.

10. The parties leave for future determination: (i) the amount due Morgan, if any, as attorney's fees and related expenses in connection with his collection of the Judgment; (ii) the amount to be paid to the Receiver for his fees and expenses; and (iii) the allocation of court costs arising herein among the parties.
Based on the foregoing findings and the consent of the parties, it is, therefore,

ORDERED AS FOLLOWS:

## ORDERS

1. The Receivership Order and the Modified Receivership Order are hereby modified as follows. The receiver's sale scheduled for February 26, 1999 and the confirmation hearing scheduled for March 8, 1999, as set forth in the Modified Receivership Order, are hereby canceled.

2. Southwest Bank of Texas shall immediately pay over to Morgan the Garnished Funds in the amount of $150,542.98. Immediately upon such payment to Morgan, the Writ of Garnishment (as modified) is vacated in its entirety, such that the accounts in possession of Southwest Bank of Texas seized and/or restrained pursuant to the Writ of Garnishment shall be immediately released to the possession, custody and control of the owners of such accounts as if said Writ had never been issued or served. Any additional monies being held by Southwest Bank of Texas other than the aforementioned $150,542.98 shall not be considered to be Garnished Funds for purposes of this Order and shall be immediately released to the owners of such funds.

3. Feldman, Matz and Morgan parties shall enter into the form of order attached which authorizes the immediate disbursement of the Bankruptcy Funds to Feldman.

4. The following matters are hereby expressly reserved for future consideration by the Court:

    (a) the amount due Morgan, if any, as attorney's fees and related expenses in connection with his collection of the Judgment;

    (b) the amount to be paid to the Receiver for his fees and expenses; and

    (c) the allocation of court costs arising herein among the parties.

5. Southwest Bank of Texas is hereby dismissed and discharged from liability to Morgan, Feldman, Matz and Intervenors to the extent of $253,700.00 which is the subject of the Judgment.

6. Contemporaneous with the entry of this Order, the Court is entering a duplicate copy of this Order in connection with Cause No. 98-55124-A which is incorporated herein by reference.

Agreed Order (S:\CLIENT\INTERMQE\GARNISH\RECEIV4.ORD) .................................. Page 4 of 8

JUN-23-1999  11:40                    7138508530                    96%              P.05

SIGNED this the **25th** day of February, 1999.


*[signature]*
**JUDGE PRESIDING**


**APPROVED AS TO FORM AND SUBSTANCE:**


*[signature]*

Randall L. Brim
State Bar No. 02995400
Charlotte J. Craik
State Bar No. 15830675
Post Oak Tower ▯ The Gallery
5051 Westheimer Road, Suite 1850
Houston, Texas 77056-5604
(713) 850-0700
(713) 850-8530 (Fax)

**ATTORNEYS FOR FELDMAN, MATZ AND INTERVENORS**

Agreed Order (S:\CLIENT\INTERMQE\GARNISH\RECEIV4.ORD)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6 of 6

Appendix - 62

_Marvin Isgur by_
_T. Riddell w permission_

**Marvin Isgur**
State Bar No.10433100
Kirkendall Isgur & Feldman L.L.P.
700 Louisiana, Suite 4200
Houston, Texas 77002-2725
(713) 225-4846
(713) 230-0016 (Fax)

**ATTORNEY FOR MORGAN**

_____
**David West**
State Bar No. 21209500
West & West
The Cotton Building
502 Caroline, Suite 400
Houston, Texas 77002
(713) 222-9378
(713) 222-9397 (Fax)

**RECEIVER**

Agreed Order (S:\CLIENT\INTERMOE\GARNISHAECEIV4.ORD) ........................................ Page 5 of 5

Unofficial Copy Office of Chris Daniel District Clerk

JUN-23-1999  11:40                    7138508530                    97%                    P.07

Marvin Isgur
State Bar No.10433100
Kirkendall, Isgur & Rothfelder, L.L.P.
700 Louisiana, Suite 4200
Houston, Texas 77002-2725
(713) 225-4846
(713) 230-0016 (Fax)

**ATTORNEY FOR MORGAN**

David West
State Bar No. 21209500
West & West
The Cotton Building
502 Caroline, Suite 400
Houston, Texas 77002
(713) 222-9378
(713) 222-9397 (Fax)

**RECEIVER**

Agreed Order [S:\CLIENT\INTERMOR\GARNISH\RECEIV4.ORD] ................................. Page 6 of 6

Unofficial Copy Office of Chris Daniel District Clerk

Appendix - 64

4/20/2017

Case 4:30-cv-00078  Document 30-1  Filed on 07/03/20 in TXSD  Page 65 of 118
Case 4:16-cv-00873  Document 32-4  Filed 04/26/2017  Page 39 of 118

0539
CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:96-cv-02473

In Re: MBM Investment DB, et al v.

Assigned to: Judge Norman W. Black

Demand: $0

Case in other court: Bkcy, 95-l47987-H4-11

Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA)

Date Filed: 08/02/1996

Date Terminated: 09/19/1996

Jury Demand: None

Nature of Suit: 422 Bankruptcy Appeal (801)

Jurisdiction: Federal Question

**Appellant**

**Stewart A Feldman**

represented by **Stewart A Feldman**
One Riverway Ste 650
Houston, TX 77056-1903
713-850-0700
PRO SE

**Appellant**

**D D S Maria B Matz**

represented by **Stewart A Feldman**
The Feldman Law Firm LLP
1980 Post Oak Blvd
Ste 1900
Houston, TX 77056
713-850-0700
Email: sfeldman@feldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Debtor**

**MBM Investment Real Estate L P**

**Amicus**

**U S Bankruptcy Clerk**

represented by **U S Bankruptcy Clerk**
U S Bankruptcy Clerk's Office
515 Rusk
Houston, TX 77002
713/250-5115
PRO SE

**Amicus**

**Judge William R Greendyke**

represented by **William R Greendyke**
U S Bankruptcy
515 Rusk
Ste 4202
Houston, TX 77002

Appendix - 65

4/20/2017
Case 4:20-cv-00878   Document 121-1  Filed on 07/23/20 in TXSD  Page 6 of 118
Case 4:20-cv-00878   Document 32-1  Filed on 04/26/2017 in TXSD  Page 6 of 118

713-250-5470
PRO SE

0540

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/1996 | 1 | NOTICE of docketing bankruptcy record on appeal ( Bk# 95-47987-H4-11 Adv# ), , filed. Appellant's brief due 8/17/96 for Maria B Matz, for Stewart A Feldman (fmremp) (Entered: 08/06/1996) |
| 08/19/1996 | 2 | MOTION for leave to file appeals by Stewart A Feldman and Maria B Matz filed; Motion Docket Date 9/8/96 [2-1] motion . (fmremp) (Entered: 08/20/1996) |
| 08/21/1996 | 3 | ORDER granting [2-1] motion for leave to file appeals, granted only to the extent that appellants may file their brief - as to civil action 96-2473 on, or before 8/30/96, failure to do so will result in a dismissal; and, any brief in opposition shall be filed on, or before 9/13/96, entered; Parties notified. ( signed by Chief Judge Norman W. Black ) (bwhite) (Entered: 08/21/1996) |
| 08/23/1996 | 4 | MOTION to dismiss and to vacate [3-1] order by Neil C Morgan filed; Motion Docket Date 9/12/96 for [4-1] and [4-2] motions . (fmremp) (Entered: 08/27/1996) |
| 08/30/1996 | 5 | Appellant's BRIEF by Stewart A Feldman, Maria B Matz , filed. (This instrument is in brown expandex folder) (fmremp) (Entered: 09/03/1996) |
| 09/13/1996 | 6 | BRIEF in opposition to [5-1] appellant's brief by Neil C Morgan , filed. (fmremp) (Entered: 09/16/1996) |
| 09/13/1996 | 7 | Appellee's BRIEF of Roy I. Bennion , filed (fmremp) (Entered: 09/16/1996) |
| 09/19/1996 | 8 | ORDER OF DISMISSAL as untimely entered. Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 09/19/1996) |
| 09/19/1996 | | Case closed (fmremp) (Entered: 09/19/1996) |
| 10/03/1996 | 9 | MOTION for reconsideration of [8-1] order by Stewart A Feldman and Maria B Matz filed; Motion Docket Date 10/23/96 [9-1] motion . (fmremp) (Entered: 10/08/1996) |
| 10/22/1996 | 10 | RESPONSE by Neil C Morgan to [9-1] motion for reconsideration of [8-1] order, filed. (fmremp) (Entered: 10/24/1996) |
| 10/22/1996 | 10 | MOTION for reconsideration of [8-1] order by Neil C Morgan filed; Motion Docket Date 11/11/96 [10-1] motion . (fmremp) (Entered: 10/24/1996) |
| 10/23/1996 | 11 | ORDER entered DENYING Matz's [9-1] motion for reconsideration of [8-1] order as untimely and on the merits. Parties notified. ( signed by Chief Judge Norman W. Black ) (fmremp) (Entered: 10/25/1996) |
| 11/27/1996 | 12 | RESPONSE by Neil C Morgan to Feldlmans' motion re: tender of monies, filed. (fmremp) (Entered: 12/02/1996) |
| 11/27/1996 | 12 | REQUEST by Neil C Morgan for appt of receiver over certain assets, filed. (fmremp) (Entered: 12/02/1996) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/20/2017 21:49:14 | | |

Appendix - 66

| PACER Login: | ls1001:2743473:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 4:96-cv-02473 |
| Billable Pages: | 2 | Cost: | 0.20 |

Appendix - 67

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JAN 14 1997

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
STEWART FELDMAN AND MARLA §  CIVIL ACTION NO. H-96-2489
MATZ SANCTIONS MATTERS §

## ORDER

In accordance with the Court's order signed December 27, 1996, it is hereby

ORDERED that Stewart Feldman and Marla Matz, jointly and severally, shall pay sanctions to Niel Morgan in the total principal amount of $253,700.00.

IT IS FURTHER ORDERED that all principal and interest deposited into the Court's Registry in this case shall be paid to Niel Morgan, c/o Kirkendall & Isgur, 700 Louisiana, 48th Floor, Houston, Texas, 77002, (713)225-4646, in partial payment of the sanctions award set forth herein. No additional deposits from Feldman or Matz will be accepted into the Registry.

