United States District Court
Southern District of Texas
**ENTERED**
December 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Matthew John Date, Debtor. | § | |
| | § | |
| RSL FUNDING, LLC, | § | Civil Action No. H-20-878 |
| | § | |
| Plaintiff-Appellant | § | Adversary Case No. 15-03185 |
| | § | |
| v. | § | |
| | § | |
| MATTHEW JOHN DATE, | § | |
| | § | |
| Defendant-Appellee. | § | |

**MEMORANDUM AND OPINION**

Stewart Feldman is a lawyer, businessman, and frequent litigant. In his many trips to the courts, he, with related business entities, has been repeatedly told that he was taking frivolous or unwarranted litigation positions. Feldman's current litigation position is no better.

Feldman is a principal member of RSL Funding, LLC. This appeal arises from the violation of a 1996 injunction barring Feldman and related business entities[1] from, among other things, filing adversarial proceedings in the United States Bankruptcy Court for the Southern District of Texas. This is the second appeal in this case, which builds on decades of litigation and filings across different courts. (*See* Docket Entry No. 25 (Civil Action No. 17-3568)). The court's prior findings and conclusions are the law of the case. *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016) (per curiam); *Randall v. Astrue*, 570 F.3d 651, 655 n.4 (5th Cir. 2009) (per curiam). The appeal requires this court to decide if the bankruptcy court abused its discretion in denying the motion for leave to proceed with the adversary proceeding. Based on the briefs, the record, and

---

[1] The entities that Feldman owns or controls include Rapid Settlements, Ltd., RSL Funding, LLC, Rapid Management Corporation, FinServ Casualty Corporation, A.M.Y. Casualty & Property Insurance Corporation, and The Feldman Law Firm. (*See* Docket Entry No. 162 at 1 (Civil Action No. 12-2044) (designating the "Feldman Entities")).

the applicable law, the court concludes that the bankruptcy court did not abuse its discretion. Feldman and RSL have presented arguments that lack any basis in the record or the law. This appeal is dismissed.

The reasons for these rulings are explained below.

**I.     Background**

This brief history is based on the court's prior findings of fact in this case and the record on appeal.

- In 1996, Feldman was involved in multiple state and federal court proceedings centered on business disputes he, his associates, and associated entities, had with third parties and coinvestors. Feldman often served as the lawyer for himself, his associates, and their entities. In those cases, Feldman committed "various acts of misconduct," which inflicted financial costs on his opponents and wasted judicial resources. (Docket Entry No. 25 at 2 (Civil Action No. 17-3568)).

- Bankruptcy Court Judge William Greendyke, one of the judges who presided over a number of cases involving Feldman, found and concluded, after hearings and careful analysis, that Feldman's conduct warranted sanctions. In response to initial and ongoing misconduct, Judge Greendyke ordered various sanctions across several cases. (*Id*. at 2–7).

- Most relevant here, Judge Greendyke in June 1996 imposed sanctions against Feldman and others that included the following permanent injunction:

> 6.    The following entities are permanently enjoined from (i) filing a voluntary bankruptcy petition; (ii) filing or joining in an involuntary bankruptcy petition against any entity; (iii) filing a notice of removal pursuant to 28 U.S.C. § 1452; or, (iv) filing an adversary proceeding in the United States Bankruptcy Court:
>
> (a)    Stewart A. Feldman;
>
> (b)    Marla B. Matz (Feldman's wife);

    (c)    Any corporation in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever;

    (d)    Any partnership in which Stewart A. Feldman owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise;

    (e)    Any corporation in which Marla Matz owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever; and,

    (f)    Any partnership in which Marla Matz owns any legal, beneficial or equitable interest, direct or indirect, of any size whatsoever, whether such interest is as a general partner, a limited partner, or otherwise.

Any entity that is governed by this paragraph 6 may seek relief from this injunction by filing an appropriate motion before this Court. Any entity that violates the injunction contained in this paragraph will be referred to the United States District Court for prosecution for criminal contempt. Such a referral will occur only if the Court determines that a violation has occurred after notice and hearing in accordance with then applicable law.

(Docket Entry No. 2 at 996).