IT IS FURTHER ORDERED that on or before February 3, 1997, Feldman and Matz shall either enter into an agreed payment plan with Mr. Morgan or pay the sanctions amount in full. Should neither the sanctions be paid nor an agreed payment plan be in place by February 3, counsel for Morgan is directed to advise the Court in writing. Feldman and Matz are advised that failure to comply with this order could result in a finding of contempt.

IT IS FURTHER ORDERED that this case is DISMISSED with

Exhibit 9  Appendix - 68

325

the Court retaining enforcement jurisdiction.

SIGNED this 14th day of January, 1997, at Houston, Texas.

NORMAN W. BLACK
UNITED STATES DISTRICT JUDGE



2

Appendix - 69

324

# Tab 3

Case 4:20-cv-00878   Document 10-1   Filed on 04/20/20 in TXSD   Page 71 of 118
Case 4:20-cv-00878   Document 10-1   Filed on 04/20/20 in TXSD   Page 852 of 118
0682

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
11/01/2019

| | | |
|---|---|---|
| IN RE: | § | |
| MATTHEW JOHN DATE,<br>*Debtor.* | §<br>§ | |
| | § | |
| RSL FUNDING, LLC,<br>*Appellant,* | §<br>§ | Civil Action No. 4:17-cv-03568 |
| | § | Adversary Case No. 15-03185 |
| v. | §<br>§ | |
| MATTHEW JOHN DATE,<br>*Appellee.* | §<br>§ | |

**<u>ORDER</u>**

This bankruptcy appeal concerns the dismissal of the adversary proceeding 15-03185 some two years ago, but its roots date back over two decades to cases somewhat removed both in time and context from the actual case that this Court is now called upon to resolve. Nevertheless, the events that occurred some twenty years ago still control the ultimate outcome of this case. Thus, the Court must recount a certain amount of history before addressing the objections brought forth by the Appellant. The ability to review this history is not only complicated by the passage of time, but also by the number of appeals (and the lack of prosecution of the majority of those appeals), changes in the manner by which records are stored, the retirement of two of the bankruptcy and one of the district judges involved, and the untimely death of Chief Judge Norman Black who presided over many of the relevant bankruptcy appeals.

**I.      History of the Case**

In 1996, the principal member of the Appellant, RSL Funding, LLC ("RSL"), Stuart Feldman (hereinafter "Appellant" or "Feldman"), a local lawyer and businessman, and his wife (or perhaps ex-wife depending on the timeframe in question), Dr. Marla Matz ("Matz"), a local

dentist and businesswoman, were involved in multiple state and federal court proceedings regarding various business disputes with third parties and co-investors. In many cases, Feldman represented himself, Matz, and/or any number of their entities.[1] Throughout the progression of many of these cases, Feldman and Matz committed various acts of misconduct, which in some cases inflicted actual financial costs to their opponents and in virtually every case caused needless aggravation and wasted judicial resources. These actions included many cases which were filed in the Bankruptcy Courts of the Southern District of Texas.

Judge William Greendyke, one of the many judges who presided over a number of the cases in which Feldman and Matz participated, ultimately reached a point at which he felt that their conduct, sometimes with Feldman as a lawyer and other times with either Matz, Feldman, or one of their companies as a party, warranted corrective measures. These measures were issued for a variety of reasons which are not necessarily relevant to the appeal herein, but what is important to this appeal is that a variety of steps were taken in multiple cases. In some instances, these included monetary penalties, and in some there were actual injunctions entered in addition to monetary sanctions. These measures included, but are not limited to, the following five orders, as described in the Memorandum and Order Dismissing Adversary Proceeding. (Doc. No. 1-3, C.A. No. 17-3568). The court below summarized five of the measures as follows:

A.      The First Sanctions Order

In adversary proceeding 93-04437, *Intermarque Automotive Products, Inc. v. Stewart A. Feldman,* which arose from bankruptcy proceeding 93-45460, Judge Greendyke entered an Order

---

[1] RSL, the actual appellant, herein is an entity that has as its members Feldman and his wife and is ultimately owned by them. It is unclear if Matz is currently Feldman's spouse and the one referred to in testimony as being a principal of RSL. Feldman and Matz owned, directly or indirectly, any number of entities which have some historical relevance here. The Court will refer to each entity by name when it is important to make a distinction.

2

Enforcing Permanent Injunction (Doc. No. 102, Adv. No. 93-4437) ("the first sanctions order")[2], ordering Feldman to pay attorneys' fees in the amount of $10,950 to Messrs. Morgan and Bennion for the fees they incurred in litigating a case in which Feldman had violated the permanent injunction. (Doc. No. 44, Adv. No. 93-4437). Feldman filed a Notice of Appeal (Doc. No. 103, Adv. No. 93-4437), appealing the Order Enforcing Permanent Injunction to the District Court, resulting in C.A. No. 96-0911. Feldman ultimately voluntarily dismissed the appeal.

### B.    The Second Sanctions Order

After Feldman failed to pay the attorneys' fees awarded in the first sanctions order, the Bankruptcy Court entered a Judgment of Contempt (Doc. No. 118, Adv. No. 93-4437) finding Feldman in civil contempt, ordering him to pay the $10,950, and awarding an additional $1,000 and additional sanctions in the amount of $1,000 for each day that the original awards remained unpaid. Feldman filed a Notice of Appeal (Doc. No. 121, Adv. No. 93-4437) appealing the judgment which resulted in C.A. No. 96-2065. The appeal was ultimately dismissed by Judge Black due to failure to file briefs. Defendant Niel Morgan filed a Motion to Amend Judgment (Doc. No. 119, Adv. No. 93-4437) and the judgment was amended (Doc. No. 120, Adv. No. 93-4437) ("the second sanctions order"). This was never appealed.

As part of the second sanctions order, the court found that:

> Stuart A. Feldman, his attorneys, and all persons acting on Feldman's behalf, are enjoined from commencing any new lawsuit in the United States District or Bankruptcy Courts for the Southern District of Texas until such time as all amounts due hereunder are paid in full ....

(Doc. No. 120, Adv. No. 93-4437).

---

[2] Even though this is an order awarding attorneys' fees, Judge Greendyke later refers to it as "the prior sanctions order." This Court will use the phrase "sanctions order" as that was the phrase used in the court below, although this term has been used in many instances generically to refer to both civil contempt and monetary sanctions interchangeably.

### C.     The Third Sanctions Order

In connection with the Bankruptcy Court's sanctions hearings regarding allegations that Feldman, *et al.* had filed bad faith bankruptcies and obstructed discovery efforts, including a physical attack by Feldman on one of the attorneys, the Bankruptcy Court, after an evidentiary hearing on March 29, 1996 in Case No. 95-47986, signed another order on April 2, 1996 ("the third sanctions order") assessing further sanctions against the Feldmans and ordering them to pay $8,000 for their abusive discovery tactics. (Doc. No. 43, *In re Matz Real Estate Servs.*, Case No. 95-47986; Doc. No. 80, *In re MBM Inv. Real Estate L.P.*, Case No. 95-47987). The third sanctions order was appealed in C.A. Nos. 96-1413 and 96-1414. The appeals were dismissed by Judge Black on May 28, 1996 for failure to file briefs.

### D.     The Fourth Sanctions Order

After yet another hearing on April 24, 1996, in which the Bankruptcy Court concluded that Feldman, *et al.* had failed to sustain their burden of establishing that they were financially unable to pay an $8,000 sanction, Judge Greendyke signed an Order of Civil Contempt ("the fourth sanctions order") entered on May 15, 1996. It held the Feldmans in civil contempt and again assessed additional daily sanctions against them. (Doc. No. 61, Case No. 95-47986; Doc. No. 103, Case No. 95-47987).

The fourth sanctions order is of particular relevance to the claims raised in the immediate case herein, because at the time the order was appealed there were only monetary sanctions involved and no injunctive relief was at issue in Case Nos. 95-47986 and 95-47987.

The fourth sanctions order was appealed by MBM Investment and Matz on May 6, 1996—even before the order was actually signed.[3] The order was signed by Judge Greendyke on May 13, 1996. Those appeals were docketed under C.A. Nos. 96-1839 and 96-1840.

Since there were multiple matters that had been filed by Feldman, Matz, or their entities in which they had likewise failed to comply with the Rules, Chief Judge Black, the presiding judge in both C.A. Nos. 96-1839 and 96-1840, also entered an order to show cause why further sanctions should not be entered for their repeated filing of notices of appeal and then not following up pursuant to the Rules. (Doc. No. 3, C.A. No. 96-1839; Doc. No. 3, C.A. No. 96-1840).

Ultimately, after a show cause hearing held on July 26, 1996, Chief Judge Black signed and entered a minute entry that read:

> Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy Court orders, in either the United States Bankruptcy Court or the United States District Court for the Southern District of Texas until the sanctions imposed by United States Bankruptcy Judge Greendyke have been paid in full.

(Doc. No. 5, C.A. No. 96-1840).

This entry applied only to the appeals in C.A. Nos. 96-1839 and 96-1840, but was clearly motivated by the repeated abuses of the appellate process. Moreover, it only involved the appeal of the monetary sanctions as that was only what was before the court. The minute entry did not involve the later injunctive relief entered by Judge Greendyke after the May 6, 1996 appeal, and it certainly did not apply to any other cause number.

Ultimately, both appeals were dismissed on July 1, 1996 for appellants' failure to comply with the briefing rules.

---

[3] *See* footnote four below.

### E.  The Fifth Sanctions Order

Finally, after yet another evidentiary hearing on May 10, 1996, the Bankruptcy Court signed another order ("the fifth sanctions order"), which was entered on June 7, 1996 that sanctioned Feldman, *et al.* and ordered them to pay Morgan $30,000 for their bad faith in commencing the *MBM* and *Matz Real Estate Services* bankruptcy cases. (Doc. No. 66, Case No. 95-47986; Doc. No. 111, Case No. 95-47987).