- Judge Greendyke entered that injunction in two cases, and Feldman appealed. Chief District Court Judge Norman Black dismissed the appeal as untimely on September 19, 1996. (Docket Entry No. 25 at 7, 10 (Civil Action No. 17-3568)); (*see* Docket Entry No. 8 (Civil Action No. 96-2473)). On October 23, 1996, Chief Judge Black denied Feldman's motion for reconsideration "as untimely and on the merits." (Docket Entry No. 11 (Civil Action No. 96-2473)). The injunction was not appealed further.[2]

- Two decades later, in March 2015, Matthew John Date filed for Chapter 7 bankruptcy. (Docket Entry No. 25 at 10 (Civil Action No. 17-3568)). RSL filed an adversary complaint in Date's bankruptcy case in July 2015, alleging that RSL held an unsecured claim against Date for

---

[2] RSL alleges that Judge Greendyke's injunction underwent a different procedural journey, which led to it being dissolved. District Court Judge Andrew Hanen previously rejected RSL's view and held that, even if RSL's version of events were procedurally correct, the outcome would nonetheless be that Judge Greendyke's injunction remained in effect. (Docket Entry No. 25 at 10 (Civil Action No. 17-3568)).

over $470,000, which was nondischargeable under 11 U.S.C. §§ 523(a)(4), (6). (Docket Entry No. 1 (Adv. No. 15-3185)).

- On April 13, 2017, Bankruptcy Court Judge Karen Brown held a hearing on RSL's adversary claim. During that hearing, Feldman testified that he was the Chief Executive Officer and managing member of RSL. Date orally moved to dismiss RSL's adversary claim on the ground that RSL and Feldman were violating Judge Greendyke's injunction. Judge Brown suspended the proceeding, asked for briefing on the issue, and ordered Feldman to provide the court a list of all matters that he had filed in the bankruptcy court since the injunction's effective date. (Docket Entry No. 25 at 10 (Civil Action No. 17-3568)).

- On April 20 and 21, 2017, Feldman responded to Date's motion to dismiss. (Docket Entry Nos. 57, 58 (Adv. No. 15-3185)). He argued that the injunction no longer existed; that he was no longer bound by it; or that, because he had a good-faith belief that the injunction was no longer in existence, dismissal with prejudice would be an inappropriate "death penalty" sanction. (Docket Entry No. 25 at 10–11 (Civil Action No. 17-3568)).

- On May 4, 2017, RSL filed, in Civil Action No. 96-2489, an expedited motion for leave to proceed with the adversary proceeding in Date's bankruptcy case. (Docket Entry No. 2 at 430–37; Docket Entry No. 101 (Civil Action No. 96-2489)). RSL asked that, if the district court found that the injunction still applied, the court impose some lesser sanction than dismissal with prejudice and allow the adversary proceeding to continue. (Docket Entry No. 101 (Civil Action No. 96-2489)).

- On August 17, 2017, Bankruptcy Court Judge Karen Brown dismissed RSL's adversary claim, with prejudice. (Docket Entry No. 68 (Adv. No. 15-3185)). Judge Brown found that the injunction remained in effect, that Feldman had violated the injunction at least three times before

4

violating it in Date's bankruptcy proceeding, and that Feldman knew or should have known of the injunction. (Docket Entry No. 25 at 11, 22 (Civil Action No. 17-3568); Docket Entry No. 2 at 317–25).

- On September 5, 2017, RSL moved Judge Brown to reconsider. (Docket Entry No. 71 (Adv. No. 15-3185)).

- On October 17, 2017, RSL filed, in the district court, an expedited motion for an oral hearing on its motion to proceed with the adversary proceeding. (Docket Entry No. 108 (Civil Action No. 96-2489)).

- On October 31, 2017, Bankruptcy Court Judge Karen Brown denied RSL's motion for reconsideration. (Docket Entry No. 74 (Adv. No. 15-3185)).

- In November 2017, RSL appealed Judge Brown's dismissal of the adversary proceeding and denial of reconsideration. (Docket Entry Nos. 77, 79 (Adv. No. 15-3185); Docket Entry No. 1 (Civil Action No. 17-3568)).