In the fifth sanctions order, Judge Greendyke confirmed his prior findings that these bankruptcy actions were commenced in bad faith and that Feldman, assisted by Matz, was the driving force behind the bad faith activities. Judge Greendyke withheld a finding as to whether Feldman and/or Matz committed perjury, but noted that the court had earlier awarded sanctions of $8,000. After awarding the additional monetary sanctions, the Court then entered a permanent injunction:

> The following entities are permanently enjoined from (i) filing a voluntary bankruptcy petition; (ii) filing or joining in an involuntary bankruptcy petition against any entity; (iii) filing a notice of removal pursuant to 28 U.S.C. § 1452; or, (iv) filing an adversary proceeding in the United States Bankruptcy Court:
>
> (a)  Stuart A. Feldman;
>
> (b)  Marla B. Matz;
>
> (c)  Any corporation in which Stuart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever;
>
> (d)  Any partnership in which Stuart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise.

(Doc. No. 66, Case No. 95-47986; Doc. No. 111, Case No. 95-47987).

As can be seen, the court enjoined Feldman, Matz, and their entities, which includes the present Appellant, RSL. Judge Greendyke concluded the order of injunction by allowing relief from this injunction "by filing an appropriate motion before this Court." (*Id.*).

The fifth sanctions order, entered in both Case Nos. 95-47986 and 95-47987, was appealed in the same District Court case, C.A. No. 96-2473. Feldman and Matz filed the notice of appeal on their own behalf and "on behalf of any corporation in which Feldman and/or Matz own a legal beneficial or equitable interest, direct or indirect of any size whatsoever and on behalf of any partnership in which Feldman and/or Matz own any legal, beneficial or equitable interest, direct or indirect of any size whatsoever, whether such interest is as a general partner, limited partner or otherwise …." (Doc. No. 1, C.A. No. 96-2473). Their notice continued on to state that they were appealing the "order imposing sanctions and *enjoining them from certain bankruptcy related filings*," clearly attacking the monetary penalties, and also the injunctive relief.

The appeal was dismissed on procedural grounds on September 19, 1996. (Doc. No. 8, C.A. No. 96-2473). Later when ruling on rehearing Chief Judge Black stated that:

> …the Motion for Reconsideration (entry No. 9) is denied as untimely and *on the merits.*

(Doc. No. 11, C.A. No. 96-2473) (emphasis added).

Thus, Judge Greendyke's original injunctions were affirmed by Judge Black. This ruling was never appealed beyond the orders cited above and both injunction orders became final.

**F.  Withdrawal of the Reference**

Meanwhile, Chief Judge Black (one could speculate in an effort to enhance judicial efficacy and put an end to the contentiousness and constant stream of misconduct) withdrew the reference as to all pending sanction orders in the bankruptcy and adversary cases—95-47986, 95-47987, and 93-04437—into District Court case C.A. No. 96-2489. What followed were months of

hearings, motions, and wrangling presided over by Chief Judge Black. Ultimately, Judge Black affirmed all of the sanctions issued by Judge Greendyke, finding:

> The Court has carefully reviewed the record, including the transcript of the underlying proceedings in the United States Bankruptcy Court, and finds **the sanctions orders are proper and correct. Indeed, the orders show great restraint on the part of the Bankruptcy Judge. Feldman and Matz have shown and continue to show complete disregard for Court orders and procedures.** Such conduct cannot be tolerated and **the sanctions orders are affirmed in all respects and are fully enforceable**.

(Doc. No. 22, C.A. No. 96-2489) (emphasis added).

Judge Black, after considering further pleadings from all parties, eventually fixed the actual monetary sanction amount to total a principal of $253,700 and ordered that all monetary sums be paid or that an agreement to pay such sums be entered into by February 3, 1997. (Doc. No. 29, C.A. No. 96-2489). The case was then dismissed with the court retaining enforcement jurisdiction. The Appellant claims the injunctions were swept up in the appeal of this case. This Court does not agree. Nevertheless, even if they were included in this appeal, Judge Greendyke's orders were affirmed. Thus, to the extent one could argue that the injunctions were not resolved in C.A. No. 96-2473 and were part of the appeal in C.A. No. 96-2489, they were nonetheless affirmed and were never amended or dissolved and remained in place.

Feldman, Matz, and their entities appealed Judge Black's judgment in C.A. No. 96-2489 all the way to the Supreme Court. The Fifth Circuit first affirmed Judge Black's ruling on December 10, 1997 (No. 97-20098). The Supreme Court denied Feldman's petition for writ of certiorari on October 5, 1998. *Stewart A. Feldman & Marla B. Matz v. Niel Morgan*, No. 98-8. Feldman again appealed to the Fifth Circuit after the denial by the Supreme Court and, on December 11, 1998, the Fifth Circuit again affirmed the District Court's rulings. Importantly, in addition to the monetary sanctions, Feldman tried to raise the other rulings of the Bankruptcy

Court. The Fifth Circuit found that "he did not prosecute timely appeals from those orders ...."
(Doc. No. 78, C.A. No. 96-2489).

Finally, this Court's predecessor, United States District Judge Melinda Harmon, became the presiding judge due to Judge Black's untimely death. She addressed yet another attempt to vacate Judge Greendyke's orders:

> The Court has reviewed the motion to vacate and the opposition filed by Niel Morgan. **With reference to the request that the underlying bankruptcy court orders be vacated, the Court finds that the motion is frivolous and potentially sanctionable. The underlying bankruptcy court orders have been repeatedly held to be final and non-appealable.** The Feldmans' persistent attempts to challenge these orders was recently rejected by the Fifth Circuit by order issued April 15, 1997, dismissing those issues from the appeal.

> With reference to the request to vacate the January 14, 1997, final order, the Court finds the motion is totally without merit. The Feldmans were afforded all process to which they were due, **the Feldmans personally have engaged in egregious misconduct both in the underlying bankruptcy proceedings and in this district court proceeding, this Court and the bankruptcy court had clear subject matter jurisdiction, and the interests of justice require that intentional abuses of the judicial process not be tolerated.** There is no legal basis for the requested relief.

(Doc. No. 73, dated October 16, 1997, C.A. No. 96-2489) (emphasis added).

Simply put, all issues regarding orders of injunction entered by Judge Greendyke were either not appealed in a timely fashion, or appealed and dismissed, and thus became final; or even under the most favorable interpretation to RSL, were affirmed first by the District Court, then by the Fifth Circuit, then by the Supreme Court, then again by the Fifth Circuit, and finally by a different District Court.

What becomes important in this brief chronology (and what will be discussed in greater detail below) is that, while Judge Black's July 26, 1996 minute entry to the effect of "Feldman is enjoined from filing additional matters ... until the sanctions imposed by United States Bankruptcy Judge Greendyke have been paid in full" was only made applicable to the monetary sanctions at

issue in C.A. Nos. 96-1839 and 96-1840, as so specified on the minute entry itself, that order predated Judge Black's affirmation of the injunctions in C.A. No. 96-2473 and his affirmation of the sanction orders in C.A. No. 96-2489 which were entered on October 16, 1997—over a year later.

This Court finds the injunctions entered in Case Nos. 95-47986 and 95-47987 were appealed in C.A. No. 96-2473 and became final when that appeal was resolved on September 19, 1996. Consequently, these two injunctions remain intact. Nevertheless, even if one assumes, hypothetically, that the injunctions were somehow swept up in the appeals docketed as C.A. Nos. 96-1839 and 96-1840—despite the fact that these appeals were initiated prior to the injunctions being issued—they still became final as Chief Judge Black, the Fifth Circuit, and the Supreme Court affirmed Judge Greendyke's orders, virtually without exception.

## II.    The Present Case

Moving forward two decades to the underlying case at hand, the debtor (Appellee herein) Matthew John Date, filed a Chapter 7 bankruptcy in March of 2015. (*In re Matthew John Date*, Case No. 15-31568). RSL filed a § 523 complaint and a hearing on the adversary claim was eventually held. (Adv. No. 15-3185). At that hearing, Feldman testified that he was the Chief Executive Officer and the managing member of RSL, which is a limited liability company. Claiming that Feldman and RSL were violating the 1996 injunction, Appellee moved to dismiss the adversary claim. The Bankruptcy Judge suspended the proceeding and asked for briefing on the issue and ordered Feldman to list all other matters he had filed in Bankruptcy Court since the injunction's effective date.

Feldman argued in the court below three overlapping claims: 1) that the injunctions no longer existed due to Judge Black's actions; 2) that he had paid all monetary sanctions

contemplated by Judge Black's minute entry (cited above) and therefore was no longer bound by the terms of the injunctions; and/or 3) that he in good faith believed the injunctions were no longer in existence and therefore dismissal with prejudice was an inappropriate death penalty sanction.

The court below found these arguments to be unavailing. First, it noted that Feldman had violated the injunction on at least three prior occasions and that as a lawyer he either knew or should have known of the existence and validity of the injunctions. Second, the Bankruptcy Court found the injunctions to be in effect for several reasons. The injunction issued in the *Matz* case (Case No. 95-47986) was never appealed and therefore could not be the subject of the July 26, 1996 minute order.[4] The court did not withdraw the reference in the *Matz* case until August 2, 1996. An order entered a week earlier in a different case could not affect it. Moreover, when the referral in that case was withdrawn, the District Court did not enter any order that modified or vacated that order in any fashion. Feldman and Matz continued to unsuccessfully fight the sanction awards. Ultimately, those sanctions were affirmed on appeal.

## III.   Discussion

While the history of this case may be somewhat expansive and extenuated, the actual attack on the Bankruptcy Court's judgment in the immediate case is comparatively narrow. RSL basically argues four main points: 1) the Bankruptcy Court's actions were improper because it did not find bad faith; 2) it erred by not considering a lesser sanction; 3) it abused its discretion by not allowing

---

[4] The Bankruptcy Judge was technically correct in this statement. There was no notice of appeal ever filed in the *Matz* matter in Case No. 95-47986. The injunction was entered on June 7, 1996. There was no appeal filed in this cause after that date. A notice of appeal was filed in Case No. 95-47987 on June 18, 1996 (Doc. No. 113). While Feldman, *et al.* referred to both the *MBM Investment* (Case No. 95-47987) and the *Matz* matter (Case No. 95-47986) in the style of the notice of appeal filed in Case No. 95-47987 and throughout the entire history of the prosecution of the appeal in C.A. No. 96-2489, no notice of appeal or any other declaration of appeal was ever filed in Case No. 95-47986. (Interestingly, both C.A. Nos. 96-1839 and 96-1840 refer to the debtor as being MBM Investment Real Estate, L.P.). Consequently, even under Appellant's assumption that the injunctions were somehow subject to the appeal in C.A. No. 96-2489, the *Matz* injunction was never appealed. This happenstance would, however, not affect the District Court's withdrawal of the reference, which was effective in August of 1996.

the parties an opportunity to be heard; and 4) the 1996 injunctions were no longer valid because the reference had been withdrawn. The Court will take up each issue, albeit in a different order because it finds the issues somewhat overlap.