- On November 21, 2017, District Court Judge Melinda Harmon denied as moot RSL's expedited motion for a hearing on its motion for leave, because RSL was appealing Judge Brown's "orders denying its leave to proceed with the adversary proceeding." (Docket Entry No. 109 (Civil Action No. 96-2489)). RSL appealed Judge Harmon's order denying the motion for a hearing to the Fifth Circuit on December 18, 2017. (Docket Entry Nos. 110, 111 (Civil Action No. 96-2489)).

- On March 30, 2018, RSL moved Judge Harmon to clarify her November 21, 2017, order. (Docket Entry No. 113 (Civil Action No. 96-2489)).

- On April 12, 2018, Judge Harmon granted RSL's motion to clarify. Judge Harmon stayed her ruling on RSL's motion for leave to proceed with the adversary proceeding pending the resolution of RSL's bankruptcy appeal. (Docket Entry No. 114 (Civil Action No. 96-2489) (citing

5

Civil Action No. 17-3568)). RSL dismissed its Fifth Circuit appeal, without prejudice. (Docket Entry No. 116 (Civil Action No. 96-2489)).

- RSL's bankruptcy appeal proceeded in the district court as Civil Action No. 17-3568. RSL asserted that Judge Brown erred because (1) she did not find bad faith, (2) she did not consider a lesser sanction than dismissal without prejudice, (3) she did not provide an opportunity for the parties to be heard, and (4) Judge Greendyke's injunction was invalid. (Docket Entry No. 25 at 11–12 (Civil Action No. 17-3568)).

- On November 1, 2019, District Court Judge Andrew Hanen affirmed Judge Brown in all but one area. Judge Hanen rejected RSL's arguments except that Judge Brown erred by not considering a lesser sanction than dismissal with prejudice. (*Id*. at 22–23). Judge Hanen reasoned that enforcement of Judge Greendyke's injunction aimed to "put the parties back to where they should have been absent the violation." (*Id*. at 23). Because dismissal with prejudice might not be the only way to accomplish that goal, Judge Hanen reformed Judge Brown's order to be a dismissal without prejudice. (*Id*. at 23–24).

- On November 15, 2019, RSL moved Judge Hanen to amend his order as to alleged factual discrepancies and to reconsider his dismissal of the adversary proceeding. (Docket Entry No. 26 (Civil Action No. 17-3568)). RSL argued that, although the adversary proceeding was now dismissed without prejudice, RSL remained unable to proceed with its adversary claim because the statutory deadlines had expired, making the dismissal without prejudice functionally equivalent to dismissal with prejudice. RSL argued that this violated the intent of the injunction and asked Judge Hanen to set aside Judge Brown's dismissal and grant RSL's motion for leave that was pending in Civil Action No. 96-2489. (*Id.*; Docket Entry No. 2 at 678–82).

6

- On December 17, 2019, District Court Judge Andrew Hanen denied RSL's motion for reconsideration as to the factual discrepancies. As to the dismissal issue, Judge Hanen neither granted nor denied the motion. Instead, Judge Hanen remanded the case and referred Civil Action No. 96-2489 to the bankruptcy court, solely for consideration of RSL's motion for leave. (Docket Entry No. 28 (Civil Action No. 17-3568); Docket Entry No. 2 at 676–77). Judge Hanen remanded the motion to the bankruptcy court to determine "whether leave should be granted and what following steps, if any, need to be taken for this case to be concluded." (Docket Entry No. 2 at 677; Docket Entry No. 28 (Civil Action No. 17-3568); Docket Entry No. 93 (Adv. No. 15- 3185); Docket Entry No. 117 (Civil Action No. 96-2489)).

- Bankruptcy Court Judge Christopher M. López held an initial hearing on January 22, 2020, and an evidentiary hearing on February 18, 2020. (Docket Entry No. 107 at 3 (Adv. No. 15-3185)). In its brief, RSL argued that: (i) its failure to seek leave to file its adversary complaint "was – at worst – inadvertent," because Feldman believed that the injunction was not in effect; (ii) the district court order was a "death penalty sanction," because statutory limitations meant that dismissal without prejudice prevented RSL from pursuing its claims against Date; (iii) RSL's adversary complaint presented viable claims against Date; and (iv) if the bankruptcy court granted the motion for leave, it should vacate its earlier dismissal order and allow RSL to continue the adversary proceeding. (*Id*.).