### A. RSL Incorrectly Claims that the Bankruptcy Court's Actions Were Wrong Because All of His Actions, Whether Wrongful or Not, Were Done in Good Faith.

RSL's basic argument is that, since Feldman acted in good faith (a point contested by the Appellee and one that was implicitly rejected by the court below), it cannot be sanctioned for misconduct.

First, it is important to note this distinction: RSL is not appealing the sanction/injunction orders entered years ago. Those orders were either appealed or affirmed by the District Court or by the Supreme Court of the United States years ago. As for the orders that were not appealed, the time for appealing has long since passed. Thus, the propriety or breadth of those injunctions or the monetary sanctions is not at issue. Furthermore, not one, but at least four different judges (not counting appellate judges) made and agreed with bad faith findings regarding Feldman's conduct. The sole matter under appeal here is the dismissal of the *RSL Funding, LLC v. Matthew John Date* adversary proceeding.

There is a second distinction to be made between the order dismissing the adversary proceeding (Doc. No. 68, Adv. No. 15-3185) and the order denying the motion for rehearing and the award of costs and fees (Doc. No. 74, Adv. No. 15-3185). The former awarded no actual monetary sanctions. The only finding was that Feldman (RSL) violated the existing injunctions which prohibited him (it) from bringing an action without leave of court, the very kind of adversary proceeding that was being brought in the court below. This dismissal was not a sanction for a current misbehavior; it was the enforcement of the injunctions.

With that distinction in mind, the Bankruptcy Court did order the appellees to file a "bill for attorneys' fees and costs incurred in this adversary proceeding within 14 days. Plaintiff will have 7 days thereafter to file a response." (*Id.*). Both the Appellant and Appellee complied with Judge Brown's order, but the case was appealed before she ruled. Consequently, while the Bankruptcy Court clearly indicated its inclination to award compensation for the opposing parties' costs that were incurred due to RSL's civil contempt—based upon the record it never did. Civil contempt law provides for the award of fees and costs incurred by the injured party due to the violation of an injunction, and thus even the award of fees might not have truly been a sanction such as that contemplated by Rule 37. FED. R. CIV. PROC. Nevertheless, it is a moot point as no sanctions under either theory were entered. Thus, no bad faith finding was needed.

Consequently, Appellant's complaint about the dismissal of the adversary claim as a sanction is misplaced. RSL admitted that the injunctions existed (although it denied the injunctions were still in effect). Feldman admitted his ownership in RSL and that, if in effect, the injunctions would prohibit RSL (as a Feldman entity) from pursuing an adversary claim without leave of court. The injunctions emanated from the Bankruptcy Court of the Southern District of Texas. A bankruptcy court has the power to enforce its own injunction especially when it affects cases in its own court. Thus, the dismissal was an appropriate action to enforce the injunctions. One need not find bad faith to enter an order enforcing an injunction. One need only find conduct that violates the injunction.

Finally, it should be noted that the gist of the Appellant's arguments does not include an attack on the Bankruptcy Court's award of attorneys' fees to Appellee for his having to defend an adversary proceeding that was brought contrary to a court order. In its brief, albeit phrased in terms of a "sanction," RSL complains only about the dismissal of the adversary claim—not the award of

13

the attorneys' fees (no doubt because it ultimately did not occur). There were no "sanctions" issued, the Bankruptcy Court only enforced injunctions that had been in place for over 20 years. Nevertheless, even if labeled as a "sanction," the enforcement of the injunctions is entirely appropriate.

### B. RSL Incorrectly Claims that the Bankruptcy Court Erred Because It Prevented It from Presenting Evidence.

The following exchange occurred when the topic of the possibility that RSL was violating an injunction in pursuing this adversary proceeding arose:

> MR. PATTERSON: Your Honor, I would ask the Court to go ahead and dismiss the Adversary. At this time it's in direct violation of this Court's order. He was barred from doing this and he shouldn't have done it.
>
> THE COURT: Mr. Simon?
>
> MR. SIMON (Feldman's Counsel): Your Honor, this is a complete surprise to us. It should have been pled in the pleadings. It should have been an affirmative defense, should have been a Motion to Dismiss. It's been waived and you can't just show up and do this at a trial when the parties have not had the opportunity to prepare. **If there had been a Motion to Dismiss filed, which it should have been included in the Motion to Dismiss, it could have been responded to at that time.**
>
> THE COURT: Okay. **Mr. Simon, I will give you an opportunity to brief or respond to this, one week to respond** to Mr. Simon - - I'm sorry, Mr. Patterson's oral Motion to Dismiss.
>
> Mr. Patterson has five days after that to respond to whatever you file.
>
> All right. But I am seriously considering this as a legitimate Motion to Dismiss. If you had discovered this at the last minute, Mr. Simon, I would allow you to do it under the same circumstances because both you and Patterson are honest lawyers. Both you and Patterson have a great deal to lose if you - - your integrity is not clearly before the Court at all times.

(Doc. No. 54, pp. 36-37, Adv. No. 15-3185) (emphasis added).

Counsel for RSL asked for an opportunity to respond and the court granted it. In that response, RSL set out multiple factual assertions and even attached a letter from Feldman. There

was *no* request to present evidence or for another hearing. Appellant was granted just the opportunity for which it asked. RSL was never prohibited from offering any evidence. In fact, the Bankruptcy Court was careful to say "brief *or respond*," clearly signaling it was not limiting the response to a legal brief. (*Id.*) (emphasis added).

Importantly, in its briefing to this Court, RSL neither quotes nor refers to any request for another hearing or a chance to present evidence; nor does it refer this Court to any portion of record where the Bankruptcy Court limited RSL's response in any fashion. Even after the Bankruptcy Court ruled on its motion for reconsideration, RSL did not ask the Court to hold an evidentiary hearing. Instead, its prayer reads that [RSL]:

> "request[ed] that this Bankruptcy Court defer to the U.S. District Court which Mr. Feldman believes has sole jurisdiction over this matter."

(Doc. No. 71, p. 18, Adv. No. 15-3185).

Other than denying the motion for reconsideration, the Bankruptcy Court did not enter another order. The next order after the denial was, in fact, entered by the District Court.

The Court finds this objection to be meritless and denies it.

**C.     RSL Incorrectly Argues that the 1996 Injunctions Were Not Valid.**

RSL argues that the fact that Judge Black withdrew the reference in three of the cases discussed above means that Feldman, Matz, and their entities were not subject to at least three, if not more, injunctions. Judge Black's order reads as follows:

<u>ORDER WITHDRAWING THE REFERENCE</u>

IT IS HEREBY ORDERED that the reference in the above-entitled bankruptcy cases is **WITHDRAWN** as to all pending sanctions orders issued by United States Bankruptcy Judge William R. Greendyke.

(Doc. No. 1, C.A. No. 96-2489)

It is clear Judge Black is withdrawing the **reference,** not dissolving the injunctions. Moreover, the order mentions only sanctions because the injunctions had already been appealed in C.A. No. 96-2473. In fact, there were three injunctions in place by that time and Judge Black does not mention them. *See* Doc. No. 120, Adv. No. 93-4437; Doc. No. 66, Case No. 95-47986; Doc. No. 111, Case No. 95-47987. He certainly did not dissolve the injunctions.

> Appellant's own brief admits:

> In the alternative, no sanctions were warranted here because Feldman did not fail to comply with any injunction. "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree ***until it is modified or reversed*** …." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 386 (1980) (emphasis added).

> When the bankruptcy court enters an injunction like this one requiring a party to request permission before filing suit, "the remedy, if any is available, is to apply to the district court to modify or set aside the [injunction]." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1065 (5th Cir. 1986). That is what Feldman did, and the district court modified the injunction.

(Doc. No. 14, pp. 23-24, C.A. No. 17-3568).

Three important points are immediately apparent. First, RSL admits that it (Feldman) is under a duty to obey and conform with these injunctions until they are dissolved. Second, where it claims "the district court modified the injunction," RSL cites no order or other record where that modification might be found. Third, RSL cites no pleading in any case where it, Feldman, Matz, or any related party ever asks for the injunctions to be modified or dissolved because the sanctions had been paid.

In C.A. No. 96-2489, the cause into which the references were withdrawn, there is no order dissolving or modifying the injunctions. Feldman filed a motion to Modify, Vacate, Alter, or Amend Outstanding Sanctions Against Feldman, Matz, and Matz Trustee (Doc. No. 19, C.A. No. 96-2489). In that motion, Feldman requested relief from the monetary penalties found in the very

orders RSL claims are at issue here. In fact, he attaches the orders. Interestingly, the entirety of the motion does not reference the injunctive provisions, but instead focuses only upon the monetary sanctions—no doubt because the injunctive provisions were resolved in C.A. No. 96-2473.

Nevertheless, assuming arguendo that the injunctions were actually before the Court, under the umbrella of the word "sanctions" in C.A. No. 96-2489, the result is no different. In that cause, the District Court found that:

> Feldman and Matz have shown and continue to show complete disregard for Court orders and procedures. Such conduct cannot be tolerated and **the sanctions orders are affirmed in all respects and are fully enforceable.**

(Doc. No. 22, C.A. No. 96-2489) (emphasis added). Consequently, to the extent the injunctions are subsumed under the label "sanctions" appealed in C.A. No. 96-2489, which this Court doubts, they were affirmed in *all respects*. In fact, Judge Black actually raised the monetary amounts due under the prior sanction orders to $253,700.00. (Doc. No. 29, C.A. No. 96-2489).

This decision was appealed by the Feldman entities to the Fifth Circuit twice and the Supreme Court once, and they lost at every turn.

The arguments of RSL concerning the injunctions entered in Case Nos. 95-47986 and 95-47987, if followed to their logical termination, can lead one through several scenarios—but they all eventually lead to the same conclusion—the injunctions still exist. They were never dissolved or terminated, and RSL's instigation, without leave of court, of the case below violated those injunctions.