- Less than three hours before the evidentiary hearing, RSL filed a "corrected brief," which included a footnote presenting a baseless argument that RSL was not bound by the injunction because it is an LLC and the injunction allegedly applied to only corporations and partnerships. (*Id*.).

- On February 26, 2020, Bankruptcy Court Judge Christopher M. López denied RSL's motion for leave. (Docket Entry No. 107 (Adv. No. 15-3185)). Judge López first rejected RSL's argument that it was not subject to the injunction because: (1) it did not raise the argument in its motion for leave, its bankruptcy appeal, or its motion for reconsideration, making it untimely and waived; and (2) the argument contradicted Judge Hanen's finding that the injunction applied to RSL. (Docket Entry No. 2 at 770–71). Next, Judge López rejected RSL's and Feldman's argument that their violation of the injunction was inadvertent, because Feldman had appealed the injunction unsuccessfully and failed to offer any reasonable explanation for his asserted belief that the injunction did not exist or no longer existed. (*Id*. at 772). Judge López rejected RSL's argument that dismissal without prejudice is a "death-penalty sanction," because (1) dismissal of the adversary proceeding "was not a sanction, but merely enforcement of the Injunction," and (2) Judge Hanen had held that dismissal without prejudice, in conjunction with a monetary sanction, was appropriate. (*Id*. at 773–74). Finally, Judge López "considered" RSL's argument that its complaint alleged viable causes of action, but held that "given the above – even considering all of RSL's arguments – does not justify granting the Motion for Leave." (*Id*. at 774). Judge López denied RSL's motion for leave and affirmed the dismissal of the adversary proceeding without prejudice. (*Id*.).

- On March 9, 2020, RSL filed this appeal. (Docket Entry Nos. 111, 112, 114 (Adv. No. 15-3185); Docket Entry No. 1). This court heard oral argument on the issues. Each issue is analyzed below.

Feldman has unsuccessfully challenged Judge Greendyke's injunction four times. Chief District Court Judge Norman Black twice affirmed the injunction. (Docket Entry Nos. 8, 11 (Civil Action No. 96-2473)). District Court Judge Andrew Hanen and Bankruptcy Court Judge Karen

Brown both concluded that the injunction remains effective and that Feldman has repeatedly violated it. Today, the court again addresses additional consequences of Feldman's conduct.

## II. The Scope and Standard of Review

### A. Scope

Because this is the second appeal in this case, prior factual findings and legal conclusions are final and nonreviewable. *See Bazemore*, 839 F.3d at 385 ("Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined . . . on remand or by the appellate court on a subsequent appeal." (internal quotation marks omitted)); *Astrue*, 570 F.3d at 655 n.4 (discussing the doctrine and its exceptions); *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (the law-of-the-case doctrine "discourages opportunistic litigants from appealing repeatedly in hopes of obtaining a more sympathetic panel of this court"). Although there are exceptions, RSL does not allege that any apply.[3] And this court's independent review shows no basis for reexamining or amending prior rulings in this case. The court's present review is of the bankruptcy court's denial of RSL's motion for leave to proceed with the adversary proceeding and dismissal of the adversary proceeding without prejudice.

### B. Standard

"When reviewing a bankruptcy court's decision . . . a district court functions as a[n] appellate court and applies the standard of review generally applied in federal court appeals." *In re Renaissance Hosp. Grand Prairie Inc.,* 713 F.3d 285, 293 (5th Cir. 2013) (internal quotation marks omitted). The court reviews de novo the bankruptcy court's conclusions of law and its

---

[3] RSL argues that this appeal is not the second in this case, because its motion for leave has not been previously appealed. (Docket Entry No. 14 at 11–13). But the law-of-the-case doctrine applies to applicable issues and findings raised on earlier appeals. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 605 (5th Cir. 2004) (because the Fifth Circuit "already affirmed [a] particular finding by the district court," it would "not revisit the matter"). This is the second appeal in Adv. No. 15-3185. (Docket Entry Nos. 79, 114 (Adv. No. 15-3185)).

resolution of mixed questions of law and fact but reviews its factual findings for clear error. *In re San Patricio Cty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009).