Moreover, it is undisputed that the injunctions were appealed in C.A. No. 96-2473. That appeal was dismissed and the injunctions became final. Regardless of what occurred in C.A. No. 96-2489, the injunctions remained intact. RSL violated the injunctions and the Bankruptcy Court's order merely enforced their terms.

17

### D. Appellant's Claim That the Injunctions Were Dissolved Is Not Supported by the Record.

As a last resort, RSL claims that it was relieved of compliance with the injunctions due to minute entries entered in C.A. No. 96-1839 and C.A. No. 96-1840. In those cases Judge Black had actually considered additional sanctions against Feldman for his persistent practice of filing notices of appeal from Bankruptcy Court rulings, not following up, and letting the appeals lapse, needlessly wasting limited judicial resources. To help curb that practice, Judge Black entered the following show cause order on July 1, 1996:

<div align="center">DISMISSAL AND SHOW CAUSE ORDER</div>

> Appellants Marla Matz and Stewart A. Feldman filed their Notice of Appeal from the April 24, 1996 order of the Bankruptcy Court which was entered May 1, 1996. The appeal was filed in the District Court on June 7, 1996. Appellants have failed to file their brief within fifteen days as required by Bankruptcy Rule 8009. **Attorney Feldman also noticed appeals in this bankruptcy matter and failed to file briefs in Civil Actions No. 96-1413, 96-1414, and 96-1839. Because the appellants failed to file their brief in this case, it is hereby** ORDERED that this appeal is **DISMISSED**.

The Court then added:

> IT IS FURTHER ORDERED that Stewart A. Feldman shall appear before the Court on July 26, 1996 at 9:30 a.m. to **show cause why he should not be sanctioned for repeatedly filing notices of appeal from bankruptcy court orders and failing to file appellant's brief.** The Court retains jurisdiction over the sanctions issue.

(Doc. No. 3, C.A. No. 96-1839; Doc. No. 3, C.A. No. 96-1840) (emphasis in original).

The Court later held a show cause hearing and entered a minute entry as follows:

<div align="center">DOCKET ENTRY</div>

```
7/26/96: (NWB) Minutes of Hearing, held on 7/26/96.
        Stewart Feldman is enjoined from filing additional matters,
        including notices of appeal from Bankruptcy Court orders, in
        either the United States Bankruptcy Court or the United States
        District Court for the Southern District of Texas until the
        sanctions imposed by United States Bankruptcy Judge Greendyke
        have been paid in full.
```

(Doc. No. 5, C.A. No. 96-1839; Doc. No. 5, C.A. No. 96-1840).

Feldman contends that this order amended the injunctions, that he has paid the sanctions, and therefore the injunctions have been dissolved by virtue of this order.

This minute entry does not mention the injunctions entered by Judge Greendyke. It only references the monetary sanctions. Effectively, it acts as an additional bar (injunction), only this time entered by Judge Black. This is clear because the actual appeal of the injunctions occurred in C.A. No. 96-2473 and that appeal, which was also handled by Judge Black, had already been dismissed on September 19, 1996.

Interestingly, due to the injunctions in place, Feldman clearly knew he had to get permission to proceed. He filed a motion for leave to file (Doc. No. 2, C.A. No. 96-2473) which Judge Black granted:

> IT IS HEREBY ORDERED that Appellants Feldman and Matz's Motion for Leave to File Appeals is **GRANTED** only to the extent that Appellants may file their brief as to Civil Action No. 96-2473 relating to the appeal of the order of the United States Bankruptcy Court **entered June 7, 1996 entitled "Order Imposing Sanctions and Permanently Enjoining Certain Bankruptcy Related Filings."** Appellants shall file their brief as to that order on or before August 30, 1996. Any brief in opposition to Appellants' brief shall be filed on or before September 13, 1996. Appellants are advised that failure to file their brief by August 30, 1996 will result in dismissal with prejudice. *All other appeals, including Civil Action No. 96-2065, have previously been dismissed for failure to prosecute and the Bankruptcy Court orders addressed by those appeals are now final and non-appealable.*

(Doc. No. 3, C.A. No. 96-2473) (emphasis added).

Not surprisingly, the Appellants did not follow the rules and the Court dismissed the case.

### DISMISSAL ORDER

> It appearing that the notice of appeal from the order of the United States Bankruptcy Court was not filed within the time limits imposed by Bankruptcy Rule 8002(a), it is hereby
> ORDERED that this bankruptcy appeal is **DISMISSED AS UNTIMELY**. **THIS IS A FINAL ORDER.**

(Doc. No. 8, C.A. No. 96-2473) (emphasis added). Later, Judge Black affirmed the Bankruptcy Court on the merits (Doc. No. 11, C.A. No. 96-2473). Thus, in C.A. No. 96-2473 the applicable injunctions became final.

Moreover, even if Feldman is correct as to the minute order's effect, his claim that he paid the sanctions, and thus was no longer barred by the injunctions, is not supported by any evidence. As proof Feldman refers this Court to paragraphs 11 and 18 of an Agreed Order filed in a state court suit styled *Matz Real Estate Services, Inc., et al. v. Universal Surety of America, et al.*, Cause No. 98-23599, 125th Judicial District Court of Harris County, Texas. This order was signed by Judge John Coselli on June 29, 2000.

Those paragraphs are hereby set out in full:

11      Morgan acknowledges that the transfer of the Cypress Park Property from Bennion to Feldman and Matz, or their designee, is intended to compensate Feldman and Matz for all sanctions paid, all receivers fees and related costs and expenses, all attorneys fees for both trial and appeal, and all other costs and expenses incurred by Feldman and Matz in connection with the sanctions judgment issued by Judge Norman Black on January 14, 1997 based upon the orders of Judge Greendyke in the United States Bankruptcy Court. Morgan acknowledges that Feldman and Matz assert that such sanctions were inappropriately claimed and inappropriately awarded against Feldman and Matz. **Any claim by Matz, Feldman, or the Matz/Feldman Affiliates with respect to such matters is intended to be covered by the release in paragraph 17 hereto**

* * *

18      Matz, Feldman, and the Matz/Feldman Affiliates, their attorneys, agents and affiliates are fully released and discharged of any liability to Morgan and the Morgan Affiliates, their attorneys, agents and affiliates, arising from the beginning of the Universe through this date. It is the intent of this Agreed Order that, solely except with respect to a failure to perform obligations under this Agreed Order, all liabilities, claims, judgments, and causes of action now existing or hereafter arising, whether contingent or resolved, liquidated or unliquidated, known or unknown, certain or uncertain, choate or inchoate, secured or unsecured, written or oral, arising in tort, equity or contract, and in any way arising out of any relationship or transaction between Morgan, the Morgan Affiliates, and Matz, Feldman, or the Matz/Feldman Affiliates (including, without limitation, those for fraud, usury, slander, libel, wrongful imprisonment, breach of fiduciary duty, wrongful

prosecution, tortious interference with contract, breach of contract, trespass, personal injury, business injury, or any liability or claim related to any transaction with Roy I Bennion, or any other claim that is imaginable) is released, waived, and forever discharged without exception. **Notwithstanding the foregoing, Morgan and the Morgan Affiliates do not release any rights or duties arising under any court order or injunction.**

(Doc. No. 14, pp. 15-16, Cause No. 98-23599) (emphasis added).

The first paragraph (11) actually references the sanctions but it does not state or prove in any other way that Matz and Feldman paid the ordered sanctions. Indeed, that paragraph seems to document that Feldman was receiving compensation in state court and releasing claims—not paying sanctions in federal court and being released. The second paragraph (18) does purport to release Feldman of liabilities due to Morgan, but it does not mention sanctions. To the contrary, the paragraph specifically exempts from the release language "any rights or duties arising under any court order or injunction." (*Id.*)

The monetary sanctions were obviously obligations "arising under" a court order and the injunctions clearly are court orders. The "proof" that the applicable monetary sanctions were paid is clearly insufficient. There was not even an affidavit from Feldman either to the Bankruptcy Court or to this Court proving that the sanctions had been paid.

Thus, even if the minute entry purported to give Feldman and his entities relief from the injunctions (if the sanctions were paid), which this Court holds it does not, the proof in the record that such indeed occurred is woefully insufficient.[5]

---

[5] Indeed, if true, one wonders why RSL could not produce in the court below an affidavit from Feldman indicating when and how he paid or otherwise resolved the court-ordered sanctions. If that claim is accurate, what could have been easier?

### E.  RSL Claims that the Bankruptcy Court Erred By Dismissing the Adversary Claim with Prejudice.

The Bankruptcy Court dismissed the Adversary Proceeding with prejudice. Appellant complains that a lesser penalty should be applied. This Court agrees. There are several basic tenets of contempt that lead to this conclusion:

> A contempt order or judgment is characterized as either civil or criminal depending upon its primary purpose. If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil. *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990) (internal citations omitted).

> \* \* \*

> The present case concerns neither punitive criminal contempt nor coercive civil contempt; rather it concerns "compensatory" or "remedial" civil contempt. "Civil contempt can serve two purposes," either coercing compliance with an order or "compensate[ing] a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961-62 (5th Cir. 1996) (citing *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 400 (5th Cir. 1987)). Like criminal contempt, remedial civil contempt is backward-looking. But remedial contempt is civil, because it remedies the consequences of defiant conduct on an opposing party, rather than punishing the defiance per se.

*In re Bradley*, 588 F.3d 254, 263-64 (5th Cir. 2009).

Here, the Bankruptcy Court attempted to remedy the consequences of the defiant conduct by: 1) compelling compliance with the injunctions; and 2) compensating the aggrieved party for the contemnor's violations. The latter did not occur because the appeal intervened. The former was accomplished by dismissing the proceeding.

Nevertheless, it is virtually a legal maxim that:

> The federal courts in devising a remedy must take into account the interests of state and local authorities in managing their own affairs, consistent with the Constitution. *Milliken v. Bradley*, 433 U.S. 267, 280-281, 97 S.Ct. 2749, 2757, 53 L.Ed.2d 745 (1977). **And the use of the contempt power places an additional limitation on a district court's discretion, for as the Court of Appeals recognized, in selecting**

22

**contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed.** 856 F.2d, at 454 (quoting *Anderson v. Dunn*, 6 Wheat., at 231).