**III.    Analysis**

    **A.    Waiver**

RSL asserts that the bankruptcy court erred in finding that it waived the argument that RSL was not subject to the injunction Judge Greendyke had entered. RSL did not raise this argument in the adversary proceeding or on its first appeal. It raised the argument only in response to a postdismissal motion for contempt and, after remand, in a footnote in a brief filed hours before a hearing. (Docket Entry No. 2 at 486–87; Docket Entry No. 107 at 3 (Adv. No. 15-3185)). RSL waived the issue. *See Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003) ("Issues not raised on appeal are waived."); *Scher v. Deutsche Bank Trust Co.*, 634 F. App'x 435, 438–39 (5th Cir. 2015) ("issues not raised on appeal in the brief of the appellant may be considered waived").

Even if RSL had not waived the argument that the injunction did not apply to it, the argument fails. The argument is foreclosed by the courts' (plural) prior findings that RSL is subject to, and in violation of, the injunction. (Docket Entry No. 25 at 17, 23 (Civil Action No. 17-3568)). Those findings are well-founded, supported by ample evidence in the record, and no basis for reexamination is present.

    **B.    RSL's Motion for Leave**

This court reviews for abuse of discretion the bankruptcy court's decision enforcing a sanctions order. *Hill v. City of Austin Pub. Works*, 707 F. App'x 293 (5th Cir. 2017) (per curiam); *Gelabert v. Lynaugh*, 894 F.2d 746, 747–48 (5th Cir. 1990) (per curiam).

The bankruptcy court denied RSL's motion for leave to proceed with the adversary proceeding for three reasons: (1) RSL's failure to comply with the injunction was not inadvertent;

(2) dismissal without prejudice is not a sanction; and (3) even if RSL's adversary claim was viable, the record of its conduct amply supported dismissal. (Docket Entry No. 2 at 773–74). RSL argues that the bankruptcy court abused its discretion by not reviewing RSL's motion for frivolousness, as the Fifth Circuit did in *Stewart v. Thaler*, 375 F. App'x 426, 427 (5th Cir. 2010) (per curiam), and *Carr v. Capital One, N.A.*, 460 F. App'x 461, 467–68 (5th Cir. 2012) (per curiam). (Docket Entry No. 10 at 26–33; Docket Entry No. 14 at 24).

The bankruptcy court was not required to consider whether RSL's adversary claim was frivolous, because, unlike *Stewart* and *Carr*, the injunction here was not specifically or only based on a finding of frivolous litigation. *See Stewart*, 375 F. App'x at 427 (citing *Stewart v. City of Mesquite, Texas*, 149 F.3d 1178, No. 96-10931, 1998 WL 414239, at *1 (5th Cir. 1998) (per curiam) (because the litigant "fail[ed] to comply with a court order that he cease filing scandalous materials," the court barred him from filing pleadings or documents without advance permission and ordered that attempts "to file frivolous pleadings" would "result in further sanctions")); *Carr*, 460 F. App'x at 463 ("[A]s a sanction for filing frivolous pleadings and appeals," the court barred the litigant from filing pleadings or documents without advance permission.). Judge Greendyke's injunction was based on Feldman's bad faith in commencing bankruptcy proceedings and on his continuing and ongoing litigation conduct. (*See* Docket Entry No. 2 at 994; Docket Entry No. 68 at 9 (Adv. No. 15-3158) (the injunction aims "to curb Feldman's vexatious litigation tactics")). The possibility that the conduct might have also led to frivolous legal and factual arguments did not require a separate finding to that effect.

Feldman, and his entities, have a long history of being sanctioned for bad faith litigation tactics and baseless (another word for frivolous) arguments and positions. (*See, e.g.*, Docket Entry No. 72, *FinServ Cas. Corp. et al. v. Settlement Funding LLC et al.*, No. H-10-0264 (S.D. Tex. Oct.