*Spallone v. United States*, 493 U.S. 265, 276 (1990) (emphasis added) (internal quotations omitted).

In the instant case, an award of compensation to the aggrieved parties for their costs and/or fees would have been appropriate along with the dismissal of the adversary claim which should have never been brought, absent leave of court. Nevertheless, the dismissal did not have to be with prejudice to put the parties back to where they should have been absent the violation of the injunctions.

That being said, the Bankruptcy Court dismissed the case because RSL violated the injunctions by failing to get leave of court prior to filing the action in Bankruptcy Court. That part of the order is correct. The injunctions prohibit any Feldman entity from filing such an adversary action without leave. RSL is such an entity. An order dismissing the claim without prejudice would have effectuated compliance with the injunction and accomplished the clear purposes intended by Judge Greendyke and Chief Judge Black. The dismissal was not meant to penalize or reward any party; it was meant to ensure compliance with the injunctions. The award of fees and costs, to compensate Appellee that was contemplated (and would have been permissible under Supreme Court authority), but never ordered by the court, when combined with a dismissal was the correct path to put the Appellee back in the position he would have otherwise been had the injunction been honored. Thus, this Court reverses the order of dismissal with prejudice and reforms that order to be a dismissal without prejudice.

Case 4:20-cv-00878   Document 10-1   Filed on 07/03/20 in TXSD   Page 94 of 118
Case 4:20-cv-00878   Document 10-1   Filed on 04/20/20 in TXSD   Page 675 of 118

0675

## IV.    Conclusion

The Court affirms the Bankruptcy Court in all areas, but one. It finds that the Bankruptcy Court erred by dismissing this matter with prejudice. It therefore affirms the judgment of dismissal, but reverses and sets aside the order to the extent it purports to dismiss this action with prejudice. The dismissal order (Doc. No. 68, Adv. No. 15-3185) is hereby reformed to be a dismissal without prejudice.

SIGNED at Houston, Texas this 1st day of November, 2019.

Andrew S. Hanen
United States District Judge

# Tab 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MATTHEW JOHN DATE, | § | |
|     *Debtor.* | § | Civil Action No. 4:96-cv-02489 |
| | § | |
| RSL FUNDING, LLC, | § | Civil Action No. 4:17-cv-03568 |
|     *Appellant,* | § | |
| | § | Adversary Case No. 15-03185 |
| v. | § | |
| | § | |
| MATTHEW JOHN DATE, | § | |
|     *Appellee.* | § | |

## ORDER

The Court has before it Appellant's Motion for Reconsideration of Remedy and to Correct Minor Factual Statements (Doc. No. 26, C.A. No. 17-3568) and Appellee's response in opposition (Doc. No. 27, C.A. No. 17-3568).

This Court overrules the request to amend its order as to the alleged factual discrepancies. While Appellant is most certainly correct in its assessment of the facts as they exist outside the record, this Court must rely on the record before it and that record is not clear concerning the marital status of RSL's principals.

With regard to the request that this Court reconsider the remedy contemplated by its earlier order, this Court neither grants nor denies the request. This case is hereby remanded and C.A. No. 96-2489 is referred to the Bankruptcy Court solely for consideration of the Motion for Leave to File (Doc. No. 101, C.A. No. 96-2489). While this Court is somewhat perplexed as to why this motion was not filed in the Bankruptcy Court in this case either before or concurrently with the filing of the adversary proceeding, the Court notes that the district courts and bankruptcy courts of the Southern District of Texas clearly have concurrent jurisdiction over the subject matter of the

injunction.  That being the case, the most appropriate court to resolve this issue is the court which will have to resolve the adversary proceeding should leave to file be granted.

This case is remanded to the Bankruptcy Court. The Motion for Leave to File filed in C.A. No. 96-2489 referenced above is hereby referred to the Bankruptcy Court for a determination as to whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded.

SIGNED at Houston, Texas this 17 day of December, 2019.

Andrew S. Hanen
United States District Judge

# Tab 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/26/2020

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No.** |
| | § | **15-31568** |
| **MATTHEW JOHN DATE,** | § | |
| | § | **Chapter 7** |
| Debtor | § | |
| | § | |
| | § | |
| **RSL FUNDING, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adversary No.** |
| **v.** | § | **15-03185** |
| | § | |
| **MATTHEW JOHN DATE,** | § | |
| | § | |
| **Defendant** | § | |

**Order Denying Motion for Leave to Proceed with Adversary Proceeding**
**(Re: Docket Nos. 93, 101–103)**

In November 2019, the District Court affirmed a Bankruptcy Court order

dismissing *RSL Funding, LLC v. Matthew John Date* (Adv. No. 15-03185) in all areas

except to the extent that the order dismissed the adversary proceeding with prejudice

(the "**District Order**").[1] The District Court held, among other things, that (i) a June 1996

Bankruptcy Court permanent injunction (the "**Injunction**") remained intact and was

enforceable against RSL; (ii) RSL violated the Injunction; (iii) a bad faith finding was not

required for the Bankruptcy Court to enforce the Injunction against RSL because

dismissal was not a sanction, but merely enforcement of the Injunction; and

---

[1] District Order, Docket No. 92.

Case 4:20-cv-00673  Document 19-1  Filed on 07/02/20 in TXSD  Page 100 of 118
Case 4:20-cv-00673  Document 2-1  Filed on 04/20/2041 in TXSD  Page 68 of 1128
0768

(iv) dismissal of the adversary proceeding without prejudice would have complied with the Injunction and accomplished the clear purposes intended by Judge Greendyke and Judge Black.[2] Thus, the District Order affirmed the Bankruptcy Court's dismissal of Adv. No. 15-03185, but revised the dismissal to be without prejudice.[3]

Shortly thereafter, RSL filed with the District Court a Motion for Reconsideration. RSL stated in the introductory paragraph that it was not asking the District Court to reconsider its holdings that certain injunctions (including the Injunction) were valid or that RSL violated their terms.[4] Instead, RSL moved for consideration of a separate Motion for Leave to Proceed With Adversary Proceeding that RSL filed in 2017 in C.A. 96-2489.[5] In the Motion for Leave, RSL argued that the Injunction expired years before Adv. No. 15-03185 was filed. If, however, the Injunction remained intact, RSL argued that any violation was inadvertent and monetary sanctions should be the remedy for non-compliance rather than dismissal of the case.

In December 2019, the District Court remanded this case to the Bankruptcy Court and referred the Motion for Leave to determine "whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded."[6]

---

[2] *See id.* at 10, 12–14, 17, and 23.

[3] *See id.* at 24.

[4] Motion for Reconsideration, Docket No. 94.

[5] *Id.* at 2; *see also* Motion for Leave, Docket No. 101, C.A. 96-2489. RSL apparently filed the Motion for Leave in 96-2489 because Judge Black withdrew the reference from bankruptcy cases where the Injunction had been issued. RSL claimed that only the District Court had jurisdiction to grant leave from the Injunction. *See* Motion for Leave at 2.

[6] Docket No. 93.

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/20 in TXSD   Page 101 of 118
Case 4:20-cv-00878   Document 2-1   Filed on 04/20/20 in TXSD   Page 69 of 112

0769

This Court held an initial hearing with counsel for RSL and Date on January 22, 2020 and set an evidentiary hearing on the Motion for Leave for February 18. On February 14, RSL filed a brief in support of the Motion for Leave.[7] RSL mainly argued that:

- Any failure of RSL to seek leave from the Injunction before filing the adversary complaint was—at worst—inadvertent. RSL was only subject to the Injunction because of Stewart Feldman's ownership interest. And Feldman believed the Injunction was no longer in effect;

- The District Order was, in effect, a death penalty sanction because the deadlines for RSL to prosecute exceptions to discharge of debts against Date expired. The District Court resolved the inappropriateness of the death penalty sanction by remanding the Motion for Leave to the Bankruptcy Court;

- The four corners of RSL's adversary complaint set forth viable non-dischargeability claims against Date; and

- If this Court, in its discretion, grants the Motion for Leave, it should also vacate the Bankruptcy Court dismissal order and permit RSL to continue prosecuting Adv. No. 15-03185.[8]

Four days later, and less than three hours before the evidentiary hearing, RSL filed a "Corrected Brief."[9] The Corrected Brief included a footnote stating that RSL was not bound by the Injunction because it is an LLC, and the Injunction purportedly applies only to corporations and partnerships.[10]

---

[7] Brief, Docket No. 101.

[8] *See id.* at 2, 5, 6, 9, 10.

[9] Corrected Brief, Docket No. 102.

[10] *See id.* at 1.

Case 4:20-cv-00873 Document 19-1 Filed on 07/02/20 in TXSD Page 103 of 118
Case 4:20-cv-00873 Document 12-1 Filed on 04/20/2024 in TXSD Page 76 of 118
0770

Date opposed each of RSL's arguments. First, Date argued that the Injunction has been upheld by at least five judges—most recently in the District Order. Second, the District Court issued a final order that RSL violated the Injunction. Third, RSL's LLC argument is improper and waived because it was not argued on appeal. Fourth, Feldman knew about the Injunction and elected not to comply. Finally, the District Order found that dismissal was an appropriate remedy to enforce the Injunction and merely reformed dismissal to be without prejudice.

This Court considered the Motion for Leave, including RSL's briefing, RSL's and Date's arguments at the hearing, Feldman's testimony at the hearing, and the evidence admitted in support of, and against, granting the Motion for Leave.[11] This Court has discretion to enforce the Injunction or grant relief from it. After consideration, the relief requested in the Motion for Leave is denied.

### RSL's LLC Argument is Untimely and Waived

Despite representing to the District Court in the Motion for Reconsideration that RSL "does not ask the Court to reconsider its holdings that the injunctions were valid *or that RSL violated their terms*,"[12] RSL continues to argue that it was not bound by the Injunction. This time, however, RSL adds that it was never subject to the Injunction because it is a limited liability company. This argument was improperly raised by RSL in a "Corrected Brief" about three hours before an evidentiary hearing that had been set

---

[11] Several days after the February 18 hearing, RSL filed an Emergency Motion for Leave to File Post-Hearing Brief (Docket No. 104), which was denied at Docket No. 106.

[12] Motion for Reconsideration at 1 (emphasis added).

4

nearly four weeks before. RSL also waived this argument and may not raise it with the Motion for Leave.

RSL has always been a limited liability company and represented by reputable counsel at all stages of litigation since it filed Adv. No. 15-03185. Feldman is also a well-educated attorney who worked for a nationally recognized law firm. RSL and Feldman never raised this argument: (i) to the District Court in C.A. 96-2489 where RSL filed the Motion for Leave in 2017; (ii) on appeal from the Bankruptcy Court order dismissing Adv. No. 15-03185, where the District Court entered the District Order; or (iii) in RSL's Motion for Reconsideration of the District Order.

RSL's LLC argument is untimely and was waived. *See, e.g.*, *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (issue that could have been but was not raised on appeal is forfeited and may not be revisited on remand) (citation omitted). The waiver doctrine "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Id.*

This argument also contradicts findings in the District Order. The District Order states that the Injunction prohibits any entity owned by Stewart Feldman from filing adversary proceedings without seeking leave of court, and that "RSL is such an entity." District Order at 23. This finding is noted throughout the District Order. *See, e.g.*, *id.* at 17 ("[T]he injunctions still exist. They were never dissolved or terminated, and RSL's instigation, without leave of court [. . .] violated those injunctions."); *id.* ("RSL violated the injunctions and the Bankruptcy Court's order merely enforced their terms."); *id.* at 23 ("[T]he Bankruptcy Court dismissed the case because RSL violated the injunctions by

failing to get leave of court prior to filing the action in Bankruptcy Court. That part of the order is correct."). Based on the above, RSL's LLC argument is rejected. The Injunction is enforceable against RSL.

### Dismissal Without Prejudice Is Proper

RSL alternatively argues that the Court should grant the Motion for Leave even if RSL violated the Injunction. RSL argues that it and Stewart Feldman acted inadvertently—at worst—in failing to seek leave from the Injunction. At the February 18 hearing, Feldman testified that he believed, based on the advice of counsel, that the Injunction was not in effect because he satisfied Judge Black's 1996 Minute Entry Order.[13] He also testified that he was surprised on cross-examination at the April 2017 hearing that RSL may have violated the Injunction by filing the adversary proceeding. Finally, Feldman stated that he disagreed with the findings in the District Order.

RSL's assertion about the expiration of the Injunction was rejected by the Bankruptcy Court that issued the dismissal order and the District Court in the District Order.[14] The District Court also rejected RSL's argument that the Bankruptcy Court did not allow RSL a chance to respond to allegations that it violated the Injunction.[15] Nothing in RSL's briefing, evidence, or arguments warrant a different result.

---

[13] Minute Entry Order, Docket No. 5, C.A. 96-1840 ("Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy Court orders, in either the United States Bankruptcy Court or the United States District Court for the Southern District of Texas until the sanctions imposed by United States Bankruptcy Judge Greendyke have been paid in full.").

[14] Bankruptcy Court dismissal order (Docket No. 68) at 1, 9; District Order at 10.

[15] District Order at 14-15.

Case 4:20-cv-00873   Document 19-1   Filed on 07/02/20 in TXSD   Page 105 of 118
Case 4:20-cv-00873   Document 2-1   Filed on 04/20/2024 in TXSD   Page 73 of 118
0773

RSL also argues that it originally filed the Motion for Leave shortly after Feldman was confronted with the Injunction at the April 2017 hearing. Feldman testified that he would have sought leave to file Adv. No. 15-03185 if he had believed that there was even a 1% chance of the Injunction remaining intact in 2015. At the February 18 hearing, this Court asked why he did not feel that the appeals of the Injunction, which occurred after Judge Black's Minute Entry Order, did not amount to a 1% chance that the Injunction was enforceable against RSL. These appeals include Judge Black entering an order affirming all orders issued by Judge Greendyke, including the Injunction, and holding that they were fully enforceable.[16]

Feldman did not provide a meaningful answer to the Court. Rather, Feldman continued to argue that he did not believe he was violating the Injunction. This Court, however, does not believe that failing to seek leave to file Adv. No. 15-03185 was inadvertent.[17]

RSL also argues that dismissal without prejudice was a death-penalty sanction because the deadlines for RSL to prosecute exceptions to discharge of debts against Date expired. RSL is wrong. The District Court found, and this Court agrees, that dismissal of Adv. No. 15-03185 was not a sanction, but merely enforcement of the

---

[16] *See id.* at 8. The District Order also cites an order by Judge Harmon affirming the Injunction more than one year after the Minute Entry Order. *See id.* at 9.

[17] Feldman was also involved in three cases filed without leave from the Injunction: *Rapid Settlements, Ltd. v. Shcolnik* (Adv. No. 07-03124); *Feldman et al. v. Watts* (Adv. No. 16-03129); *Capstone Assoc. Servs., Ltd. v. Genitempo* (Adv. No. 15-03270).

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/20 in TXSD   Page 106 of 118
Case 4:20-cv-00878   Document 2-1   Filed on 04/20/20 in TXSD   Page 74 of 112

0774

Injunction.[18] Ordering RSL to pay fees and costs is not the appropriate remedy for violating the Injunction and is not mandated by the District Court. Rather, the District Court held that dismissal without prejudice would effect compliance with the Injunction and fulfill the purposes intended by Judge Greendyke and Judge Black.[19] RSL took a calculated risk to file an adversary proceeding without seeking leave; as a result, the Injunction was enforced, and the case was dismissed.

Finally, RSL's argument that the adversary complaint alleges causes of action against Date was considered but, given the above—even considering it collectively with all of RSL's arguments—does not justify granting the Motion for Leave. RSL's remaining arguments are rejected.

The Motion for Leave is denied. Dismissal of Adv. No. 15-03185 without prejudice stands. A dismissal without prejudice is not meant to penalize RSL; it is meant to ensure compliance with the Injunction.


Signed:  February 26, 2020

_Christopher M. Lopez_
Christopher Lopez
United States Bankruptcy Judge

---

[18] District Order at 12–14.

[19] *See id.* at 23.

# Tab 6

Case 4:20-cv-00878  Document 19-1  Filed on 07/02/20 in TXSD  Page 108 of 118
Case 4:20-cv-00878  Document 2-1 Filed on 04/20/2024 in TXSD  Page 89 of 1218

0788

Official Form 417A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re | § | |
| | § | |
| **MATTHEW JOHN DATE,** | § | **Bankruptcy No. 15-31568** |
| | § | **(Chapter 7)** |
| *Debtor.* | § | |
| | § | |
| **RSL FUNDING, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Adversary No. 15-03185** |
| | § | |
| **MATTHEW JOHN DATE,** | § | |
| | § | |
| *Defendant.* | § | |

---

**NOTICE OF APPEAL AND**
**STATEMENT OF ELECTION**

---

**Part 1: Identify the appellant(s)**

1. Name(s) of the appellant(s):

   RSL Funding, LLC

2. Position of the of appellant(s) in the adversary proceeding or bankruptcy case that is subject of this appeal:

   For appeals in an adversary proceeding.

   ☒ Plaintiff

   ☐ Defendant

   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding

   ☐ Debtor

   ☐ Creditor

   ☐ Trustee

   ☐ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

   a. Order Denying Motion for Leave to Proceed with Adversary Proceeding (Re: Docket Nos. 93, 101–103) (ECF no. 107) (*See* **Exhibit A**);

2. State the date on which the judgment, order, or decree was entered:

Case 4:20-cv-00878   Document 19-1   Filed on 07/02/20 in TXSD   Page 109 of 118
Case 4:20-cv-00878   Document 2-1   Filed on 04/20/2020 in TXSD   Page 89 of 1125

0789

a. February 26, 2020 (ECF no. 107) (*See* **Exhibit A**);

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed form and the names, addresses and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  Matthew John Date            Attorney:  Johnie J. Patterson
                                                    Walker & Patterson, PC
                                                    PO Box 61301
                                                    Houston, TX 77208-1301
                                                    Tel. 713-956-5570

## Part 4: Optional election to have appeal head by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

/s/ *Leonard H. Simon*                              Date: March 9, 2020
Signature of attorney for appellant(s) (or
appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Leonard H. Simon
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
Pendergraft & Simon, LLP
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

Case 4:20-cv-00873   Document 19-1   Filed on 07/02/20 in TXSD   Page 110 of 118
Case 4:20-cv-00873   Document 2-1   Filed on 04/20/20 in TXSD   Page 90 of 118
0790

/s/ *William P. Haddock*                              Date: March 9, 2020
Signature of attorney for appellant(s) (or
appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

William P. Haddock
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
Pendergraft & Simon, LLP
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has
filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.


## Certificate of Service

I hereby certify that a true and correct copy of the above Notice of Appeal and
Statement of Election has been served on the following counsel/parties of record in accordance
with Fed. R. Bankr. 9013 and local rules for electronic filing and service via the Court's ECF
system on this 9th day of March 2020:

Parties having appeared via ECF:

    Johnie J. Patterson, Counsel for Plaintiff

                                    /s/ *William P. Haddock*
                                    William P. Haddock

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
02/26/2020

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No.** |
| | § | **15-31568** |
| **MATTHEW JOHN DATE,** | § | |
| | § | **Chapter 7** |
| Debtor | § | |
| | § | |
| | § | |
| **RSL FUNDING, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adversary No.** |
| **v.** | § | **15-03185** |
| | § | |
| **MATTHEW JOHN DATE,** | § | |
| | § | |
| **Defendant** | § | |

### Order Denying Motion for Leave to Proceed with Adversary Proceeding
### (Re: Docket Nos. 93, 101–103)

In November 2019, the District Court affirmed a Bankruptcy Court order dismissing *RSL Funding, LLC v. Matthew John Date* (Adv. No. 15-03185) in all areas except to the extent that the order dismissed the adversary proceeding with prejudice (the "**District Order**").[1] The District Court held, among other things, that (i) a June 1996 Bankruptcy Court permanent injunction (the "**Injunction**") remained intact and was enforceable against RSL; (ii) RSL violated the Injunction; (iii) a bad faith finding was not required for the Bankruptcy Court to enforce the Injunction against RSL because dismissal was not a sanction, but merely enforcement of the Injunction; and

**EXHIBIT**

**A**

---

[1] District Order, Docket No. 92.

(iv) dismissal of the adversary proceeding without prejudice would have complied with the Injunction and accomplished the clear purposes intended by Judge Greendyke and Judge Black.[2] Thus, the District Order affirmed the Bankruptcy Court's dismissal of Adv. No. 15-03185, but revised the dismissal to be without prejudice.[3]

Shortly thereafter, RSL filed with the District Court a Motion for Reconsideration. RSL stated in the introductory paragraph that it was not asking the District Court to reconsider its holdings that certain injunctions (including the Injunction) were valid or that RSL violated their terms.[4] Instead, RSL moved for consideration of a separate Motion for Leave to Proceed With Adversary Proceeding that RSL filed in 2017 in C.A. 96-2489.[5] In the Motion for Leave, RSL argued that the Injunction expired years before Adv. No. 15-03185 was filed. If, however, the Injunction remained intact, RSL argued that any violation was inadvertent and monetary sanctions should be the remedy for non-compliance rather than dismissal of the case.

In December 2019, the District Court remanded this case to the Bankruptcy Court and referred the Motion for Leave to determine "whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded."[6]

---

[2] *See id.* at 10, 12–14, 17, and 23.

[3] *See id.* at 24.

[4] Motion for Reconsideration, Docket No. 94.

[5] *Id.* at 2; *see also* Motion for Leave, Docket No. 101, C.A. 96-2489. RSL apparently filed the Motion for Leave in 96-2489 because Judge Black withdrew the reference from bankruptcy cases where the Injunction had been issued. RSL claimed that only the District Court had jurisdiction to grant leave from the Injunction. *See* Motion for Leave at 2.

[6] Docket No. 93.

This Court held an initial hearing with counsel for RSL and Date on January 22, 2020 and set an evidentiary hearing on the Motion for Leave for February 18. On February 14, RSL filed a brief in support of the Motion for Leave.[7] RSL mainly argued that:

- Any failure of RSL to seek leave from the Injunction before filing the adversary complaint was—at worst—inadvertent. RSL was only subject to the Injunction because of Stewart Feldman's ownership interest. And Feldman believed the Injunction was no longer in effect;

- The District Order was, in effect, a death penalty sanction because the deadlines for RSL to prosecute exceptions to discharge of debts against Date expired. The District Court resolved the inappropriateness of the death penalty sanction by remanding the Motion for Leave to the Bankruptcy Court;

- The four corners of RSL's adversary complaint set forth viable non-dischargeability claims against Date; and

- If this Court, in its discretion, grants the Motion for Leave, it should also vacate the Bankruptcy Court dismissal order and permit RSL to continue prosecuting Adv. No. 15-03185.[8]

Four days later, and less than three hours before the evidentiary hearing, RSL filed a "Corrected Brief."[9] The Corrected Brief included a footnote stating that RSL was not bound by the Injunction because it is an LLC, and the Injunction purportedly applies only to corporations and partnerships.[10]

---

[7] Brief, Docket No. 101.

[8] *See id.* at 2, 5, 6, 9, 10.

[9] Corrected Brief, Docket No. 102.

[10] *See id.* at 1.

Date opposed each of RSL's arguments. First, Date argued that the Injunction has been upheld by at least five judges—most recently in the District Order. Second, the District Court issued a final order that RSL violated the Injunction. Third, RSL's LLC argument is improper and waived because it was not argued on appeal. Fourth, Feldman knew about the Injunction and elected not to comply. Finally, the District Order found that dismissal was an appropriate remedy to enforce the Injunction and merely reformed dismissal to be without prejudice.

This Court considered the Motion for Leave, including RSL's briefing, RSL's and Date's arguments at the hearing, Feldman's testimony at the hearing, and the evidence admitted in support of, and against, granting the Motion for Leave.[11] This Court has discretion to enforce the Injunction or grant relief from it. After consideration, the relief requested in the Motion for Leave is denied.

### RSL's LLC Argument is Untimely and Waived

Despite representing to the District Court in the Motion for Reconsideration that RSL "does not ask the Court to reconsider its holdings that the injunctions were valid *or that RSL violated their terms*,"[12] RSL continues to argue that it was not bound by the Injunction. This time, however, RSL adds that it was never subject to the Injunction because it is a limited liability company. This argument was improperly raised by RSL in a "Corrected Brief" about three hours before an evidentiary hearing that had been set

---

[11] Several days after the February 18 hearing, RSL filed an Emergency Motion for Leave to File Post-Hearing Brief (Docket No. 104), which was denied at Docket No. 106.

[12] Motion for Reconsideration at 1 (emphasis added).

nearly four weeks before. RSL also waived this argument and may not raise it with the Motion for Leave.

RSL has always been a limited liability company and represented by reputable counsel at all stages of litigation since it filed Adv. No. 15-03185. Feldman is also a well-educated attorney who worked for a nationally recognized law firm. RSL and Feldman never raised this argument: (i) to the District Court in C.A. 96-2489 where RSL filed the Motion for Leave in 2017; (ii) on appeal from the Bankruptcy Court order dismissing Adv. No. 15-03185, where the District Court entered the District Order; or (iii) in RSL's Motion for Reconsideration of the District Order.

RSL's LLC argument is untimely and was waived. *See, e.g.*, *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (issue that could have been but was not raised on appeal is forfeited and may not be revisited on remand) (citation omitted). The waiver doctrine "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Id.*

This argument also contradicts findings in the District Order. The District Order states that the Injunction prohibits any entity owned by Stewart Feldman from filing adversary proceedings without seeking leave of court, and that "RSL is such an entity." District Order at 23. This finding is noted throughout the District Order. *See, e.g.*, *id.* at 17 ("[T]he injunctions still exist. They were never dissolved or terminated, and RSL's instigation, without leave of court [. . .] violated those injunctions."); *id.* ("RSL violated the injunctions and the Bankruptcy Court's order merely enforced their terms."); *id.* at 23 ("[T]he Bankruptcy Court dismissed the case because RSL violated the injunctions by

failing to get leave of court prior to filing the action in Bankruptcy Court. That part of the order is correct."). Based on the above, RSL's LLC argument is rejected. The Injunction is enforceable against RSL.

### Dismissal Without Prejudice Is Proper

RSL alternatively argues that the Court should grant the Motion for Leave even if RSL violated the Injunction. RSL argues that it and Stewart Feldman acted inadvertently—at worst—in failing to seek leave from the Injunction. At the February 18 hearing, Feldman testified that he believed, based on the advice of counsel, that the Injunction was not in effect because he satisfied Judge Black's 1996 Minute Entry Order.[13] He also testified that he was surprised on cross-examination at the April 2017 hearing that RSL may have violated the Injunction by filing the adversary proceeding. Finally, Feldman stated that he disagreed with the findings in the District Order.

RSL's assertion about the expiration of the Injunction was rejected by the Bankruptcy Court that issued the dismissal order and the District Court in the District Order.[14] The District Court also rejected RSL's argument that the Bankruptcy Court did not allow RSL a chance to respond to allegations that it violated the Injunction.[15] Nothing in RSL's briefing, evidence, or arguments warrant a different result.

---

[13] Minute Entry Order, Docket No. 5, C.A. 96-1840 ("Stewart Feldman is enjoined from filing additional matters, including notices of appeal from Bankruptcy Court orders, in either the United States Bankruptcy Court or the United States District Court for the Southern District of Texas until the sanctions imposed by United States Bankruptcy Judge Greendyke have been paid in full.").

[14] Bankruptcy Court dismissal order (Docket No. 68) at 1, 9; District Order at 10.

[15] District Order at 14-15.

Case 4:20-cv-00075 Document 11-7 Filed on 05/26/2020 in TXSD Page 73 of 118
Case 4:20-cv-00075 Document 2-7 Filed on 04/28/2020 in TXSD Page 97 of 118
0797

RSL also argues that it originally filed the Motion for Leave shortly after
Feldman was confronted with the Injunction at the April 2017 hearing. Feldman
testified that he would have sought leave to file Adv. No. 15-03185 if he had believed
that there was even a 1% chance of the Injunction remaining intact in 2015. At the
February 18 hearing, this Court asked why he did not feel that the appeals of the
Injunction, which occurred after Judge Black's Minute Entry Order, did not amount to a
1% chance that the Injunction was enforceable against RSL. These appeals include Judge
Black entering an order affirming all orders issued by Judge Greendyke, including the
Injunction, and holding that they were fully enforceable.[16]

Feldman did not provide a meaningful answer to the Court. Rather, Feldman
continued to argue that he did not believe he was violating the Injunction. This Court,
however, does not believe that failing to seek leave to file Adv. No. 15-03185 was
inadvertent.[17]

RSL also argues that dismissal without prejudice was a death-penalty sanction
because the deadlines for RSL to prosecute exceptions to discharge of debts against
Date expired. RSL is wrong. The District Court found, and this Court agrees, that
dismissal of Adv. No. 15-03185 was not a sanction, but merely enforcement of the

---

[16] *See id.* at 8. The District Order also cites an order by Judge Harmon affirming the Injunction more than
one year after the Minute Entry Order. *See id.* at 9.

[17] Feldman was also involved in three cases filed without leave from the Injunction: *Rapid Settlements, Ltd.
v. Shcolnik* (Adv. No. 07-03124); *Feldman et al. v. Watts* (Adv. No. 16-03129); *Capstone Assoc. Servs., Ltd. v.
Genitempo* (Adv. No. 15-03270).

Injunction.[18] Ordering RSL to pay fees and costs is not the appropriate remedy for violating the Injunction and is not mandated by the District Court. Rather, the District Court held that dismissal without prejudice would effect compliance with the Injunction and fulfill the purposes intended by Judge Greendyke and Judge Black.[19] RSL took a calculated risk to file an adversary proceeding without seeking leave; as a result, the Injunction was enforced, and the case was dismissed.

Finally, RSL's argument that the adversary complaint alleges causes of action against Date was considered but, given the above—even considering it collectively with all of RSL's arguments—does not justify granting the Motion for Leave. RSL's remaining arguments are rejected.

The Motion for Leave is denied. Dismissal of Adv. No. 15-03185 without prejudice stands. A dismissal without prejudice is not meant to penalize RSL; it is meant to ensure compliance with the Injunction.

Signed:  February 26, 2020

Christopher Lopez
United States Bankruptcy Judge

---

[18] District Order at 12–14.

[19] *See id.* at 23.