11

28, 2014); Docket Entry No. 64, *Fidelity & Guar. Life Ins. Co. v. Harrod, et al.*, No. 1:05-cv-02732-CCB (D. Md. Sept. 27, 2007)). That history includes sanctions for violating court orders. *See, e.g., Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. H-05-3167, 2007 WL 1643211 (S.D. Tex. June 4, 2007) (violation of injunction); *CNA STRUCTURED SETTLEMENTS, INC. and Continental Assurance Company v. RAPID SETTLEMENTS, LTD. and Willie T. Lawrence*, No. 2006-7751, 2007 WL 2383601 (N.Y. Sup. Ct. June 25, 2007) (trial order) (violation of the court's oral decision and written order); (Docket Entry No. 72 at 8, *FinServ Cas.*, No. 4:10-cv-00264 ("The Feldman entities have offered no credible excuse for their failures to timely comply with the court's orders.")). Clearly, the cause of Judge Greendyke's concern two decades ago has not dissipated or lessened over time.

Bankruptcy Court Judge Christopher M. López appropriately reviewed RSL's motion for leave. Judge Greendyke's injunction was aimed at preventing Feldman's repeated abuse of the judicial process and resulting waste of judicial and party resources. The record is replete with examples of Feldman's bad faith in the way that he, and entities that he owns or controls, engage the courts and conduct litigation. Feldman, and related entities, have violated the injunction at least four times. *See Rapid Settlements, Ltd. v. Shcolnik* (Adv. No. 07-03124); *Feldman, et al. v. Watts* (Adv. No. 16-03129); *Capstone Assoc. Servs., Ltd. v. Genitempo* (Adv. No. 15-3270).

Feldman and RSL have repeatedly alleged that he believed the injunction entered years ago, with ample and good cause, had expired, making the violations inadvertent. In the bankruptcy court, Feldman testified that he would have moved for leave to proceed if he had thought that "there was a one-millionth of 1 percent chance" that the injunction remained in effect. (Docket Entry No. 119 at 122 (Adv. No. 15-3185)). The record belies Feldman's assertion that he believed, reasonably or otherwise, that the injunction was ineffective, expired, or invalid. Feldman had

appealed the injunction, without success, and sought rehearing of his appeal, without success. (Docket Entry No. 25 at 7 (Civil Action No. 17-3568) (citing Docket Entry Nos. 1, 8, 9, 11 (Civil Action No. 96-2473))). An injunction issued by a court of competent jurisdiction "must be obeyed until the injunction is vacated or withdrawn." *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983). RSL's failure to seek leave before filing Adv. No. 15-3185 was neither inadvertent nor a good faith mistake. Feldman, and RSL, appear to be acting in bad faith in not seeking relief from the injunction and then claiming that they did not believe it was necessary. The bankruptcy court did not err in denying the motion to leave.

### C. Dismissal Without Prejudice

The argument that the bankruptcy court erred in dismissing the adversary proceeding without prejudice is straightforward, but unpersuasive. Judge Hanen, in the prior appeal, held that dismissal with prejudice was improper because dismissal without prejudice would put the parties back in the position that they would have occupied had RSL not violated the injunction. (Docket Entry No. 25 at 22–23 (Civil Action No. 17-3568)). District Court Judge Andrew Hanen reformed the bankruptcy court's order only to make the dismissal without prejudice. (*Id*. at 23).

In moving for reconsideration, RSL argued that, because statutory filing deadlines had passed and RSL could not restart its adversary proceeding, dismissal without prejudice was functionally equivalent to dismissal with prejudice. (Docket Entry No. 26 (Civil Action No. 17-3568)). Judge Hanen remanded that motion, along with RSL's motion for leave, to the bankruptcy court. The bankruptcy court affirmed its dismissal without prejudice. RSL reasserts its argument: dismissal, with or without prejudice, leads to the same end, and that end does not put RSL back in the position that it would have occupied had it not violated the injunction.

RSL's argument is based on the false premise that, had it not violated Judge Greendyke's injunction, it would have been able to pursue its adversary claim against Date. That is not accurate. Had RSL not violated the injunction, it would have been entitled only to seek leave and, if successful, commence an adversary proceeding. RSL sought leave. It was denied, for good and ample reasons. As discussed above, the bankruptcy court did not err in denying leave. Dismissal of the action without prejudice was neither error nor contrary to this court's prior holding on appeal.

**IV.    Conclusion**

RSL's and Feldman's problems are of their own making. The opinion of the bankruptcy court is affirmed. This appeal is dismissed.

SIGNED on December 1, 2020, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge